



MEMO ENDORSED

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**ANDREW M. CUOMO**
ATTORNEY GENERAL

**LESLIE G. LEACH**
EXECUTIVE DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

**JUNE DUFFY**
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

**WRITER'S DIRECT DIAL (212) 416-8553**

August 13, 2010

**By Facsimile Transmission - (914) 390-4278**

Hon. Cathy Seibel
United States District Court Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Pre-motion conference to be held on September 7, 2010 @ 2:15 pm regarding County's and Individuals' proposed motions.

SO ORDERED:
Cathy Seibel
Cathy Seibel, U.S.D.J.
Dated: 8/17/10

Re: Alan Kachalsky, et al. v. , Susan Cacace, et al.
10 CV 5413 (CS)

Dear Judge Seibel:

This office represents individual defendants Susan Cacace and Jeffrey A. Cohen, both of whom are New York State court judges ("the State Defendants").[1] This letter is submitted pursuant to your Individual Practices 1 (A) (C) and 2 (A) to request a pre-motion conference for the State Defendants to file a motion to dismiss.

**BACKGROUND**

In this action two named individuals allege they applied for, and were denied, full handgun carry licenses pursuant to the New York Penal Code § 400 *et seq.* According to the Complaint, Plaintiff Kachalsky's application for a handgun carry license was denied by Judge Cacace on or about October 8, 2008. See, Complaint ¶ 21. He subsequently brought a special proceeding against Judge Cacace pursuant to Article 78 of the CPLR appealing this denial, which was dismissed by the Appellate Division, Second Department by decision dated September 8, 2009. See, Complaint ¶ 22, Kachalsky v. Cacace, 65 A.D. 3d 1045 (2d Dept. 2009). His appeal to the New York Court of Appeals was dismissed on February 16, 2010 as presenting no "substantial

[1] Defendant County of Westchester will be separately represented.

120 BROADWAY, NEW YORK N.Y. 10271-0332 • PHONE (212) 416-8610 • FAX (212) 416-6075 *NOT FOR SERVICE OF PAPERS
HTTP://WWW.AG.NY.US

constitutional question". See, Complaint ¶ 23, Kachalsky v. Cacace,14 N.Y. 3d 473 (2010). According to the Complaint, Plaintiff Nikolov's application for a handgun carry license was denied by Judge Cohen on or about October 9, 2009. See, Complaint ¶ 25. There is no indication that Plaintiff Nikolov appealed the denial of her application.

Plaintiff Second Amendment Foundation, Inc. ("SAF") describes itself as a non-profit membership organization incorporated under the laws of the State of Washington whose purpose includes "promoting the exercise of the right to keep and bear arms; education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control". SAF claims to bring "this action on behalf of itself and its members" but alleges no facts specific to itself, but rather appears to rely upon those factual allegations pertaining to the individual named plaintiffs. See, Complaint ¶ 3.

Plaintiffs assert two causes of action under 42 U.S.C. §1983: 1) the requirement of New York Penal Code §400.00 (2) (f) that handgun carry permit applicants demonstrate good cause for the issuance of a permit violates the 2d Amendment to the United States Constitution, facially and as applied against Kachalsky, Nikolov and SAF members (see Complaint¶ 29); and 2) that the requirement of New York Penal Code §400.00 (2) (f) that "handgun carry permit applicants demonstrate cause for the issuance of a permit violates Plaintiff's Fourteenth Amendment right to equal protection". See, Complaint ¶ 31. Plaintiffs seek an order enjoining defendants from enforcing N.Y. Penal Code §400.(2)(f) and commanding Defendants to issue individual Plaintiffs licenses to carry handguns. Prayer for Relief, ¶¶ 1, 2.

**STATE DEFENDANTS' MOTION TO DISMISS**

State Defendants seek leave to file a motion to dismiss the complaint. They expect the motion to include the following issues, but note that insofar as further research provides additional bases, these may also be addressed.

Plaintiffs assert that District of Columbia v. Heller, --U.S. – 128 S. Ct. 2783 (2008) (Applying 2d Amendment to District of Columbia), and McDonald v. City of Chicago, --U.S. --, 130 S. Ct. 3020 (2010) (Applying 2d Amendment to states), require invalidation of New York's "full carry" licensing provisions. However, Heller held only that the Second Amendment precludes a "prohibition on the possession of usable handguns in the home," Heller at 2787, "where the need for defense of self, family, and property is most acute." Id. at 2817. It cautioned that the Second Amendment does not confer "a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose," and specifically identified "prohibitions on carrying concealed weapons" — laws that long have been upheld "under the Second Amendment or state analogues" — as beyond the scope of its holding. Id. at 2816, 2851. McDonald did not enlarge on these findings, and neither case provides authority for voiding New York's "full carry" licensing laws.

