

**Westchester**
**gov.com**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**Robert P. Astorino**
County Executive

Robert F. Meehan
County Attorney

*VIA HAND DELIVERY*                                                  August 16, 2010
Hon. Cathy Seibel
United States District Court Judge
The Hon. Charles L. Brieant, Jr. Federal
Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

               Re:    *Kachalsky, Nikolov, and Second Amendment Foundation*
                    *v. Cacace, Cohen, and County of Westchester*
                    Case No.: 10-cv-05413

Dear Judge Seibel:

      This office represents the County of Westchester (hereinafter "County" or "County Defendant"). Please accept this letter in compliance with Your Honor's Individual Rules of Practice, Sections 1(A)(C) and 2(A).

      The County's time to answer or move with respect to the Complaint was initially August 5, 2010, and was extended by stipulation until August 16, 2010. It is respectfully requested that the Court grant the County leave to file a Motion to Dismiss the Complaint in the above-referenced matter. In the event that Your Honor determines that a pre-motion conference is warranted prior to the County making its motion to dismiss, the County is available at your convenience.

      The Complaint in this matter does not appear to raise any claim against the County Defendant, and as such, the County seeks leave to move pursuant to the Federal Rule of Civil Procedure, Rule 12(b)(6).[1] The Complaint seeks judicial review of New York State Penal Law ("PL") §400.00(2)(f), and "[a]n order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing N.Y. Penal Code §400.00(2)(f)'s good cause requirement". Penal Law §400.00(2)(f) states in pertinent part that "[a] license for a pistol or revolver, other than an assault weapon or a disguised gun, shall be issued to... have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof..."

---

[1] Although a general outline of the points to be raised in the County's Motion to Dismiss is set forth herein, the County reserves the right to present any and all defenses to the Complaint.

Michaelian Office Building
148 Martine Avenue, 6th Floor
White Plains, New York 10601    Telephone: 914-995-2660    Fax: 914-995-3132*
                                             *Please be advised that service by facsimile is not accepted.


REUSE
RECYCLE

The allegations in the Complaint question the constitutionality of PL §400.00(2)(f) and of two pistol licensing decisions[2] made by Co-Defendants in light of the United States Supreme Court ruling in *McDonald v. Chicago*, 561 U.S. ____, U.S. Slip Op. October Term 2009, Case No.: 08-1521 (2010) ("*McDonald*"), which made the holding in the case of *District of Columbia v. Heller*, 554 U.S. ____, 128 S. Ct. 2783 (2008) ("*Heller*") applicable to the several states by incorporating the Second Amendment rights into the Due Process Clause of the Fourteenth Amendment.

The Plaintiffs erroneously assume that the County determines whether to issue a pistol permit, whereas such decisions are made by the pistol licensing officer. Pursuant to Penal Law §265.00(10), the pistol licensing officers for the geographic area of Westchester County are the "judges... of a court of record having his [or her] office in the county of issuance." The County does not grant or deny pistol licenses to applicants, such as Plaintiff Kachalsky or Plaintiff Nikolov.

The Complaint further states that: "Defendant Westchester County recommended the permit [application of Plaintiff Kachalsky] be denied." (Complaint ¶21). However, there is no allegation that the County made any decision under PL §400.00(2)(f) or violated the Second Amendment rights of the Plaintiff Kachalsky in any way. In fact, the Complaint states that "Defendant Cacace denied Kachalsky's permit application", not the County Defendant.[3] (Complaint ¶21).

The only other mention of the County Defendant in the Complaint is a statement that Defendant Cohen reviewed[4] the investigation of the County Defendant in determining Plaintiff Nikolov's license application. (Complaint ¶25). There are no allegations made against the County with respect to Plaintiff Nikolov. The Complaint as it pertains to Plaintiff Nikolov alleges nothing more than the fact that the licensing officer reviewed investigative materials provided by the County Defendant, as is required under the Penal Law, prior to making the determination on the application. *See* Penal Law §400.00(1).

