IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | | |
|---|---|---|
| ALAN KACHALSKY, CHRISTINA NIKOLOV, ERIC DETMER, JOHNNIE NANCE, ANNA MARCUCCI-NANCE, and SECOND AMENDMENT FOUNDATION, INC., | : : : : : | Case No. 10-CV-05413-CS<br><br>**FIRST AMENDED COMPLAINT** |
| Plaintiffs, | : : | |
| v. | : : | |
| SUSAN CACACE, JEFFREY A. COHEN, ALBERT LORENZO, ROBERT K. HOLDMAN, and COUNTY OF WESTCHESTER, | : : : : | |
| Defendants. | : : | |

-----------------------------------------------------------------------X

## COMPLAINT

**COME NOW** the Plaintiffs, Alan Kachalsky, Christina Nikolov, Eric Detmer, Johnnie Nance, Anna Marcucci-Nance, and Second Amendment Foundation, Inc., by and through undersigned counsel, and complain of the defendants as follows:

THE PARTIES

1. Plaintiff Alan Kachalsky is a natural person and a citizen of the United States and of the State of New York. Kachalsky resides in Westchester County.

2. Plaintiff Christina Nikolov is a natural person and a citizen of the United States and of the State of New York. Nikolov resides in Westchester County.

3. Plaintiff Eric Detmer is a natural person and a citizen of the United States and of the State of New York. Detmer resides in Westchester County.

4.	Plaintiff Johnnie Nance is a natural person and a citizen of the United States and of the State of New York. Nance resides in Westchester County.

5.	Plaintiff Anna Marcucci-Nance is a natural person and a citizen of the United States and of the State of New York. Marcucci-Nance resides in Westchester County.

6.	Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including Westchester County, New York. The purposes of SAF include promoting the exercise of the right to keep and bear arms; and education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

7.	Defendant Susan Cacace was at all relevant times a handgun carry permit licensing officer for defendant Westchester County. Defendant Cacace is responsible for executing and administering the laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against plaintiff Kachalsky and plaintiff SAF's membership, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs' interests. Defendant Cacace is sued in her capacity as licensing officer.

8	Defendant Jeffrey A. Cohen was at all relevant times a handgun carry permit licensing officer for defendant Westchester County. Defendant Cohen is responsible for executing and administering the laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against plaintiff Nikolov and plaintiff SAF's

membership, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs' interests. Defendant Cohen is sued in his capacity as licensing officer.

9.  Defendant Albert Lorenzo was at all relevant times a handgun carry permit licensing officer for defendant Westchester County. Defendant Lorenzo is responsible for executing and administering the laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against plaintiff Detmer and plaintiff SAF's membership, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs' interests. Defendant Lorenzo is sued in his capacity as licensing officer.

10. Defendant Robert K. Holdman was at all relevant times a handgun carry permit licensing officer for defendant Westchester County. Defendant Holdman is responsible for executing and administering the laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against plaintiffs Nance and Marcucci-Nance and plaintiff SAF's membership, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs' interests. Defendant Holdman is sued in his capacity as licensing officer.

11. Defendant County of Westchester is a governmental entity organized under the Constitution and laws of the State of New York, possessing legal personhood within the meaning of 42 U.S.C. § 1983. The County, by and through its Department of Public Safety, Pistol Licensing Unit, is responsible for executing and administering the laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against the individual plaintiffs and plaintiff SAF's membership, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs' interests.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

13. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

14. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

15. The Second Amendment guarantees individuals a fundamental right to carry functional handguns in non-sensitive public places for purposes of self-defense.

16. The States and their units of local government are bound to respect Second Amendment rights by operation of the Fourteenth Amendment.

17. The States retain the ability to regulate the manner of carrying handguns, prohibit the carrying of handguns in specific, narrowly defined sensitive places, prohibit the carrying of arms that are not within the scope of Second Amendment protection, and disqualify specific, particularly dangerous individuals from carrying handguns.

18. The States may not completely ban the carrying of handguns for self-defense, deny individuals the right to carry handguns in non-sensitive places, deprive individuals of the right to carry handguns in an arbitrary and capricious manner, or impose regulations on the right to carry handguns that are inconsistent with the Second Amendment.

19. New York Penal Code § 265.01(1) prohibits the possession of firearms. A violation of this provision constitutes "Criminal Possession of a Firearm in the Fourth Degree," a class A misdemeanor.

20. New York Penal Code § 265.03(3) provides that possession of a loaded firearm outside one's home or place of business constitutes "Criminal Possession of a Firearm in the Second Degree," a class C felony.

21. The prohibitions of sections 265.01(1) and 265.03(3) do not apply to the "[p]ossession of a pistol or revolver by a person to whom a license therefor has been issued as provided under section 400.00 or 400.01." New York Penal Code § 265.20.

22. For most civilians who are not otherwise barred from possessing and carrying weapons, the only permit to carry handguns in public for self-defense is a permit "to have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof," pursuant to New York Penal Code § 400.00(2)(f).

