UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

ALAN KACHALSKY, CHRISTINA NIKOLOV, and SECOND AMENDMENT FOUNDATION, INC.,

           Plaintiffs,

v.

SUSAN CACACE, JEFFREY A. COHEN, and COUNTY OF WESTCHESTER,

           Defendants.

**CASE NO: 10-CV-05413 CS**

### Application of *Amicus Curiae* Brady Center to Prevent Gun Violence to File an Amended Amicus Brief in Support of Defendants' Motion to Dismiss

      Through undersigned counsel, the Brady Center to Prevent Gun Violence applies to the Court to file an amended brief as *amicus curiae* in this case for the facts and reasons stated below. The proposed brief is slightly amended from that appended to the previously-filed Application, and is attached hereto as Exhibit A for the convenience of the Court and counsel. The Attorney General of the State of New York consents to the filing of this brief. While Plaintiffs have filed a Response to Motion to File Amicus Brief stating that they had consented to the filing of the brief after Defendants stated they "would extend reciprocal consent," it is Amicus's understanding that Plaintiffs are incorrect, and that in fact Defendants did not "extend reciprocal consent." The County of Westchester does not take any position on the filing of this brief. The Brady Center is serving copies of this application and its exhibit on all counsel today and will file in accordance with the bundling rule in effect in this case.

      The Brady Center to Prevent Gun Violence is the nation's largest non-partisan, non-profit

organization dedicated to reducing gun violence through education, research, and legal advocacy. Through its Legal Action Project, the Brady Center has filed numerous briefs *amicus curiae* in cases involving both state and federal gun laws.

District courts have "broad discretion" to grant third parties leave to file briefs as *amici curiae*. *City of New York v. U.S.*, 971 F. Supp. 789, 791 n. 3 (S.D.N.Y. 1997). Here, *amicus* brings a broad and deep perspective to the issues raised by this case and has a compelling interest in the federal courts' interpretation of Second Amendment issues. *Amicus* thus respectfully submits the attached brief to assist the Court with the constitutional issues in this case, including important matters of first impression under the Second Amendment.

The proposed brief provides an overview of recent and longstanding Supreme Court Second Amendment jurisprudence, discusses the policy implications of recognizing a right to carry firearms in public, and addresses an open question that has resulted from this jurisprudence—namely, what the appropriate standard of review for Second Amendment claims should be and how lower courts have answered that question thus far. The brief also discusses the emerging trend in lower courts towards using a two-pronged approach to Second Amendment claims that asks (1) whether the law or regulation at issue implicates protected Second Amendment activity, and if so, (2) whether it passes the appropriate standard of review. The brief then applies this two-pronged approach to the Second Amendment issues in the case at hand, employing case law, sociological data, and legal commentary to place New York Penal Code § 400.00(2)(f) in the larger context of Second Amendment issues. The brief concludes that (1) this law does not implicate protected Second Amendment activity because the Supreme Court has only recognized a Second Amendment right to possess and carry guns in the home, and (2) that even if it did implicate protected Second Amendment activity, it would survive the appropriate level of review – the reasonable regulation test that over forty states have adopted –

because it is a valid exercise of the state's police powers to enact legislation designed to protect public safety. *Amicus*, therefore, respectfully submits the attached brief to assist the Court in deciding the complex and significant issues raised in this matter.

## CONCLUSION

For the foregoing reasons, *amicus curiae* the Brady Center to Prevent Gun Violence respectfully requests that the Court grant leave to file the attached *amicus* brief.

Dated: November 22, 2010

Respectfully submitted,

/s/
Kevin T. Baumann
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3081
Facsimile: (212) 918-3100
E-Mail: kevin.baumann@hoganlovells.com

Adam K. Levin
Tracy L. Hresko
Hogan Lovells US LLP
555 13th Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
E-Mail: adam.levin@hoganlovells.com

Jonathan E. Lowy
Daniel R. Vice
Brady Center to Prevent Gun Violence
Legal Action Project
1225 Eye Street, NW, Suite 1100
Washington, DC 20005
E-Mail: jlowy@bradymail.org

Attorneys for *Amicus Curiae* Brady Center to Prevent Gun Violence