UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ALAN KACHALSKY, CHRISTINA NIKOLOV, ERIC
DETMER, JOHNNIE NANCE, ANNA MARCUCCI-
NANCE, and SECOND AMENDMENT
FOUNDATION, INC.,

                                Plaintiffs,

-against-

SUSAN CACACE, JEFFREY A. COHEN, ALBERT
LORENZO, ROBERT K. HOLDMAN, and COUNTY
OF WESTCHESTER,

                                Defendants.
-------------------------------------------------------------------x

**DECLARATION OF
MELISSA-JEAN ROTINI IN
SUPPORT OF MOTION TO
DISMISS AMENDED
COMPLAINT**

Case No.: 10 CV 05413 (CS)

ECF Case

Melissa-Jean Rotini, pursuant to 28 U.S.C. §1746, declares:

1.      I am an Assistant County Attorney in the Office of Robert F. Meehan, Westchester
County Attorney, attorney for Defendant County of Westchester (hereinafter referred
to as "County") in the above-captioned matter.

2.      I submit this Declaration in support of the County's Motion to Dismiss pursuant to
Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), as more
specifically set forth in the accompanying Memorandum of Law.

3.      Annexed hereto are the following Exhibits:

      Exhibit A      Decision of Co-Defendant Judge Cacace with respect to the Pistol
                       Permit License Application of Plaintiff Kachalsky, filed and entered
                       October 8, 2008.

      Exhibit B      Decision of Co-Defendant Judge Cohen with respect to the Pistol
                       Permit License Application of Plaintiff Nikolov, filed and entered
                       October 2, 2008.

      Exhibit C      Decision of Co-Defendant Judge Lorenzo with respect to the Pistol
                       Permit License Application of Plaintiff Detmer, dated September 27,
                       2010.

      Exhibit D      Decision of Co-Defendant Judge Holdman with respect to the Pistol
                       Permit License Application of Plaintiff Nance, filed and entered
                       September 10, 2010.

Exhibit E       Decision of Co-Defendant Judge Holdman with respect to the Pistol Permit License Application of Plaintiff Marcucci-Nance, filed and entered September 10, 2010.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  White Plains, New York
       November 9, 2010

 

_____
Melissa-Jean Rotini (MR-4948)
Assistant County Attorney, of Counsel

# EXHIBIT A:
# Decision of Judge Cacace (Kachalsky)

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
————————————————————————X

In the Matter of the Application of

Alan N. Kachalsky,

for a pistol permit pursuant to
Penal Law Section 400.00

————————————————————————X

```
┌─────────────────────────┐
│        FILED            │
│     AND ENTERED         │
│                         │
│  ON  10/8    2008       │
│                         │
│     WESTCHESTER         │
│    COUNTY CLERK         │
└─────────────────────────┘
```

DECISION & ORDER

Index No.: 3/2008

CACACE, J.

This Court, in its capacity as handgun licensing officer for the County of Westchester (see Penal Law §265.00(10)) has been presented with the application of Alan N. Kachalsky, 47C Peck Avenue, Rye, New York, for an unrestricted full carry pistol permit. In accordance with the statutory mandate (see Penal Law §400.00 (4)), the Westchester County Department of Public Safety has conducted an investigation of the applicant's background.

In order for the issuance of a license to "have and carry concealed without regard to employment or place of possession by any person," the Court must find "proper cause exists for the issuance thereof." Penal Law §400.00(2)(f).

The Court, in exercising its broad discretion, finds "good cause" for denial of the subject application. Matter of Charles I. Anderson v. Joseph A. Mogavero, Jr. as County Court Judge of Ostego County, 116 AD2d 885.

In support of his request for an unrestricted permit, the applicant has stated that his belief is that the Second Amendment of the United States Constitution entitles him to an unrestricted permit without further establishing "proper cause." He goes on to cite the fact that we live in a world where "sporadic random violence might at any moment place one

in a position where one needs to defend oneself or possibly others.

