UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ALAN KACHALSKY, CHRISTINA NIKOLOV, ERIC
DETMER, JOHNNIE NANCE, ANNA MARCUCCI-
NANCE, and SECOND AMENDMENT
FOUNDATION, INC.,

Case No.: 10 CV 05413 (CS)

                       Plaintiffs,

ECF Case

-against-

SUSAN CACACE, JEFFREY A. COHEN, ALBERT
LORENZO, ROBERT K. HOLDMAN, and COUNTY
OF WESTCHESTER,

                       Defendants.
-------------------------------------------------------------------x


MEMORANDUM OF LAW IN SUPPORT OF THE COUNTY OF WESTCHESTER'S
MOTION TO DISMISS THE INSTANT ACTION PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 8 and 12(b)(1) and (6)


                    ROBERT F. MEEHAN
                    Westchester County Attorney
                    Attorney for Defendant County of Westchester
                    148 Martine Avenue, 6th Floor
                    White Plains, New York 10601


Melissa-Jean Rotini (MR-4948)
Assistant County Attorney
                Of Counsel

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES.................................................................... ii-vi

PRELIMINARY STATEMENT.................................................................. 1

STATEMENT OF FACTS....................................................................... 1-3

ARGUMENT: THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON
      WHICH RELIEF CAN BE GRANTED............................................ 3-22

    A.  Standard of Review on a Rule 8 Motion.................................... 4-5

    B.  Standard of Review on a Rule 12(b)(6) Motion ............................ 6-7

    C.  The County Is Not A Proper Party.......................................... 7-12

        1. The County Has No Control Over The Law At Issue..................... 7-8

        2. The County Cannot Direct the Issuance of Pistol Permit Licensing.... 8-9

        3. The County's Limited Role In Pistol Permit Licensing................ 9-12

    D.  The Amended Complaint Fails to Allege That Plaintiffs Were Deprived
        of Any Right Secured by the Constitution or Statutory Laws of the
        United Stated By the Defendant County.................................. 12-15

    E.  The Plaintiffs Are Not Entitled To Fees or Costs Against The County... 15

    F.  Assuming *Arguendo* That The Court Deems The County A Proper Party,
        The Amended Complaint Still Must Fail.................................. 15-22

        1. Plaintiff Second Amendment Foundation Lacks Standing................ 16

        2. Plaintiffs Kachalsky and Nikolov Lack Standing .................... 16-17

        3. Federal Court Abstention is Required................................ 17-18

        4. The Claims of the Individual Plaintiffs Are Barred By *Res Judicata*..... 19-20

        5. The Applicable Standard Review..................................... 20-22

CONCLUSION.................................................................................. 22

## **TABLE OF AUTHORITIES**

**Cases**

*Alfaro Motors, Inc. v. Ward*
    814 F.2d 883 (2d Cir. N.Y. 1987) .......................................................................... 14

*Ashcroft v. Iqbal*
    129 S. Ct. 1937 (2009)............................................................................................ 4

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, 127 S.Ct. 1955 (2007) ..................................................................... 4

*Bernstein v. Police Dep't of New York*
    85 A.D.2d 574, 445 N.Y.S.2d 716 (1st Dep't 1981)......................................... 8, 11

*Black v. United States*
    534 F.2d 524 (2d Cir. 1976); ................................................................................ 14

*Bruker v. City of New York*
    92 F. Supp.2d 257 (S.D.N.Y. 2000) ....................................................................... 6

*Burford v. Sun Oil Co.*
    319 U.S. 315 (1943) .............................................................................................. 17

*Castellano v. City of New York*
    946 F. Supp. 249 (S.D.N.Y. 1996) .......................................................................... 6

*Child v. Beame*
    417 F.Supp.1023 (S.D.N.Y. 1976). ....................................................................... 14

*Chodos v. F.B.I.*
    559 F.Supp. 69 (S.D.N.Y. 1982), *aff'd mem.*, 697 F.2d 289 (2d Cir. 1982),
    *cert. denied*, 459 U.S. 1111 (1983)........................................................................ 4

*City of Canton v. Harris*
    489 U.S. 378 (1989). ............................................................................................. 13

*Coal. for a Progressive N.Y. v. Colon*
    722 F. Supp. 990 (S.D.N.Y. 1989) ........................................................................ 19

*Cody v. Mello*
    59 F. 3d 13 (2d Cir. 1995) ..................................................................................... 13

*Cortec Industries, Inc. v. Sum Holding, L.P.*
  949 F.2d 42 (2d Cir. 1991), *cert denied,* 503 U.S. 960, 112 S.Ct. 1561 (1992)............... 6, 7, 8

*Cullen v. Margiotta*
  811 F. 2d 698 (2d Cir.1987) ....................................................................................... 13

*Daniels v. Williams*
  474 U.S. 327,106 S. Ct. 662 (1986) .......................................................................... 13

*Davidson v. Cannon*
  474 U.S. 344, 106 S. Ct. 688 (1986) ......................................................................... 13

*District of Columbia v. Heller*
  128 S. Ct. 2783 (2008)................................................................................................. 2

*Dove v. Fordham University*
  56 F.Supp.2d 330 (S.D.N.Y 1999). ..................................................................... 13, 14

*Faulkner v. Beer*
  463 F.3d 130, 134 (2d Cir. 2006)................................................................................ 6

*Festa v. Local 3, Int'l Board of Elec. Workers*
  905 F.2d 35 (2d Cir. 1990), *cert denied* 510 U.S. 864, 114 S.Ct. 183 (1993)........................... 6

*Friends of the Earth*, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.
  528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).......................................... 16

*Geisler v. Petrocelli*
  616 F.2d 636 (2d Cir. 1980) ........................................................................................ 6

*Golkin v. Abrams*
  803 F.2d 55 (2d Cir. 1986). ....................................................................................... 19