This matter has yet to become a live case or controversy and is not ripe for judicial consideration. Motor Vehicle Manufacturers Association v. New York State Department of Environmental Conversation, 79 F.3d 1298, 1305 (2d Cir. 1996); Port Washington Teachers Association v. Board of Education, 2006 WL 47447 at *3 (E.D.N.Y. January 4, 2006). The individual Plaintiffs

allege that they applied for gun permits before the Supreme Court's McDonald decision of June 28, 2010, which held for the first time that a 2d Amendment right to possess handguns applies to the states. Thus consideration of their applications was not in the context of the law as it now exists. There is no indication that the statute at issue will not be applied consistent with the standards enunciated by the Supreme Court. The Court should not consider plaintiffs' claims prior to a record which assesses their applications in the context of McDonald. For similar reasons the individual plaintiffs and SAF lack standing to maintain this action. Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340(2d Cir.1998); Shain v. Ellison, 356 F.3d 211 (2d Cir.2004).

Comity, equity and federalism concerns mandate dismissal under abstention principles because those issues can be better addressed in state proceedings, e.g. Younger abstention, see, Kaufman v. Kaye, 466 F. 3d 85 (2d Cir. 2006), or Burford abstention, see, Liberty Mutual Ins. Co. v. Hurlbut, 585 F. 3d 639 (2d Cir. 2009).

Plaintiff Kachalsky's claims are barred by the Rooker-Feldman doctrine, which precludes federal courts from entertaining cases, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments". Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005);Lance v. Dennis, 126 S. Ct. 1198, 1201 (2006); Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). Plaintiffs' claims may also be barred by the doctrines of res judicata, see Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75 (1984); Allen v. McCurry, 449 U.S. 90 (1980);Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284 (2d Cir.), and collateral estoppel, see Kulak v. City of New York, 88 F. 3d 63 (2d Cir. 1996); Giakoumelos v. Coughlin, 88 F. 3d 56 (2d Cir. 1996).

Insofar as plaintiffs seek injunctive relief against State Defendants, state court judges, such relief is not available under §1983. "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." See Huminsky v. Corsones, 396 F.3d 53, 74 (2d Cir. 2006).

Plaintiffs' equal protection claim, Count II, is not factually developed, but makes no assertion any plaintiffs were treated differently than other similarly situated persons as a result of intentional discrimination, Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir.2005), or that plaintiffs have been treated differently than other similarly situated persons at all. See Village of Willowbrook v. Olech, 528 U.S. 562 (2000); Clubside, Inc. v. Valentin, 468 F.3d 144 (2d Cir.2006).

Thank you for your attention to this matter. All parties will receive a copy of this letter simultaneously by facsimile transmission.

Very truly yours,

Anthony J. Tomari
Assistant Attorney General

Copy:
Melissa-Jean Rotini, Esq.
Assistant County Attorney, Of Counsel
Westchester County Attorney's Office
Attorneys for Defendant County of Westchester
Michaelian Office Building
148 Martine Avenue, 6th Floor
White Plains, New York 10601
T: 914-995-3630
F: 914-995-3132

Vincent Gelardi
Gelardi & Randazzo
Attorneys For Plaintiffs
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
T: (914)-251-9603
F: 914-253-0909

Alan Gura, Esq.
Gura & Possessky, PLLC
Attorneys for Plaintiff
101 N. Columbus Street, Suite 405
Alexandria, Virginia 22314
T: (703) 835-9085
F: (703) 997-7665

STATE OF NEW YORK
**OFFICE OF THE ATTORNEY GENERAL**
**ANDREW M. CUOMO**

# FACSIMILE TRANSMISSION

**DATE:** August 13, 2010 **NUMBER OF PAGES:** 5 (INCLUDING THIS PAGE)

**TO:** Hon. Judge Seibel **FAX NO:** (914) 390-4278

Melissa-Jean Rotini, Esq. (914) 995-3132
Assistant County Attorney, Of Counsel
Westchester County Attorney's Office
Attorneys for Defendant County of Westchester

Vincent Gelardi (914) 253-0909
Gelardi & Randazzo
Attorneys For Plaintiffs

Alan Gura, Esq. (703) 997-7665
Gura & Possessky, PLLC
Attorneys for Plaintiff

**FROM:** Anthony Tomari, Assistant Attorney General

**ATTN: Pre-Motion Conference Letter**

***IF THERE IS A PROBLEM WITH THIS TRANSMISSION, PLEASE CONTACT***
**NAME: Anthony J. Tomari, Assistant Attorney General**
**PHONE NO.(212) 416-8553 FAX NO. (212-) 416-6075 E-Mail: Anthony.Tomari@oag.state.ny.us**

**CONFIDENTIAL**

The information contained in this facsimile is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this is strictly prohibited.

*IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,*
*PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE. THANK YOU.*
*120 BROADWAY, NEW YORK, NY 10271-0332*

OAG 007 (12/98)