No allegations of any nature whatsoever are made against the County Defendant with respect to Plaintiff Second Amendment Foundation, who claims to have brought suit based upon the alleged status of unnamed members of the organization who may or may not have suffered an actual injury.

The County Defendant, through County Police Officers employed in the Department of Public Safety, merely conducts the required investigations and transmits the information to the licensing officer with a recommendation based upon the findings. An investigation into the

---

[2] Co-Defendants' Decisions were made prior to the holding in *McDonald*.
[3] Plaintiff Kalachsky filed an unsuccessful Article 78 proceeding from Co-Defendant Cacace's Decision. The result of the Article 78 proceeding was also unsuccessfully appealed. *Kachalsky v. Cacace*, 14 N.Y. 3d 473 (2010).
[4] This portion of the Complaint mischaracterizes the Decision of Defendant Cohen with respect to Plaintiff Nikolov's license application. Plaintiffs use a partial quote from the Decision to suggest that the County's investigation is the sole reason for the Judge's Decision. (Complaint ¶25). Defendant Cohen's Decision evidences this mischaracterization and the fact that Defendant Cohen's Decision was based upon the thoughtful consideration of all information presented to the Court, including the application of Plaintiff Nikolov.

statements made on the application and into the background of the applicant, including a criminal records search, is required in connection with a pistol licensing application. *See* Penal Law §400.00. Further, the licensing officer is required to review such investigation pursuant to Penal Law §400.00(1).

Insofar as the allegations in the Complaint are meant to implicate the County through the Co-Defendants, it is noted that although the Co-Defendants are pistol licensing officers for the geographic area of Westchester County pursuant to Penal Law §265.00(10), they are neither employed by nor under the control of the County Defendant; rather they are employees of the State of New York, which has not been separately named in this case. Additionally, the County intends to adopt and join in the arguments of the Attorney General's Office, set forth in the pre-motion letter separately submitted on or about August 13, 2010.

"Having failed to allege, as they must, that the[] defendant[] w[as] directly and personally responsible for the purported unlawful conduct, their complaint is 'fatally defective' on its face. *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 -887 (C.A.2 (N.Y. 1987), *quoting Black v. United States*, 534 F.2d 524, 527-28 (2d Cir. 1976); *accord Owens v. Coughlin*, 561 F.Supp. 426, 428 (S.D.N.Y. 1983). "It is well established that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" *Wise v. Battistoni*, 1992 WL 380914, 2 (S.D.N.Y.,1992), *quoting Morabito v. Blum*, 528 F.Supp. 252, 262 (S.D.N.Y. 1981); *see also Gutierrez v. Vergari*, 499 F.Supp. 1040, 1052 (S.D.N.Y. 1980); and *Child v. Beame*, 417 F.Supp. 1023, 1025 (S.D.N.Y. 1976).

There is no cognizable Federal claim pled against the County Defendant. Therefore, the County respectfully requests that the Court grant leave to file a Motion to Dismiss. If you have any questions or require additional information, please do not hesitate to have your staff contact me at 914-995-3630. Thank you.

Respectfully Submitted,

Melissa-Jean Rotini (MR4948)
Assistant County Attorney, Of Counsel

cc: *Via Hand Delivery*
Hon. George A. Yanthis
Chief U.S. Magistrate Judge
300 Quarropas Street
White Plains, NY 10601

*Via Facsimile Overnight Mail*
Anthony J. Tomari, Esq.
Office of the Attorney General
120 Broadway, 24th Floor
New York, NY 10271

*Via Facsimile Overnight Mail*
Vincent Gelardi, Esq.
Gelardi & Randazzo, LLP
800 Westchester Avenue, Suite S-608
Rye Brook, NY 10573

*Via Facsimile Overnight Mail*
Alan Gura, Esq.
Gura & Possessky, PLLC
1010 North Columbus Street, Suite 405
Alexandria, VA 22314