23. Plaintiffs Alan Kachalsky, Christina Nikolov, Eric Detmer, Johnnie Nance, Anna Marcucci-Nance, and the members and supporters of plaintiff SAF, would carry functional handguns in public for self-defense, but refrain from doing so because they fear arrest, prosecution, fine, and imprisonment for lack of a license to carry a handgun.

24. Plaintiffs Alan Kachalsky, Christina Nikolov, Eric Detmer, Johnnie Nance, and Anna Marcucci-Nance, are fully qualified to obtain a license to carry a handgun under New York Penal Code § 400.00(1), in that each (a) is over 21 years old, (b) of good moral character, (c) has never been convicted of a felony or serious crime, (d) has never been mentally ill or confined to any institution, (e) has not had a license revoked or been the subject of a family court order, (f)

with exception of Plaintiff Detmer, who is qualified under subdivision 400.00.1(i), has completed a firearms safety course, and (g) should not be denied a permit for any good cause.

25. Defendants maintain a strict policy of denying handgun carry license applications where the applicants cannot affirmatively demonstrate a unique and personal need for self-defense distinguishable from that of the general public. Plaintiffs Kachalsky, Nikolov, Detmer, Nance, Marcucci-Nance, and the members and supporters of plaintiff SAF, cannot meet this standard as it is applied by the defendants.

26. Plaintiff Alan Kachalsky applied for a handgun carry license pursuant to New York Penal Code § 400.00. Defendant Westchester County recommended that the permit be denied. On or about October 8, 2008, Defendant Cacace denied Kachalsky's permit application, offering that Kachalsky "has not stated any facts which would demonstrate a need for self protection distinguishable from that of the general public." Accordingly, Defendant Cacace found Kachalsky did not satisfy the requirement of New York Penal Code § 400.00(2)(f) that "proper cause" be shown for issuance of the permit.

27. Plaintiff Kachalsky appealed the permit denial to the Appellate Division of the Supreme Court of the State of New York, pursuant to Article 78 of the New York Code of Civil Practice Law and Rules. On September 8, 2009, the Appellate Division held that Defendant Cacace's "determination was not arbitrary or capricious and should not be disturbed."

28. On February 16, 2010, the New York Court of Appeals dismissed Kachalsky's appeal on the grounds that it presented no substantial constitutional question. At the time of this decision, it was not a holding of any federal appellate circuit that the States were bound to respect Second Amendment rights. The Court of Appeals for the Second Circuit had held that the Second

Amendment did not apply to the States. On June 28, 2010, the Supreme Court held that the Fourteenth Amendment does incorporate and apply the Second Amendment against the States.

29.     Plaintiff Kachalsky would apply again for a handgun carry license, but refrains from doing so because any such application would be a futile act. He cannot satisfy the good cause standard, which has already been applied to him.

30.     Plaintiff Christina Nikolov applied for a handgun carry license pursuant to New York Penal Code § 400.00. On or about October 1, 2009, Defendant Cohen denied Nikolov's permit application, offering that "conspicuously absent" from Defendant County's background investigation report of Plaintiff Nikolov "is the report of any type of threat to her own safety anywhere." Defendant Cohen continued: "[I]t cannot be said that the applicant has demonstrated that she has a special need for self-protection distinguishable from that of the general public; therefore, her application for a firearm license for a full carry permit must be denied." Accordingly, Defendant Cohen found Nikolov did not satisfy the requirement of New York Penal Code § 400.00(2)(f) that "proper cause" be shown for issuance of the permit.

31.     Plaintiff Detmer serves in the United States Coast Guard, for one weekend each month and two full weeks each year. Since 2004, Detmer has been a qualified Boarding Team Member. Although lacking authority to arrest, Detmer carries a .40 caliber handgun while on duty with the Coast Guard, which he surrenders each time upon leaving duty. Detmer qualifies semi-annually with his handgun, regularly taking a non-firing judgmental pistol course, a firing tactical pistol course, and use-of-force training.

32.     Detmer is licensed to have a private handgun for the limited purpose of target shooting. Pursuant to New York Penal Code § 400.00, Detmer applied to amend his license for

the purpose of "full carry," so that he could carry his gun while off-duty. On or about September 3, 2010, Defendant Westchester County recommended that the application be disapproved, as Detmer's need to enforce laws while off-duty was "speculative," and Detmer "has not substantiated that he faces danger during non employment hours that would necessitate the issuance of a full carry firearm license" and "has not demonstrated an exceptional need for self protection distinguishable from that of the general public."

33.     On or about September 27, 2010, Defendant Lorenzo denied Detmer's application, stating, "At this time, I see no justification for a full carry permit."

34.     Plaintiff Nance is licensed to have a private handgun for the limited purpose of target shooting. Pursuant to New York Penal Code § 400.00, Nance applied to amend his license for the purpose of "full carry" for self-defense, in part as Nance is a shooting instructor and regularly transports firearms. On or about August 11, 2010, Defendant Westchester County recommended that the application be disapproved, as "No safety related concerns have been cited by the applicant," and Nance "has not demonstrated an exceptional need for self protection distinguishable from that of the general public."