He has not stated any facts which would demonstrate a need for self protection distinguishable from that of the general public. The Westchester County Department of Public Safety has forwarded a recommendation that his application be denied.

The Court does not find that the applicant has submitted a persuasive argument justifying the issuance of a "full carry" license.

The State has a substantial and legitimate interest and a grave responsibility for ensuring the safety of the general public. Licensing officers are vested with broad discretion in determining applications for an unrestricted pistol license, and are required to exercise their judgement on the basis of a total evaluation of relevant factors. See Fulco v. McGuire, 81 AD2d 509.

Based upon all the facts and circumstances of this application, it is my opinion that proper cause does not exist for the issuance of an unrestricted "full carry" pistol license to be issued to Alan N. Kachalsky. Accordingly, the application for an unrestricted, full carry pistol permit by Alan N. Kachalsky is denied.

The foregoing constitutes the decision and order of this Court.

Dated: White Plains, New York
       October 8 , 2008

HON. SUSAN CACACE
County Court Judge

2

# EXHIBIT B:
# Decision of Judge Cohen (Nikolov)

COUNTY COURT: WESTCHESTER COUNTY
STATE OF NEW YORK
----------------------------------------------------------------X

In the Matter of the Application of

**CHRISTINA M. NIKOLOV**

for a Pistol Certification Pursuant to Penal Law § 400.00

----------------------------------------------------------------X

JEFFREY A. COHEN, J.:

```
┌─────────────────────┐
│       FILED         │
│        AND          │
│      ENTERED        │
│  ON Oct. 2 , 2008   │
└─────────────────────┘
```

**DECISION & ORDER**

The applicant, Chritina M. Nikolov, seeks a New York State full carry pistol license. This court, in its capacity as handgun licensing officer for the County of Westchester, *see* Penal Law § 265.00(10), has been presented with the application, which includes, in accordance with Penal Law § 400.00(4), the results of the investigation that the Westchester County Department of Public Safety conducted concerning Ms. Nikolov's background.

The application and investigation reveal, in pertinent part, that the applicant currently possesses a concealed weapon permit with full carry privileges in the State of Florida and that she is a transgender female and that as such according to the National Coalition of Anti-Violence Programs she is far more likely to be a victim of violent crime than a genetic female. In addition the applicant states that "[t]hese hate crimes are increasing locally as well as nationwide" and she appended a list of hundreds of crimes against people in similar circumstances from around the world. *See* attachment to Form WCPD-126H. Conspicuously absent, however, is the report of any type of threat to her own safety anywhere.

Under these circumstances, and notwithstanding her accomplishments and

unblemished record, it cannot be said that the applicant has demonstrated that she has a special need for self-protection distinguishable from that of the general public; therefore, her application for a firearm license for a full carry permit must be denied. *See, e.g., In re Application of Ferrara v Safir*, 282 AD2d 383 (1st Dept 2001)(denial of license proper as petitioner failed to show that his position as the chief executive officer of a body-guard business for movie stars places him in extraordinary personal danger, or other special need for self-protection distinguishable from that of the general community); *In re Application of Kaplan v Bratton*,  249 AD2d 199 (1st Dept 1998)(denial of license upheld as petitioner's general allegations about her work hours and location were insufficient to show an extraordinary threat to her safety); *In the Matter of Bastiani*, 23 Misc3d 235 (Co. Ct Rockland Co. 2008)(applicant for a full carry pistol permit did not demonstrate a special need for self-protection distinguishable from that of the general community, even though on two occasions she assertedly feared for her personal safety in public places.)

The foregoing opinion shall constitute the decision and order of the court.

Enter.