*Gutierrez v. Vergari*
  499 F.Supp. 1040 (S.D.N.Y.1980) .......................................................................... 14

*Harris v. City of New York*
  186 F.3d 243 (2d Cir. 1999) ........................................................................................ 6

*Heller v. District of Columbia*
  698 F.Supp.2d 179 (D.D.C. 2010)...................................................................... 20, 21

*Hicks v. Miranda*
  422 U.S. 332 (1975).................................................................................................. 18

*Hodgkins v. Holder*
    677 F.Supp.2d 202 (D.D.C. 2010) ........................................................................... 16

*Holloway v. Carey*
    482 F.Supp. 551 (S.D.N.Y.1979) ........................................................................... 14

*Huffman v. Pursue, Ltd.*
    420 U.S. 592 (1975); ........................................................................... 17

*International Audiotext Network, Inc. v. Am. Tel. &Tel. Co.*
    62 F.3d 69 (2d Cir. 1995) ........................................................................... 6

*Kachalsky v. Cacace*
    65 A.D.3d 1045 (2009), app. dism., 14 N.Y.3d 473 (2010) ........................................... 2, 18, 19

*Kirkland v. Bianco*
    595 F.Supp. 797 (S.D.N.Y.1984). ........................................................................... 14

*Kramer v. Time Warner, Inc*
    937 F.2d 767 (2d Cir. 1991) ........................................................................... 7

*Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit*
    507 U.S. 163, 113 S.Ct. 1160 (1993) ........................................................................... 6

*Leeds v. Meitz*
    85 F.3d 51 (2d Cir. 1996) ........................................................................... 4,6

*Mack v. The United States*
    --- A.2d. ---, Case No.: 08-CF-603, pg. 23 (D.C. November 4, 2010) ........................... 14,15

*Mandel v. Bradley*
    432 U.S. 173 (1977) ........................................................................... 18

*Marvel Characters, Inc. v. Simon*
    310 F.3d 280 (2d Cir. 2002) ........................................................................... 18

*Matter of Buffa v. Police Dept. of Suffolk County*
    47 A.D.2d 841, 366 N.Y.S.2d 162) ........................................................................... 10

*McCarthy v. Dun & Bradstreet Corp.*
    482 F.3d 184 (2d Cir. 2007) ........................................................................... 6

*McDonald v. Chicago*
    130 S.Ct. 3020 (2010) ........................................................................... *passim*

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*
    457 U.S. 423 (1982). ........................................................................... 17

*Monell v. Department of Social Services*
    436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)..............................................13

*Morabito v. Blum*
    528 F.Supp. 252 (S.D.N.Y.1981) .........................................................................14

*Newport v. Fact Concerts*
    453 U.S. 247 ...........................................................................................................13

*O'Connor v. Scarpino*
    83 N.Y.2d 919, 638 N.E.2d 950, 615 N.Y.S.2d 305 (1994). .................................12

*Oklahoma v. Tuttle*
    471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).........................................13

*Owens v. Coughlin*
    561 F.Supp. 426 (S.D.N.Y. 1983). .......................................................................14

*Papasan v. Allain*
    478 U.S. 265, 106 S.Ct. 2932 (1986) ......................................................................4

*Robertson v. Baldwin*
    165 U.S. 275 (1897) ...............................................................................................15

*Ruiz v. Herrera*
    745 F. Supp. 940....................................................................................................13

*Salahuddin v. Cuomo*
    861 F.2d 40 (2d Cir. 1988) .......................................................................................4

*San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.*
    75 F.3d 801 (2d Cir. 1996); ......................................................................................6

*Simmons v. Abruzzo*
    49 F.3d 83 (2d Cir. 1995) ..........................................................................................4

*Turner v. FCC*
    520 U.S. 180, 117 S.Ct. 1174 (1997). ...................................................................22

*Velez v. DiBella*
    --- N.Y.S.2d ----, 2010 WL 3910479, 2010 N.Y. Slip Op. 07178 (2d Dep't, October 5, 2010)
    ...............................................................................................................................10

*Warth v. Seldin*
    422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)...........................................16

*Younger v. Harris*
  401 U.S. 37 (1971) ........................................................................... 17, 18

*Zahra v. Town of Southold*
  48 F.3d 674 (2d Cir. 1995) ............................................................. 13


**Statutes & Other Authorities**


42 U.S.C. §1983................................................................... 5, 13, 15

42 U.S.C. §1988................................................................... 1, 3, 15

5 Wright & Miller §1202........................................................ 4

FRCP Rule 12(b)(1) ............................................................ 1

FRCP Rule 12(b)(6) ............................................................ 1, 6

FRCP Rule 8 ..................................................................... 1, 4, 5

N.Y. C.P.L.R. Article 78 ...................................................... *passim*

N.Y. Penal Law §265.00(10) .............................................. 3, 8, 12

N.Y. Penal Law §400.00(1) ................................................ 3, 8, 9

N.Y. Penal Law §400.00(2)(f) ............................................ *passim*

N.Y. Penal Law §400.00(4) ................................................ 9

*Trace the Guns: The Link Between Gun Laws and Interstate Gun Trafficking,* September   22
2010, available at: http://www.mayorsagainstillegalguns.org/html/home /home.shtml......

## PRELIMINARY STATEMENT

Pursuant to Rule 8 and Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure (hereinafter "Rule"), Defendant County of Westchester (the "County") respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Amended Complaint ("Am. Complaint") on the grounds that the Plaintiffs failed to plead any claim for which relief can be granted against the Defendant County as: the County is not a proper party to the lawsuit; Plaintiffs failed to allege any constitutional or statutory rights were violated by the County; and, as such, Plaintiffs are not entitled to fees or costs pursuant to 42 U.S.C. §1988; and for such other relief as this Honorable Court deems just and proper. In the event that the Court somehow determines the County is implicated in the alleged Constitutional violations, the County joins and adopts in the arguments made by its State Co-Defendants, also outlined herein at Point F.