35.     On or about September 9, 2010, Defendant Holdman denied Nance's application for a carry permit. Holdman cited Defendant County's recommendation for denial, and its finding that Nance had not demonstrated any exceptional need for the permit. Holdman further stated, "The applicant has not provided the court with any information that he faces any danger of any kind that would necessitate the issuance of a full carry firearm license; or has not demonstrated a need for self protection distinguishable from that of the general public or of other persons similarly situated." Citing the denial of Plaintiff Kachalsky's application, Defendant Holdman

found Nance did not demonstrate "proper cause" within the meaning of the governing provision. Holdman continued: "In sum, the applicant has not shown sufficient circumstances to distinguish his need from those of countless others, nor has he demonstrated a specific need for self protection distinguishable from that of the general community or of persons engaged in the same business or profession."

36. Plaintiff Marcucci-Nance is licensed to have a private handgun for the limited purpose of target shooting. Pursuant to New York Penal Code § 400.00, Marcucci-Nance applied to amend her license for the purpose of "full carry" for self-defense, in part as Marcucci-Nance is a shooting instructor and regularly transports firearms. On or about August 11, 2010, Defendant Westchester County recommended that the application be disapproved, as "No safety related concerns have been cited by the applicant," and Marcucci-Nance "has not demonstrated an exceptional need for self protection distinguishable from that of the general public."

37. On or about September 9, 2010, Defendant Holdman denied Marcucci-Nance's application for a carry permit. Holdman cited Defendant County's recommendation for denial, and its finding that Marcucci-Nance had not demonstrated any exceptional need for the permit. Holdman further stated, "The applicant has not provided the court with any information that he faces any danger of any kind that would necessitate the issuance of a full carry firearm license; or has not demonstrated a need for self protection distinguishable from that of the general public or of other persons similarly situated." Citing the denial of Plaintiff Kachalsky's application, Defendant Holdman found Marcucci-Nance did not demonstrate "proper cause" within the meaning of the governing provision. Holdman continued: "In sum, the applicant has not shown sufficient circumstances to distinguish her need from those of countless others, nor has she

9

demonstrated a specific need for self protection distinguishable from that of the general community or of persons engaged in the same business or profession."

COUNT I
U.S. CONST., AMEND. II, 42 U.S.C. § 1983
AGAINST ALL DEFENDANTS

38.     Paragraphs 1 through 37 are incorporated as though fully stated herein.

39.     Individuals cannot be required to prove their "good cause" for the exercise of fundamental constitutional rights, including the right to keep and bear arms.

40.     Individuals cannot be required to demonstrate any unique, heightened need for self-defense apart from the general public in order to exercise the right to keep and bear arms.

41.     New York Penal Code § 400.00(2)(f)'s requirement that handgun carry permit applicants demonstrate good cause for the issuance of a permit, violates the Second Amendment to the United States Constitution, facially and as applied against Kachalsky, Nikolov, Detmer, Nance, Marcucci-Nance, and SAF's members and supporters, damaging them in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to permanent injunctive relief against the enforcement of this provision.

COUNT II
U.S. CONST., AMEND. XIV, EQUAL PROTECTION, 42 U.S.C. § 1983
AGAINST ALL DEFENDANTS

42.     Paragraphs 1 through 41 are incorporated as though fully stated herein.

43     New York Penal Code § 400.00(2)(f)'s requirement that handgun carry permit applicants demonstrate cause for the issuance of a permit classifies individuals, including plaintiffs, on the basis of irrelevant, arbitrary, and speculative criteria in the exercise of a fundamental right. Accordingly, the provision violates Plaintiffs' Fourteenth Amendment right to

equal protection of the law, damaging them in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to permanent injunctive relief against the enforcement of this provision.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1. An order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing N.Y. Penal Code § 400.00(2)(f)'s good cause requirement;

2. An order commanding Defendants to issue Plaintiffs Kachalsky, Nikolov, Detmer, Nance, and Marcucci-Nance  permits to carry a handgun;

3. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988;

4. Declaratory relief consistent with the injunction; and

5. Any other further relief as the Court deems just and appropriate.

Dated: November 4, 2010                              Respectfully submitted,

| | |
|---|---|
| Alan Gura* | Vincent Gelardi |
| Gura & Possessky, PLLC | Gelardi & Randazzo |
| 101 N. Columbus Street, Suite 405 | 800 Westchester Avenue, Suite S-608 |
| Alexandria, VA 22314 | Rye Brook, NY 10573 |
| 703.835.9085/Fax 703.997.7665 | 914.251.0603/Fax 914.253.0909 |
| Lead Counsel | Local Counsel |
| *Admitted Pro Hac Vice | |

By:  /s/ Alan Gura
     Alan Gura

     Attorneys for Plaintiffs