Dated: Oct. 1, 2009
       White Plains, NY

_____
County Court Judge
HON. JEFFREY A. COHEN

TO:    Christina M. Nikolov
       10 Franklin Avenue
       White Plains, NY 10601

2

# EXHIBIT C:
# Decision of Judge Lorenzo (Detmer)



SUPREME COURT OF THE STATE OF NEW YORK

RICHARD J. DARONCO
WESTCHESTER COUNTY COURTHOUSE
111 DR. MARTIN LUTHER KING, JR, BOULEVARD
WHITE PLAINS, NEW YORK 10601
(914) 824-5403
FAX: (914) 995-8651

CHAMBERS OF
ALBERT LORENZO
JUSTICE

September 27, 2010

Mr. Eric R. Detmer
321 Fenimore Road
Mamaroneck, New York  10543

Dear Mr. Detmer:

Please be advised that I am in receipt of your application to amend
your pistol permit from target shooting to full carry.  At this time, I see no
justification for a full carry permit.  Accordingly, I have disapproved  your
application.

Very truly yours,

Albert Lorenzo
Acting Supreme Court Justice

AL:lg

# EXHIBIT D:
# Decision of Judge Holdman (Nance)

05-266

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X

In the Matter of the Application of                               DECISION

Johnnie Nance,

                    Petitioner,

For an amendment to his New York State Pistol Permit.

-----------------------------------------------------------------X

FILED
AND
ENTERED:
ON  9/10  20 10
WESTCHESTER
COUNTY CLERK

Robert K. Holdman, J.


        The following papers were read upon Petitioner's application in the above

captioned proceeding:

        Johnnie Nance's Application                           1

        Department of Public Safety Report and Attachments         2

        The applicant, Johnnie Nance, has submitted an application to Westchester

County to amend his New York State Pistol License (#104518) to delete target shooting

and to add full carry.    The applicant also seeks the addition of one firearm and the

deletion of one firearm to his license.  The petitioner currently has a restricted license to

carry for sport target shooting issued in the County of Westchester on April 30, 2009.

The petitioner requested an amendment for a fully carry to this license because of his

desire to use his NRA Instructor Safety Certifications to promote safe gun handling at

various locations.

1

The issuance of a pistol permit for self protection has recently been held by the United States Supreme Court  to be a right protected by the Second Amendment of the United States Constitution:

> There seems to us no doubt, on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms. District of Columbia v. Heller,  554 U.S. _____ (2008); Slip op @ page 22.

However, in so holding the Supreme Court also recognized that the Second Amendment should not be "read...to protect the right of citizens to carry arms for any sort of confrontation." (Id).  The individual right to bear arms is limited:

> Like most rights, the right secured by the Second Amendment is not unlimited.  From Blackstone through the 19th Century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. [citations omitted].  For example, the majority of 19th Century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Slip. Op. Supra at 54.

Putting aside the question of whether the Second Amendment "individual" right to bear arms is in fact extended to the states as a fundamental right, an issue not addressed by the Supreme Court, it is clear that even if that be the case, a regulatory scheme would not run afoul of the Courts' holding. Id, pages 53-56 and footnote 26 (where the court set forth several examples of reasonable restrictions on the right to keep and carry a weapon).   In striking down the District of Columbia statute as "a ban on handgun possession in the home" and thereby  violative of the Second Amendment, the Supreme Court went on to hold:

2

> The Constitution leaves the District of Columbia a variety of
> tools for combating [handgun violence], including some
> measures regulating handguns. Id. at page 64.

Therefore, those charged with the duty to oversee handgun licensing, such as this Court, must, in the opinion of this Court, recognize and honor the right while at the same time recognizing the limits to the right to bear arms under the Second Amendment to the United States Constitution.

The burden of establishing "proper cause" for the issuance of a full-carry permit is upon the applicant to establish "a special need for self-protection distinguishable from that of the general community or of persons engaged in the same profession." Kaplan v. Brattan 249 A.D.2d 199 at 201, op. cit. Matter of Klenosky v. New York City Police Department 75 A.D.2d 793, affd'. 53 NY2d 685. However, Mr. Nance fails to demonstrate any concern for his safety and certainly did not distinguish himself from almost any other citizen. The Court received a report from the Westchester County Department of Public Safety, indicating that "the necessary proper cause for the issuance of a firearm license for the purpose of Full Carry has not been met by the applicant." The applicant has not provided the court with any information that he faces any danger of any kind that would necessitate the issuance of a full carry firearm license; or has not demonstrated a need for self-protection distinguishable from that of the general public or of other persons similarly situated. The Department recommends that the applicant's amendment to his New York State Pistol License be disapproved.