## STATEMENT OF FACTS

The following facts, as alleged in the Amended Complaint and read in a light most favorable to the Plaintiffs, are assumed true only for purposes of the instant motion. The individual Plaintiffs allege that they were denied unrestricted pistol permits by New York State Judges, and Co-Defendants herein, Hon. Susan Cacace, Hon. Jeffrey A. Cohen, Hon. Albert Lorenzo, and Hon. Robert K. Holdman, based upon the requirement of New York State Penal Law ("PL") §400.00(2)(f)[1] that an applicant provide "proper cause" for the issuance of an unrestricted pistol permit. (Am. Complaint ¶26, ¶30, ¶33, ¶35, and ¶37, and Exhibits A, B, C, D, and E to the Declaration of Melissa-Jean Rotini, hereinafter "Rotini Declaration").

Plaintiff Kachalsky filed a timely New York Civil Law and Rule ("CPLR") Article 78 proceeding with respect to the denial of his application, the Second Department affirmed the

denial in a decision dated September 8, 2009, and the Court of Appeals dismissed the appeal from the Second Department's decision. (Am. Complaint ¶27 and ¶28); *see Kachalsky v. Cacace*, 65 A.D.3d 1045 (2009), *app. dism.*, 14 N.Y.3d 473 (2010).

The Amended Complaint does not contain any allegation that Plaintiffs Nikolov, Detmer, Nance, and Marcucci-Nance filed a CPLR Article 78 challenge to the denials of their individual pistol permit license application. No specific allegations are made in the Amended Complaint with respect to Plaintiff Second Amendment Foundation.

Plaintiffs allege that the "proper cause" requirement of this State Law is violative of the Second Amendment to the United States Constitution in light of the United States Supreme Court ruling in *McDonald v. Chicago*, 130 S.Ct. 3020 (2010) ("McDonald"), which made the holding in the case of *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008) ("*Heller*") applicable to the several states by incorporating the Second Amendment rights into the Due Process Clause of the Fourteenth Amendment. Plaintiffs fail to state any claim against Defendant County of Westchester.

Indeed, the only statements that could be deemed "allegations" against the County are: that its Department of Public Safety executes, administers, and/or enforces PL §400.00(2)(f) (Am. Complaint ¶11); that the County conducted investigations with respect to the individual Plaintiffs' applications for pistol permit licenses (Am. Complaint ¶30); and that in the case of Plaintiffs Kachalsky, Detmer, Nance, and Marcucci-Nance, that the investigators "recommended that the [applications for pistol] permit [licenses] be denied" (Am. Complaint ¶26, ¶32, ¶34, and ¶36). Although Plaintiffs generally allege that "Defendants maintain a strict policy of denying handgun carry license applications where the applicants cannot affirmatively demonstrate a

---

[1] PL §400.00(2)(f) provides, in pertinent part: "A license for a pistol or revolver ... shall be issued to ... have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for

unique and personal need for self-defense distinguishable from that of the general public" (Am.

Complaint ¶25), the County is statutorily without authority to grant or deny any handgun license

application. *See* PL §400.00(1) ("No license shall be issued or renewed pursuant to this section

except by the licensing officer….") and PL §265.00(10) ("As used in … article four hundred …

"Licensing officer" [in the County of Westchester] means … a judge or justice of a court of

record having his office in the county of issuance.").

## ARGUMENT

## THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs bring this action seeking an order: 1) permanently enjoining the enforcement of

the "proper cause" requirement found in PL §400.00(2)(f); 2) directing Defendants to issue

unrestricted pistol permits to the individual Plaintiffs; 3) granting attorneys fees and costs

pursuant to 42 U.S.C. §1988; and 4) directing declaratory relief consistent with the injunctive

relief requested.  The Amended Complaint does not raise any claim against the County, likely

because the relief requested is not, and could not be, properly plead against the County.  Even,

assuming *arguendo* that this Honorable Court were to grant the Plaintiffs' requested relief in its

entirety, the County has no authority or ability to provide any of the relief.  *See* PL §400.00(1)

and PL §265.00(10).

---

the issuance thereof …."

3

### A.      Standard of Review on a Rule 8 Motion

Plaintiffs' Amended Complaint should be dismissed because it fails to comply with

Federal Rule of Civil Procedure Rule 8.  Rule 8 requires, in part, that a complaint contain "a

short and plain statement of the claim showing that the pleader is entitled to relief."

The Federal Rules are designed to "give the adverse party fair notice of the claim asserted

so as to enable him to answer and prepare for trial" and, when a complaint fails to comply with

these requirements, a district court has the power to dismiss the case. *Salahuddin v. Cuomo*, 861

F.2d 40, 42 (2d Cir. 1988); *see also Simmons v. Abruzzo*, 49 F.3d 83, 85-86 (2d Cir. 1995);

*Chodos v. F.B.I.*, 559 F.Supp. 69, 71 (S.D.N.Y. 1982), *aff'd mem.*, 697 F.2d 289 (2d Cir. 1982),

*cert. denied*, 459 U.S. 1111 (1983).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.

Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955

(2007)); *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (on a motion to

dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual

allegation").

Moreover, Rule 8(a)(2) requires a "showing," rather than a blanket assertion, of

entitlement to relief. *Twombly, supra* at 553, fn.3; *see also Leeds v. Meitz*, 85 F.3d 51, 53 (2d

Cir. 1996) (bald assertions and conclusions of law will not suffice).  Factual allegations in the

complaint must be alleged in order to satisfy the requirement of providing not only "fair notice"

of the nature of the claim, but also "grounds" on which the claim rests. *See id., citing* 5 Wright &

Miller §1202, at 94-95 (Rule 8(a) "contemplates the statement of circumstances, occurrences,

and events in support of the claim presented" and does not authorize a pleader's "bare averment

that he wants relief and is entitled to it"). Although Rule 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal, supra* at 1950.