Penal Law section 400.00(2)(f) requires a showing of "proper cause" prior to the issuance of a carry-concealed permit as requested by the petitioner in this matter. However, the petitioner failed to demonstrate "proper cause." Kachalsky v. Cacace, 65

3

A.D.3d 1045 (2nd Dept. 2009); *Hecht v. Bivona*, 11 A.D.3d 614 (2nd Dept. 2004); *Milo v. Kelly*, 211 A.D.3d 488 (1st Dept. 1995).

In sum, the applicant has not shown sufficient circumstances to distinguish his need from those of countless others, nor has he demonstrated a specific need for self protection distinguishable from that of the general community or of persons engaged in the same business or profession. Accordingly, the petitioner's application to amend his New York State Pistol License (#104519) is denied but the application to add one firearm and to delete one firearm to the license is approved.

This constitutes the decision and order of this Court.

Dated:    September 9, 2010
          White Plains, New York

_____
Hon. Robert K. Holdman, JSC

4

# EXHIBIT E:
# Decision of Judge Holdman
# (Marcucci-Nance)

05-267

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X

In the Matter of the Application of                    DECISION

Anna L. Marcucci-Nance,

                              Petitioner,

For an amendment to her New York State Pistol Permit.

-----------------------------------------------------------------X

Robert K. Holdman, J.

FILED
AND
ENTERED·
ON 9|10 20 10
WESTCHESTER
COUNTY CLERK

        The following papers were read upon Petitioner's application in the above

captioned proceeding:

        Anna Marcucci-Nance's Application                          1

        Department of Public Safety Report and Attachments         2

        The applicant, Anna Marcucci-Nance, has submitted an application to

Westchester County to amend her New York State Pistol License (#104519) to delete

target shooting and to add full carry.   The applicant also seeks the addition of one

firearm and the deletion of one firearm to her license.  The petitioner currently has a

restricted license to carry for sport target shooting issued in the County of Westchester

on April 30, 2009.  The petitioner requested an amendment for a fully carry to this

license because of her desire to use her NRA Instructor Safety Certifications to promote

safe gun handling at various locations.

1

The issuance of a pistol permit for self protection has recently been held by the United States Supreme Court  to be a right protected by the Second Amendment of the United States Constitution:

> There seems to us no doubt, on the basis of both text
> and history, that the Second Amendment conferred an
> individual right to keep and bear arms.  District of
> Columbia v. Heller,  554 U.S. ____(2008); Slip op @
> page 22.

However, in so holding the Supreme Court also recognized that the Second Amendment should not be "read...to protect the right of citizens to carry arms for any sort of confrontation." (Id).  The individual right to bear arms is limited:

> Like most rights, the right secured by the Second Amendment is
> not unlimited.  From Blackstone through the 19th Century cases,
> commentators and courts routinely explained that the right was
> not a right to keep and carry any weapon whatsoever in any manner
> whatsoever and for whatever purpose. [citations omitted].  For example,
> the majority of 19th Century courts to consider the question held that
> prohibitions on carrying concealed weapons were lawful under the
> Second Amendment or state analogues.  Slip. Op. Supra at 54.

Putting aside the question of whether the Second Amendment "individual" right to bear arms is in fact extended to the states as a fundamental right, an issue not addressed by the Supreme Court, it is clear that even if that be the case, a regulatory scheme would not run afoul of the Courts' holding. Id, pages 53-56 and footnote 26 (where the court set forth several examples of reasonable restrictions on the right to keep and carry a weapon).   In striking down the District of Columbia statute as "a ban on handgun possession in the home" and thereby  violative of the Second Amendment, the Supreme Court went on to hold:

2

> The Constitution leaves the District of Columbia a variety of tools for combating [handgun violence], including some measures regulating handguns. Id. at page 64.