The Plaintiffs' Amended Complaint fails to state any claim against the County, and does not provide the County with any notice as to the claims made against it. The claim made under the Second Amendment references the State Law as violating the Second Amendment "facially and as applied". (Am. Complaint ¶41). However, as set forth below in Point C, the County did not enact the law and, as the County is not the licensing officer, it does not apply the law. Other than the bald assertion, set forth in the facts section of the Amended Complaint, that the County enforces PL §400.00(2)(f), there is no further elaboration as to the method in which the County is involved in the alleged rights violation.

Plaintiffs' claims of Equal Protection violations consists of the standard form language incorporating by reference all prior paragraphs of the Amended Complaint and one paragraph which consists of a conclusory statement that the State Law at issue "violates Plaintiffs' Fourteenth Amendment right to equal protection of the law, damaging them in violation of 42 U.S.C. §1983" and a demand for "permanent injunctive relief". (Am. Complaint ¶43). It fails to set forth how the County has acted or failed to act, how the State Law at issue violates the right to Equal Protection under the Fourteenth Amendment, and how the Plaintiffs' were treated differently from any other individual.

The State Law at issue applies to all applicants for pistol permit licenses, and the Amended Complaint fails to elaborate in any way whatsoever with respect to this cause of action.

B.    **Standard of Review on a Rule 12(b)(6) Motion**

The legal standard on a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim is whether the plaintiff can prove any set of facts in support of her claim that would entitle her to relief. *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999). In deciding a motion to dismiss, the factual allegations in the complaint are deemed to be true. *Bruker v. City of New York*, 92 F. Supp.2d 257, 264 (S.D.N.Y. 2000), *citing Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161 (1993). The motion is to be granted if the plaintiff can prove no set of facts that would entitle her to relief. *Bruker*, 92 F. Supp.2d at 265.

The Second Circuit has held that a District Court's role in considering a motion to dismiss is to assess the legal feasibility of the complaint, not to weigh the evidence that may be presented at trial. *See Festa v. Local 3, Int'l Board of Elec. Workers*, 905 F.2d 35, 37 (2d Cir. 1990), *cert denied* 510 U.S. 864, 114 S.Ct. 183 (1993); *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980); *Castellano v. City of New York*, 946 F. Supp. 249, 252 (S.D.N.Y. 1996). Although the pleading standard is liberal, "bald assertions and conclusions of law will not suffice". *Leeds v. Meitz*, 85 F.3d 51, 53 (2d Cir. 1996).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court's "review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *accord Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006); *see also San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 808-09 (2d Cir. 1996); *International Audiotext Network, Inc. v. Am. Tel. &Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995), *quoting, Cortec Industries,*

*Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert denied*, 503 U.S. 960, 112 S.Ct. 1561 (1992) (where a plaintiff has notice, extrinsic documents which are integral to the plaintiff's claim may be considered on a motion to dismiss); *and Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

In connection with this Motion, the County has attached to the Rotini Declaration the underlying decisions of the Co-Defendant Judges. These documents are properly appended to this Motion as they are referenced and partially quoted in the Plaintiffs' Amended Complaint. As set forth in Point C(3) below, the County disputes the accuracy of the quote from Co-Defendant Judge Cohen's decision pertaining to Plaintiff Nikolov, which was taken out of context, upon information and belief, in an attempt to create an additional issue for the Amended Complaint. (Exhibit B). Additionally, the Plaintiffs have failed to acknowledge and advise this Court of the Constitutional analysis made by Co-Defendant Judge Holdman in determining the applications of Plaintiff Nance and Plaintiff Marcucci-Nance. (Exhibits D and E).

## C.    The County Is Not A Proper Party

The County merely follows the requirements of the State Law at issue, does not conduct or perform any of the activities the Plaintiffs herein seek to have declared unconstitutional, and has a limited role in pistol permit licensing.

### 1.    The County Has No Control Over The Law At Issue

Plaintiffs seek to determine the constitutionality of PL §400.00(2)(f), which states:

> "[t]ypes of licenses….A license for a pistol or revolver shall be issued to…(f) have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof…(f) have and carry concealed, without regard to employment or place of possession, by any

person <u>when proper cause exists</u> for the issuance thereof…"
(emphasis added).

This law is a State Law, not a County Law. The County clearly has no authority or power to alter or amend a law enacted by the State Legislature, and must comply with any and all lawful directives of the State.

### 2.    The County Cannot Direct the Issuance of Pistol Permit Licensing

The County does not make the determination required in the section of the law at issue. "No license shall be issued or renewed pursuant to this section except by the licensing officer…" PL §400.00(1). Section 265.00(10) of New York State Penal Law, states that the pistol licensing officers for the geographic area of Westchester County are the "judges or justices… of a court of record having his [or her] office in the county of issuance." ) "The responsibility for determining whether an applicant has demonstrated proper cause is entrusted to the discretion of the licensing official." *See Bernstein v. Police Dep't of New York*, 85 A.D.2d 574, 445 N.Y.S.2d 716 (1st Dep't 1981)(internal citations omitted).

It is evident from the Complaint and Amended Complaint that the Plaintiffs misunderstand the role of the County in connection with pistol permit issuance. The Plaintiffs erroneously describe Co-Defendants Judge Cacace, Judge Cohen, Judge Lorenzo, and Judge Holdman as "handgun carry permit licensing officer[s] for the defendant Westchester County" (Am. Complaint ¶7, ¶8, ¶9, and ¶10). None of the named Judges are employed by the County of Westchester. Judges of the New York State Courts are elected officials employed by the State of New York, Unified Court System, and act as pistol permit licensing officers for the State of New York pursuant to PL §265.00. Under this section of the law, the Co-Defendant Judges are pistol

licensing officers within the geographical area of Westchester County, not employees under the control of the County as a municipal entity. The County has no control over the actions of the State's licensing officers.