Therefore, those charged with the duty to oversee handgun licensing, such as this Court, must, in the opinion of this Court, recognize and honor the right while at the same time recognizing the limits to the right to bear arms under the Second Amendment to the United States Constitution.

The burden of establishing "proper cause" for the issuance of a full-carry permit is upon the applicant to establish "a special need for self-protection distinguishable from that of the general community or of persons engaged in the same profession." Kaplan v. Brattan 249 A.D.2d 199 at 201, op. cit. Matter of Klenosky v. New York City Police Department 75 A.D.2d 793, affd'. 53 NY2d 685. However, Ms. Marcucci-Nance fails to demonstrate any concern for her safety and certainly did not distinguish herself from almost any other citizen. The Court received a report from the Westchester County Department of Public Safety, indicating that "the necessary proper cause for the issuance of a firearm license for the purpose of Full Carry has not been met by the applicant." The applicant has not provided the court with any information that she faces any danger of any kind that would necessitate the issuance of a full carry firearm license; or has not demonstrated a need for self-protection distinguishable from that of the general public or of other persons similarly situated. The Department recommends that the applicant's amendment to his New York State Pistol License be disapproved.

Penal Law section 400.00(2)(f) requires a showing of "proper cause" prior to the issuance of a carry-concealed permit as requested by the petitioner in this matter. However, the petitioner failed to demonstrate "proper cause." Kachalsky v. Cacace, 65

3

A.D.3d 1045 (2nd Dept. 2009); *Hecht v. Bivona*, 11 A.D.3d 614 (2nd Dept. 2004); *Milo v. Kelly*, 211 A.D.3d 488 (1st Dept. 1995).

In sum, the applicant has not shown sufficient circumstances to distinguish her need from those of countless others, nor has she demonstrated a specific need for self protection distinguishable from that of the general community or of persons engaged in the same business or profession. Accordingly, the petitioner's application to amend her New York State Pistol License (#104519) is denied but the application to add one firearm and to delete one firearm to the license is approved.

This constitutes the decision and order of this Court.

Dated:    September 9, 2010
          White Plains, New York

_____
Hon. Robert K. Holdman, JSC

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ALAN KACHALSKY, CHRISTINA NIKOLOV, ERIC
DETMER, JOHNNIE NANCE, ANNA MARCUCCI-
NANCE, and SECOND AMENDMENT FOUNDATION,
INC.,

                          Plaintiffs,

against-

SUSAN CACACE, JEFREY A. COHEN, ALBERT
LORENZO, ROBERT K. HOLDMAN, and COUNTY OF
WESTCHESTER,

                          Defendants.

-------------------------------------------------------------------x

**AFFIDAVIT OF SERVICE BY
FIRST CLASS MAIL**

File No.: 10 CV 05413(CS)

STATE OF NEW YORK     )
                         ) ss.:
COUNTY OF WESTCHESTER )

JOSEPHINE BELSITO, being duly sworn, deposes and says:

    I am not a party to this action, I am over 18 years of age; I am employed in White
Plains, New York.

    On November 9, 2010, I served one copy of the **DECLARATION OF MELISSA-
JEAN ROTINI IN SUPPORT OF MOTION TO DISMISS THE AMENDED
COMPLAINT** in this matter upon the following:

Vincent Gelardi, Esq.
Gelardi & Randazzo, LLP
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573

Alan Gura, Esq.
Gura & Possessky, PLLC
101 North columbus Avenue, Suite 405
Alexandria, VA. 22314

Anthony J.Tomari, Esq.
Office of the Attorney General
120 Broadway, 24th floor
New York, New York 10271

being the address(es) designated for that purpose by depositing a true copy of same
enclosed and in a postpaid, properly addressed wrapper by regular mail, in an official
depository under the exclusive care and custody of the United States Postal Service within
the State of New York.

                                       JOSEPHINE BELSITO

Sworn to before me this
9th day of November, 2010

NAILE HOXHAJ
Notary Public, State of New York
No. 01HO6131068
Qualified in Putnam County
Commission Expires July 25, 2013