The relief requested by Plaintiffs includes an order directing the "defendants" to issue pistol permit licenses to the named Plaintiffs. However, as is clear from Penal Law §265.00(10), the County has no ability to issue a pistol permit license and in the event the Court issues an order directing the relief request, the County would be unable to comply with such an order.

3.     The County's Limited Role In Pistol Permit Licensing

The only other references to the County in Plaintiffs' Amended Complaint are the statements that the County conducted a background investigation and provided a recommendation on the pistol permit applications. (Am. Complaint ¶26, ¶30, ¶32, ¶34, and ¶36). The County does not dispute that the Department of Public Safety conducts an investigation and makes a report of the investigation to the licensing officer for each pistol license permit application. This requirement is set forth PL §400.00(4), a section of law not implicated or referenced in the Amended Complaint. PL §400.00(4) states that:

> Investigation. Before a license is issued or renewed, there shall be an investigation of all statements required in the application by the duly constituted police authorities of the locality where such application is made… Upon completion of the investigation, the police authority shall report the results to the licensing officer without unnecessary delay.

The licensing officers are required to review the investigative report in assessing the applications for pistol permit licenses. *See* PL §400.00(1) ("Eligibility. No license shall be issued

or renewed pursuant to this section except by the licensing officer, and then only after

investigation and finding that all statements in a proper application for a license are true.").

This investigative report does not detract from the exclusive authority of the licensing

officers to determine the pistol permit licensing application. *See Velez v. DiBella,* --- N.Y.S.2d --

--, 2010 WL 3910479, 2010 N.Y. Slip Op. 07178 (2d Dep't, October 5, 2010) ("We reject the

petitioner's claim that the respondent unlawfully abdicated his decision-making authority to the

Westchester Department of Public Safety [] by following its recommendation to deny the

application. The respondent's written decision denying the application demonstrates that the

Department's recommendation was not the sole basis for his determination (*cf. Matter of Buffa v.*

*Police Dept. of Suffolk County,* 47 A.D.2d 841, 366 N.Y.S.2d 162)").

Co-Defendants Judge Cacace, Judge Cohen, and Judge Holdman merely reviewed the

investigative reports, as required, together with the applications of Plaintiffs Kachalsky, Nikolov,

Nance, and Marcucci-Nance. *See* Exhibits A, B, D, and E. Indeed, there are no allegations

against the County with respect to the denials, as the Amended Complaint admits that the Co-

Defendant Judges made the decisions to deny the pistol permit licensing applications in each

instance. (Exhibits A-E and Am. Complaint ¶26, ¶30, ¶33, ¶35, and ¶37). Further, there is no

dispute that the Plaintiffs do not have "proper cause" to hold unrestricted pistol permit licenses,

as required under the State Law at issue. (Am. Complaint ¶25 and ¶29).

To the extent that the Amended Complaint attempts to further implicate the County,

without directly pleading a claim, by alleging that: "Defendant Cohen denied Nikolov's permit

application, offering that 'conspicuously absent' from Defendant County's background

investigation report [] 'is the report of any type of threat...", the Amended Complaint is

completely inaccurate and fictional. (Am. Complaint ¶30). Co-Defendant Judge Cohen's

Decision states:

> The application and investigation reveal, in pertinent part, that the applicant currently possesses a concealed weapon permit with full carry privileges in the State of Florida and that she is a transgender female and that as such according to the National Coalition of Anti-Violence Programs she is far more likely to be a victim of violent crime than a genetic female. In addition, the applicant states that "[t]hese hate crimes are increasing locally as well as nationwide" and she appended a list of hundreds of crimes against people in similar circumstances from around the world. *See* attachment to Form WCPD-126H. Conspicuously absent, however, is the report of any type of threat to her own safety anywhere. (Exhibit A to Rotini Affirmation, pg. 1)

It is clear from the text of the actual Decision that Plaintiffs have completely misstated

the Decision of Co-Defendant Judge Cohen in a fashion to mislead the reader of the Amended

Complaint to believe that the Decision was based upon a lack of information in the County's

investigative report. (Am. Complaint ¶30). Clearly, the last sentence of the quoted text from Co-

Defendant Judge Cohen's Decision references the sentence before, which is an analysis of the

application submitted by Plaintiff Nikolov, not the investigative report of the County.   Indeed,

"[t]he burden of establishing 'proper cause' for the issuance of a full-carry permit is on the

applicant." *See Bernstein, supra*, 85 A.D.2d at 574 (internal citations omitted).

The full text of the Decision of Co-Defendant Judge Cohen reveals that he carefully and

thoughtfully reviewed and considered the full application, drafted and submitted by Plaintiff

Nikolov, in making his determination. (Exhibit A to Rotini Affirmation, pg. 1).

Additionally, the Amended Complaint also provides quotes from the County's

investigative report with respect to the pistol permit license applications of Plaintiff Nance and

Plaintiff Marcucci-Nance. (Am. Complaint ¶34 and ¶36).  It is assumed that these quotes are

further attempts to implicate the County, without directly pleading a claim. However, it is evident from the detailed and thoughtful analysis of Co-Defendant Judge Holdman that not only did he consider each and every part of the application, but he engaged in an analysis of the *Heller* case before issuing his Decision. (Exhibits D and E).

It is within the discretion of the licensing officer, upon consideration of the information provided by an applicant, to issue a full carry permit, deny the application for a full carry permit, or issue a pistol permit with a restriction that the Court deems appropriate for the situation presented by the applicant. *See O'Connor v. Scarpino*, 83 N.Y.2d 919, 638 N.E.2d 950, 615 N.Y.S.2d 305 (1994).

Therefore, as the County did not draft the law at issue, cannot make changes to the law, does not have the authority to issue pistol permit licenses, does not employ licensing officers, has no control over the actions of the licensing officers, could not direct the relief the Plaintiffs are requesting, and acts solely at the direction of the State in connection with licensing activities, the County is not a proper party to obtain the relief requested in the Amended Complaint. Only the licensing officers, which within the geographical location of Westchester County are the judges or justices of the Court (*see* PL §265.00(10)), have the authority to grant or deny pistol permit licenses.

### D.   The Amended Complaint Fails to Allege That Plaintiffs Were Deprived of Any Right Secured by the Constitution or Statutory Laws of the United States By the Defendant County

The Amended Complaint does not allege that the Plaintiffs were deprived any right by the County. Each and every allegation plead, or possible based upon the facts set forth in the Amended Complaint, is against the State of New York.

To state a claim pursuant to Section 1983, a plaintiff must show that she was deprived of a federal constitutional or statutory right by a person acting under color of state law. *Newport v. Fact Concerts*, 453 U.S. 247, 101 S.Ct. 2748 (1981); *see also Cullen v. Margiotta*, 811 F. 2d 698, 712 (2d Cir.1987), *cert denied*, 483 U.S. 1021, 107 S. Ct. 3266 (1987).  Absent sufficient factual allegations that the intentional or reckless conduct of an official caused the plaintiff's injury, a complaint is not cognizable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 328-31, 106 S. Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S. Ct. 688 (1986); *Cody v. Mello*, 59 F. 3d 13 (2d Cir. 1995); *Ruiz v. Herrera*, 745 F. Supp. 940, 946 (S.D.N.Y. 1990).

Here, all the actions alleged to be unconstitutional were taken by Co-Defendant Judges, not the Defendant County.

> In order to hold a municipality liable as a 'person' within the meaning of §1983, Dove must establish that the municipality itself was somehow at fault. *See Oklahoma v. Tuttle*, 471 U.S. 808, 810, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
>
> *Dove v. Fordham University*, 56 F.Supp.2d 330, 336 (S.D.N.Y 1999).

In an action under 42 U.S.C. §1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right". *Zahra v. Town of Southold*, 48 F.3d 674, 683-685 (2d Cir. 1995) (internal citations omitted).  Moreover, plaintiffs must demonstrate that the municipal policy or custom was the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

13

The Plaintiffs herein failed to make any allegations, either conclusory or factual, that the actions complained of were performed pursuant to a County policy or custom, or that a County policy was the moving force behind the violation.  Each action alleged to be violative of the Constitution was performed by a State, not County, employee, and each specified his or her own reason for so acting. *See* Exhibits A-E.

Plaintiffs herein have failed to allege any action by the Defendant County that violated any constitutional right, and thus the Amended Complaint must be dismissed.  "Having failed to allege, as they must, that the[] defendant[] w[as] directly and personally responsible for the purported unlawful conduct, their complaint is 'fatally defective' on its face. *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886-887 (2d Cir. N.Y. 1987), *quoting Black v. United States*, 534 F.2d 524, 527-28 (2d Cir. 1976); *accord Owens v. Coughlin*, 561 F.Supp. 426, 428 (S.D.N.Y. 1983).

> It is well-settled that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.' *Morabito v. Blum*, 528 F.Supp. 252, 262 (S.D.N.Y.1981) [rev. on other grounds], *citing Gutierrez v. Vergari*, 499 F.Supp. 1040, 1052 (S.D.N.Y.1980)); *Holloway v. Carey*, 482 F.Supp. 551, 553 (S.D.N.Y.1979); *see also Kirkland v. Bianco*, 595 F.Supp. 797, 799 (S.D.N.Y.1984).
>
> *Dove supra* at 335; *see also Child v. Beame*, 417 F.Supp. 1023, 1025 (S.D.N.Y. 1976).

Although not plead against the County, even assuming *arguendo* that the alleged actions could be attributed to the County, there is no Constitutional violation as "...*Heller* did not endorse a right to carry weapons outside the home. Nor has the Court done so in its more recent decision in *McDonald*." *Mack v. The United States*, --- A.2d ---, Case No.: 08-CF-603, pg. 23 (D.C. November 4, 2010).  As further explained by the Court of Appeals in *Mack*:

14

> ...*Heller* did not recognize a right to carry concealed weapons...In *Heller* the Supreme Court made clear that 'the right secured by the Second Amendment is not unlimited,' and it specifically acknowledged that laws prohibiting the carrying of concealed weapons have long been upheld as appropriate limits on that right. 128 S.Ct. at 2816 ('[T]he majority of 19th century courts to consider the question held that prohibitions on carrying concealed weapons were lawful.'). *See Robertson v. Baldwin*, 165 U.S. 275, 281-82 (1897) ('[T]he right of the people to keep and bear arms ... is not infringed by laws prohibiting the carrying of concealed weapons ....' (dictum)). In short, it simply is not obvious that the Second Amendment secures a right to carry a concealed weapon.
>
> *Mack, supra,* at 23-24 (quotations and internal citations in original).

### E.     The Plaintiffs Are Not Entitled To Fees or Costs Against The County

Section 42 U.S.C. §1988 gives the Court discretion to award legitimate and reasonable attorney's fees to the prevailing party "[i]n any action or proceeding to enforce a provision of sections ...1983..." 42 U.S.C.A. § 1988. An award of fees first requires a determination that a plaintiff has been successful on a federal claim against the defendant against whom fees and costs are assessed. As set forth herein, the Plaintiffs fail to state a claim under federal law or otherwise against the County and the relief requested cannot be had against the County.

### F.     Assuming *Arguendo* That The Court Deems The County A Proper Party, The Amended Complaint Still Must Fail

Should this Court find that the County is somehow implicated in State employees acting in accordance with existing State Law, the County joins in, adopts, and incorporates herein by reference the legal arguments in the Motion to Dismiss submitted by the State Defendants.

1.    <u>Plaintiff Second Amendment Foundation Lacks Standing</u>

The Second Amendment Foundation

> asserts both organizational and representational standing.
> Organizations can have standing on their own behalf when they
> have suffered injuries. *See Warth v. Seldin*, 422 U.S. 490, 511, 95
> S.Ct. 2197, 45 L.Ed.2d 343 (1975). However, [The Second
> Amendment Foundation] has not alleged any sufficient injury. It
> contends that the work it must do fielding questions from
> constituents about the laws at issue justifies standing, its voluntary
> act of teaching cannot plausibly be the basis for a claim of
> constitutional injury.
>
> An association may sue on behalf of its members if (1) its
> members would otherwise have standing to sue in their own right,
> (2) the interests at stake are germane to the organization's purpose,
> and (3) neither the claim asserted nor the relief requested requires
> the participation of individual members in the suit. *Friends of the
> Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181,
> 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).
>
> *Hodgkins v. Holder*  677 F.Supp.2d 202, 206 (D.D.C. 2010)

The Second Amendment Foundation has not met this burden as it has failed to identify

any members of its organization that would have standing. Moreover, as the relief requested

requires applications to be actually made by individuals, against whom the existing State Law

would then not be applied, participation of individual members of the organization is required.

2.    <u>Plaintiffs Kachalsky and Nikolov Lack Standing</u>

Plaintiffs Kachalsky and Nikolov seek to have decisions of the Co-Defendant Judges

overturned based upon the United States Supreme Court ruling in *McDonald* that occurred more

than a year after those underlying decisions were issued.  Upon information and belief, the Co-

Defendant Judges issue decisions and orders based upon the applicable law at the time the decisions are made. Clearly, the matter is not ripe for adjudication as the Plaintiffs cannot seek to invalidate decisions based upon caselaw that did not exist at the time the decisions were made. Equity and reasonableness require that the licensing officers be given the opportunity to determine the applicability of the new caselaw to matters before them.

### 3.   Federal Court Abstention is Required

Plaintiffs Detmer, Nance, and Marcucci-Nance each received the decisions on their respective pistol permit license applications after the ruling was issued in *McDonald*. Indeed, Co-Defendant Judge Holdman addressed the *McDonald* case in the Decisions affecting Plaintiffs Nance, and Marcucci-Nance. (Exhibits D and E). The proper method to appeal those decisions would be a proceeding under CPLR Article 78. In the case of each of these individual Plaintiffs, upon information and belief, the time to so file as not yet expired. As Plaintiffs Detmer, Nance, and Marcucci-Nance each have an appropriate avenue for review of these Decisions, it is respectfully set forth that abstention by this Honorable Court is required.

The United States Supreme Court has held that Federal courts must abstain from determinations that are more appropriately made by State Courts, which includes the review of administrative proceedings, that *inter alia*, implicate substantial state interests, or in which adequate opportunity exists for the presentment of federal claims. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also, Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975); and *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423. (1982). *See also Burford v. Sun Oil Co.*, 319 U.S. 315, 334 (1943) ("a sound respect for the independence of state action requires the federal equity court to stay its hand").

> The rule in *Younger v. Harris* is designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court. Plainly, the same comity considerations apply where the interference is sought by some []not parties to the state case.

> *Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (internal quotations and citations omitted), *overruled on other grounds by Mandel v. Bradley*, 432 U.S. 173 (1977) (*per curiam*)

Plaintiffs herein have an adequate and appropriate State Court remedy with respect to this matter and have not argued that they were denied the opportunity to litigate the Constitutional claims alleged in the Amended Complaint. Plaintiff Kachalsky has had the decision from which he now complains reviewed by the Appellate Division, Second Department, and the Court of Appeals. (Am. Complaint ¶27 and ¶28); *see Kachalsky v. Cacace*, 65 A.D.3d 1045 (2009), *app. dism.*, 14 N.Y.3d 473 (2010). Further, that some Plaintiffs have opted not to take advantage of the usual and appropriate appeals of the Decisions, rather attempting to forum shop, does not indicate that there is not an appropriate remedy available in State Court.

Indeed, Co-Defendant Judge Holdman addressed the Constitutional issues raised by *Heller* in his Decisions with respect to Plaintiff Nance and Plaintiff Marcucci-Nance. As Co-Defendant Judge Holdman's thoughtful analysis in these Decisions evidences, New York State Courts are capable of engaging in the Constitutional analysis intertwined with pistol permit licensing. The State Courts are familiar with the pistol permit licensing procedures and, specifically the Appellate Divisions, entertain appeals of pistol permit licensing decisions regularly, which involve substantial state interests. Abstention is required in this matter as an Article 78 proceeding is the appropriate location for the challenges to this State Law.

4.    The Claims of the Individual Plaintiffs Are Barred By *Res Judicata*

"Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002). Plaintiffs must "demonstrate[] that [t]he[y] w[ere] denied a 'full and fair opportunity' to press [those] constitutional claims in [the prior] state proceedings." *Coal. for a Progressive N.Y. v. Colon*, 722 F. Supp. 990, 994-95 (S.D.N.Y. 1989), *quoting Golkin v. Abrams*, 803 F.2d 55, 57 (2d Cir. 1986).

Co-Defendant Judge Cacace denied Plaintiff Kachalsky's application for a pistol permit license on October 8, 2008. (Exhibit A). Plaintiff Kachalsky filed an Article 78 proceeding with respect to the denial of his application, the Second Department affirmed the denial in a decision dated September 8, 2009, and the Court of Appeals dismissed the appeal from the Second Department's decision. (Complaint ¶27 and ¶28); *see Kachalsky v. Cacace*, 65 A.D.3d 1045 (2009), *app. dism.*, 14 N.Y.3d 473 (2010).

Co-Defendant Judge Cohen denied Plaintiff Nikolov's pistol permit license application on October 2, 2010. (Exhibit B).  Although Plaintiff Nikolov had the opportunity to request a hearing on the denial or appeal the decision under CPLR Article 78, no such request for a hearing or Article 78 proceeding was brought.

To the extent that Plaintiffs Kachalsky and Nikolov allege that the decision in *McDonald* had not yet been made during the statutory period for filing an Article 78 proceeding, the Court is respectfully referred to Point F(2), above, and the Co-Defendants' Motion to Dismiss.

Plaintiffs Detmer, Nance, and Marcucci-Nance are also barred by the doctrine of *res judicata* in that each has[2] the opportunity to request a hearing on the denial or appeal the decision under CPLR Article 78. Upon information and belief, none of these Plaintiffs has exercised these rights. Therefore, these Plaintiffs cannot, as they must, demonstrate that they have not been granted a 'full and fair opportunity' to address the Constitutional claims. *Golkin, supra*, at 57.

5.   <u>The Applicable Standard of Review</u>

Should the above issues be resolved in favor of the Plaintiffs and the Court reach the merits of the Constitutional claims, the County respectfully argues that the State Law at issue should be analyzed in a two part process. First, an analysis should be undertaken as to whether the law at issue implicates a core Constitutional right. If this Court finds that it does not, then further inquiry would not be required. If this Court finds that a core Constitutional right is implicated, then an analysis of the law should occur.

Following the Supreme Court decision in *Heller*, a further action was brought in the District Court for the District of Columbia. *Heller v. District of Columbia*, 698 F.Supp.2d 179 (D.D.C., 2010) ("*Heller 2010*"), where defendants were granted summary judgment upholding the current D.C. firearm regulations. In reviewing the applicable caselaw to determine the level of scrutiny to apply, the Court held:

> to assess the constitutionality of each of the challenged provisions,
> the court will begin by determining whether the provision at issue
> implicates the core Second Amendment right. If it does not, then
> the court will uphold the regulation. If the regulation does,
> however, implicate the core Second Amendment right, the court
> will apply intermediate scrutiny to determine whether the measure
> is substantially related to an important governmental interest.
> *Heller 2010* at 188.

---

[2] Upon information and belief, the time for each of these individual Plaintiffs to file a proceeding under CPLR Article 78 has not yet expired.

It is the County's position that the decision in *Heller*, as made applicable to the several states by the decision in *McDonald*, was limited in that it held unconstitutional "the absolute prohibition of handguns held and used for self-defense in the home" (*Heller, supra* at 2822).

The State Law at issue merely sets forth a reasonable regulation for the unrestricted carrying of a pistol, it does not prohibit the carrying of pistol within ones home for the purpose of self-defense.[3]  Therefore, the Second Amendment right to defend one's self in one's home is not implicated by the State Law at issue.

Assuming *arguendo* this Court were to find that a Second Amendment Right is implicated by virtue of the mere regulation of the unrestricted carrying of pistols outside of the home, the County asserts that the strict scrutiny of the regulation is not required.  At best, the "intermediate scrutiny" test applies and the State Law at issue is "substantially related to an important governmental interest". *See Heller 2010*.   Intermediate scrutiny requires that "the degree of fit between [the law at issue] and the well-established goal of promoting public safety need not be perfect; it must only be substantial." *Heller 2010, supra* at 191 (internal citations omitted). Further, the *Heller 2010* Court notes that:

> Even in cases such as this one in which laws are subjected to intermediate scrutiny because they implicate constitutional rights, the Supreme Court has specified that 'deference must be accorded to [legislative] findings as to the harm to be avoided and to the

---

[3] A denial of an unrestricted or full carry pistol permit license does not prohibit a person for possessing a pistol in the home as Penal Law §400.00(2) provides for various restricted permits:

> "(a) have and possess in his dwelling by a householder; (b) have and possess in his place of business by a merchant or storekeeper; (c) have and carry concealed while so employed by a messenger... (d)  have and carry concealed by a justice of the supreme court...or ... New York city civil court  or the  New York city criminal court; (e) have and carry concealed while so employed by a regular employee of an institution ... correction...(f) [at issue herein]have and carry concealed, without regard to employment  or place of possession, by any person when proper cause exists for the issuance thereof; and (g) have, possess, collect and carry antique pistols..."

remedial measures adopted for that end, lest [the courts] infringe on traditional legislative authority to make predictive judgments when enacting nationwide regulatory policy.' *Heller 2010*, *supra* at 191, *citing Turner v. FCC*, 520 U.S. 180, 195, 117 S.Ct. 1174 (1997).

The State's interest in regulating firearm safety, and the reasons for the regulations are clear and numerous, and best described by the State. In fact, a recent study conducted by the Coalition of Mayors Against Illegal Guns evidenced a correlation between states with lax gun control regulation and guns trafficked out of those states. *See Trace the Guns: The Link Between Gun Laws and Interstate Gun Trafficking,* September 2010, available at: http://www.mayorsagainstillegalguns.org/html/home /home.shtml, last accessed: November 5, 2010.

## CONCLUSION

Based upon the foregoing, the County of Westchester respectfully requests that the instant motion be granted in its entirety and that the Amended Complaint be dismissed with prejudice and for such other and further relief as to this Court may deem just and proper. Should the motion be denied, the County requests that it be allowed thirty (30) days from the date of entry of such an order to answer the Amended Complaint.

Dated:  White Plains, New York
      November 5, 2010

ROBERT F. MEEHAN
Westchester County Attorney
By:

Melissa Jean Rotini (MR-4948)
Assistant County Attorney, of Counsel
148 Martine Avenue, 6th Flor
White Plains, New York 10601
914-995-3630

22