UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALAN KACHALSKY, CHRISTINA NIKOLOV, :
ERIC DETMER, JOHNNIE NANCE,
ANNA MARCUCCI-NANCE and :
SECOND AMENDMENT FOUNDATION, INC.
: **Civil Action Number:**
          Plaintiffs, **10-CV-05413-CS**
:
    -against-
:

SUSAN CACACE, JEFFREY A. COHEN,
ALBERT LORENZO, ROBERT K. HOLDMAN, :
and COUNTY OF WESTCHESTER,
:
          Defendants.
------------------------------------------------------------X

# SUPPLEMENTAL MEMORANDUM OF LAW
## IN SUPPORT OF THE STATE DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

                              ANDREW M. CUOMO
                              Attorney General of the
                               State of New York
                              <u>Attorney for the State Defendants</u>
                              Assistant Attorney General
                              120 Broadway, 24th Floor
                              New York, New York 10271
                              (212) 416-8553

ANTHONY J. TOMARI (AT-0186)
MONICA CONNELL (MC-9841)
<u>Of Counsel</u>

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF NEW FACTS ASSERTED
IN THE FIRST AMENDED COMPLAINT ........................................................................... 5

A. New Plaintiffs ............................................................................................................. 5

    1. Eric Detmer. .................................................................................................... 5
    2. Johnnie Nance ................................................................................................. 6
    3. Anna Nance-Marcucci .................................................................................... 6

B. New State Defendants ................................................................................................ 7
C. New Allegations ......................................................................................................... 7

ARGUMENT ........................................................................................................................... 7

POINT I
    PLAINTIFFS' CLAIMS ARE SUBJECT TO
    DISMISSAL ON PROCEDURAL GROUNDS ................................................... 7

A. The New Plaintiffs' Claims Are Subject to Dismissal as They Fail to State a
    Justiciable Case or Controversy ................................................................................. 7
B. This Court Must Abstain from Hearing This Claim ................................................ 10

POINT II
    THERE IS NO CONSTITUTIONAL RIGHT TO CARRY CONCEALED
    HANDGUNS IN PUBLIC AND PLAINTIFFS THUS FAIL TO STATE
    CLAIMS FOR VIOLATION OF THEIR SECOND AMENDMENT
    RIGHTS ............................................................................................................... 12

POINT III
    PLAINTIFFS HAVE FAILED TO STATE AN
    EQUAL PROTECTION CAUSE OF ACTION ................................................. 13

CONCLUSION ..................................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

Allstate Ins. Co. v. Serio,
  261 F.3d 143 (2d Cir. 2001) .................................................................................... 12

Bach v. Pataki,
  408 F.3d 75 (2d Cir. 2005) ............................................................................... 2, 4, 9

Burford v. Sun Oil Co.,
  319 U.S. 315 (1943) .................................................................................................... 12

Cortec Indus., Inc. v. Sum Holding, L.P.,
  949 F.2d 42 (2d Cir. 1991) .......................................................................................... 5

Diamond "D" v. McGowan,
  282 F.3d 191 (2d Cir. 2002) ...................................................................................... 11

District of Columbia v. Heller,
  __U.S.__, 128 S.Ct. 2783 (2008) ...................................................................... passim

FW/PBS, Inc. v. City of Dallas, supra,
  493 U.S. 215 (1990) ..................................................................................................... 9

Huffman v. Pursue,
  420 U.S. 592 (1975) ................................................................................................... 11

Kaufman v. Kaye,
  466 F.3d 83 (2d Cir. 2006) ........................................................................................ 11

Leepson v. Allan Riley Co., Inc.,
  No. 04 Civ. 3720 (LTS)(AJ), 2006 WL 2135806 (S.D.N.Y. 2006) ............................. 6

Leonard F. v. Israel Disc. Bank of N.Y.,
  199 F.3d 99 (2d Cir. 1999) .......................................................................................... 5

Mack v. United States,
  --- A.3d ----, 2010 WL 4340932 (D.C. App. November 4, 2010) ............................ 13

MacPherson v. Town of Southampton,
  --- F. Supp. ---, 2010 WL 3603128 (E.D.N.Y. Sept 7, 2010) .................................. 14

McDonald v. City of Chicago, Ill.,
  __U.S.__, 130 S.Ct. 3020 (2010) ...................................................................... passim

Middlesex County Ethics Comm'n v. Garden State Bar Assn,
   457 U.S. 423 (1982).................................................................................................. 11

Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. N.Y.S. Dept. of Env. Cons.,
   79 F.3d 1298 (2d Cir. 1996)...................................................................................... 10

New Orleans Pub. Serv., Inc. v. Council of New Orleans,
   491 U.S. 350 (1989).................................................................................................. 11

Norfolk Southern Ry. Co. v.Shulimson Bros.,
   1 F. Supp.2d 553 (W.D.N.C. 1998) ............................................................................ 5

O'Connor v. Scarpino,
   83 N.Y.2d 919 (1994) ........................................................................................ 2, 4, 9

People v. Yarbrough,
   169 Cal. App. 4th 303 (2008) ................................................................................... 11

Phifer v. City of New York,
   99 Civ. 4422, 2003 WL 1878418 (SDNY Apr. 15, 2003)........................................... 5

Portalatin v. Graham, 624 F.3d 69, 84 (2d Cir. 2010) ...................................................... 9

Railroad Comm'n v. Pullman Co.,
   312 U.S. 496 (1941).................................................................................................. 12

Robertson v. Baldwin,
   165 U.S. 275 (1897).................................................................................................. 13

Ruston v. Town Bd. for Town of Skaneateles,
   610 F.3d 55 (2d Cir. 2010).................................................................................. 13, 14

Seafarers Intern. Union of North America v. U.S. Coast Guard,
   736 F.2d 19 (2d Cir. 1984)........................................................................................ 10

Spargo v. N.Y. State Comm'n on Judicial Conduct,
   351 F.3d 65 (2d Cir. 2003)........................................................................................ 11

State v. Knight,
   --- P. 3d ---,2010 WL 3928853 (Kan. App. Oct. 8, 2010) ........................................ 13

Thomas v. Union Carbide Agr. Products Co., supra,
   473 U.S. (1985).......................................................................................................... 9

U.S. v. Fernandez-Antonia, 278 F.3d 150 (2d Cir. 2002) .................................................. 9

Vale v. Eidens,
    290 A.D.2d 612 (3d Dep't 2002) ............................................................................... 2, 9

Warth v. Seldin,
    422 U.S. 490 (1975) ........................................................................................................ 9

**United States Constitution**

Second Amendment .................................................................................................. passim
Fourteenth Amendment ................................................................................. 4, 5, 7, 13, 14
Article III ............................................................................................................................. 8

**Federal Statutes**

42 U.S.C. §1983 .................................................................................................... 2, 13, 14

**State Statutes**

New York Penal Law § 265 (10) ........................................................................................ 7
New York Penal Law § 400.00(2)(f) ................................................................ 2, 5, 7, 9, 12

## **PRELIMINARY STATEMENT**

State Defendants Susan Cacace, Jeffrey A. Cohen, Albert Lorenzo and Robert K. Holdman, judges in the County and Supreme Courts, Westchester County, New York, submit this Supplemental Memorandum of Law in Support of the State Defendants' Motion to Dismiss the Complaint ("Supplemental Memorandum"), responding to the First Amended Complaint ("FAC") filed on November 8, 2010, by original Plaintiffs Alan Kachalsky, Christina Nikolov and the Second Amendment Foundation, Inc. and new Plaintiffs Eric Detmer, Johnnie Nance and Anna Marcucci-Nance.[1] The FAC also added new State Defendants Albert Lorenzo and Robert K. Holdman. This Supplemental Memorandum incorporates by reference and supplements the Memorandum of Law in

---

[1] The circumstances of the filing of the First Amended Complaint are set forth in the Declaration of Anthony J. Tomari in Support of State Defendants' Supplemental Memorandum ("Tomari Declaration"). A copy of the First Amended Complaint is attached as Exhibit 1 to the Tomari Declaration. Pursuant to the October 8, 2010 order of this Court, docket # 13, State Defendants' motion to dismiss Plaintiffs' original July 15, 2010 Complaint was to be served on November 5, 2010. The original and new plaintiffs attempted to make an ECF filing of their First Amended Complaint on the evening of November 4, 2010, that filing was rejected by the Court's ECF system, see docket entry # 15, and the First Amended Complaint was filed and accepted by the ECF system on November 8, 2010, see docket entry # 18. Upon receiving an ECF notification of the Plaintiffs' November 4 submission, counsel for the State Defendants obtained a copy of the proposed First Amended Complaint from the PACER system on the morning of November, 5, 2010, the date their dismissal motion was due, and by immediate letter to the Court on November 5, 2010, requested a new briefing schedule to permit the State Defendants, including the newly named judges who had not been served, to address their dismissal motion to this superseding pleading. Tomari Declaration, Exhibit 2. The County of Westchester made the same request to the Court on that date. Tomari Declaration, Exhibit 3. Plaintiffs' counsel opposed alteration of the briefing schedule. Tomari Declaration Exhibit 4. State Defendants briefly responded by further letter of November 5, 2010. Tomari Declaration, Exhibit 5. By a November 5, 2010 memo endorsement of this Court, docket # 17, which was received by counsel for the State Defendants on November 8, 2010, Tomari Declaration Exhibit 6, the Court declined to set a new briefing schedule for the First Amended Complaint, ordered that the original Defendants serve their motions to dismiss by November 9, 2010, that as regards the State Defendants, the motion should address the allegations by the original plaintiffs against the original State Defendants contained in the original Complaint, and that by December 6, 2010, the State Defendants could add any additional arguments regarding the new Plaintiffs, new State Defendants and the further allegations in the First Amended Complaint as necessary. Accordingly, original State Defendants Cacace and Cohen served their Memorandum of Law in Support of the State Defendants' Motion to Dismiss the Complaint on November 9, 2010, addressing their motion to the original Complaint, with the understanding that claims and arguments relevant to the newly added plaintiffs against the newly added State Defendants, and changes contained in the First Amended Complaint would be addressed in a subsequent briefing. This Supplemental Memorandum is that briefing.

Support of the State Defendants' Motion to Dismiss the Complaint which was served on November 9, 2010 ("Initial Motion").

In District of Columbia v. Heller, __U.S.__, 128 S.Ct. 2783, 2817 (2008), the Supreme Court held for the first time that the Second Amendment protects an individual right to possess firearms for self defense in "hearth and home". On June 28, 2010, in McDonald v. City of Chicago, Ill., __U.S.__, 130 S.Ct. 3020 (2010), the Supreme Court held for the first time that the Second Amendment right recognized in Heller is applicable to the states. Heller and McDonald have spawned a number of cases across the country challenging state and local gun laws as unconstitutional, of which the instant case is one.

By Complaint filed on July 15, 2010, Plaintiffs Alan Kachalsky ("Kachalsky"), Christina Nikolov ("Nikolov") and the Second Amendment Foundation, Inc. ("SAF") brought claims pursuant to 42 U.S.C. §1983 against State Defendants Cacace and Cohen, and against the County of Westchester, alleging that New York's statutory requirement that an applicant for a license to carry a concealed handgun in public demonstrate that "proper cause exists for the issuance thereof" violates the Second Amendment to the United States Constitution. See New York Penal Law § 400.00(2)(f). The statute itself does not define "proper cause" leaving licensing officials, like the state judges named herein, discretion in making said determination and making those licensing determinations subject to challenge in the state courts. Bach v. Pataki, 408 F.3d 75, 80 (2d Cir. 2005); O'Connor v. Scarpino, 83 N.Y.2d 919, 920 (1994); Vale v. Eidens, 290 A.D.2d 612, 612-613 (3d Dep't 2002).

2

By ECF submission completed on November 8, 2010, Plaintiffs filed a First Amended Complaint ("FAC"), naming three additional Plaintiffs, Eric Detmer, Johnnie Nance and Anna Marcucci-Nance, and two additional State Defendants, the Honorable Alberto Lorenzo and the Honorable Robert K. Holdman, both judges of the Supreme Court, Westchester County. The FAC attempts to remedy jurisdictional deficiencies of the original Complaint by adding new Plaintiffs who received denials of concealed carry license applications from the new State Defendants after the June 28, 2010 decision of the Supreme Court in McDonald. The FAC does not allege that any of the new Plaintiffs have filed an Article 78 proceeding to challenge their licensing determinations.

On November 9, 2010, State Defendants Cacace and Cohen served a motion to dismiss the Complaint on jurisdictional and substantive grounds, including that Plaintiffs' claims are not ripe; Plaintiffs lacked standing to prosecute this action; based upon principles of comity, equity and federalism, this Court should abstain from hearing this action; and Plaintiffs are barred from re-litigating their state license decisions here. The jurisdictional objections asserted by the State Defendants noted that original Plaintiffs Kachalsky and Nikolov had not applied for a license following the Supreme Court decision in McDonald which first made the Second Amendment applicable to the states, and thus could not be heard to complain that their Second Amendment rights had been violated. Further, the State Defendants asserted that in an issue of such paramount public importance as the State's regulation of the concealed carrying of handguns, where the challenged statute accords discretion to State and local officers in interpreting and applying a State statute, and where State courts have not yet spoken to the issue, the

3

federal court should not in the first instance interpret this State statute without affording the State courts the opportunity to consider the statute following the McDonald decision.

The State Defendants' motion to dismiss also argued as a matter of substantive law that the Complaint failed to state cognizable Second Amendment or Fourteenth Amendment equal protection claims.

Pursuant to the November 5, 2010 order of this Court, this brief is submitted to supplement the November 9, 2010 motion to dismiss by State Defendants. All arguments in that motion are re-asserted and re-stated as against the FAC. State Defendants ask that the Court dismiss the First Amended Complaint for the reasons set forth in the State Defendants' motion to dismiss, as supplemented herein.

Whether framed as lack of jurisdiction because the claims are not ripe or that Plaintiffs lack standing, or as relating to justiciability and abstention in light of the serious federalism concerns implicated in this case, this Court should dismiss this action. The regulation of the carrying of concealed handguns is a matter of such fundamental public policy importance that New York State has regulated the possession of weapons since 1849 and the carrying of handguns since 1911. Bach v. Pataki, 408 F.3d 75, 78 (2d Cir. 2005). Unlike the municipalities in Heller and McDonald, New York has not banned handguns but instead has established a licensing scheme whereby concealed-carry licenses are granted upon a showing of "proper cause," according discretion to licensing officials and allowing the State courts to determine the meaning of this State statute. See O'Connor v. Scarpino, 83 N.Y.2d at 920; Bach v. Pataki, 408 F.3d at 78. Plaintiffs in this case claim that the New York State courts' pre-Heller/McDonald interpretation of the statute violates their Second Amendment rights. State Defendants submit that the

question of whether interpretation of this State statute should be modified in consideration of Heller/McDonald is more appropriately first determined through the State court system, and that this Court should allow the State court system to interpret the statutory "proper cause" requirement in a manner consistent with Heller/McDonald.

The FAC also suffers from the same substantive defects as the original Complaint, fails to state actionable Second Amendment or Fourteenth Amendment equal protection claims, and should be dismissed for the reasons stated in the State Defendants' initial motion to dismiss as supplemented herein.

## STATEMENT OF NEW FACTS ASSERTED
## IN THE FIRST AMENDED COMPLAINT

**A.   New Plaintiffs**

**1. Eric Detmer.**

Plaintiff Eric Detmer serves in the United States Coast Guard one weekend a month during which service he is authorized to carry a handgun. FAC ¶ 31.[2] He has a State license to carry a handgun for the purposes of target shooting. FAC ¶ 32. Detmer applied to amend his license to a "full carry" permit pursuant to Penal Law § 400.00(2)(f). Detmer's application was denied by decision of defendant the Honorable Albert Lorenzo, Justice of the Supreme Court, Westchester County dated September 27, 2010. FAC ¶ 32. Tomari Declaration Exhibit 7.[3] Judge Lorenzo held that Detmer had not provided a justification for a full carry permit. FAC ¶ 32.

---

[2] The facts alleged in the FAC are assumed to be true for purposes of this motion.

[3] On a motion to dismiss, a court may consider facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken. Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999). Materials available in the public record may be considered, as well as documents published by governmental organizations and legislative materials that are central to a plaintiff's claims. See Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir. 1991); Norfolk Southern Ry. Co. v.Shulimson Bros., 1 F. Supp. 2d 553, 555 n.1 (W.D.N.C. 1998); Phifer v. City of N.Y., 2003 WL 1878418, at *2 (S.D.N.Y. Apr.

5

### 2.     Johnnie Nance.

Plaintiff Johnnie Nance has a license to carry a handgun for the limited purposes of target shooting. Nance applied for a "full carry" license. On or about September 9, 2010, defendant the Hon. Robert K. Holdman denied the application. FAC ¶¶ 34-35. In his Decision and Order, Judge Holdman considered whether the Second Amendment right recognized in Heller invalidated New York's licensing statutes and determined that it did not. Judge Holdman specifically held that "those charged with the duty to oversee handgun licensing, such as this Court, must, in the opinion of this Court, recognize and honor the right while at the same time recognizing the limits to the right to bear arms under the Second Amendment." Tomari Declaration, Exhibit 8. Judge Holdman found that under New York law, Nance had to establish proper cause for the issuance of a "full carry" license and that, having failed to provide the court "with any information that he faces any danger of any kind that would necessitate the issuance of a full carry firearm license", his application had to be denied. Tomari Declaration, Exhibit 8, p. 3-4.

### 3.     Anna Nance-Marcucci.

Plaintiff Anna Marcucci-Nance, the wife of Plaintiff Nance, possesses a limited handgun license for target shooting. FAC ¶¶ 36, 37. She applied for a full carry license. Her application was denied by a September 9, 2010 Decision and Order by Judge Holdman. Tomari Declaration, Exhibit 9. Judge Holdman held that Plaintiff Marcucci-Nance had not established proper cause for issuance of a full carry license.

---

14, 2003). A court also may consider "documents that are 'integral' to the complaint," along with "documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied on in bringing suit." Leepson v. Allan Riley Co., Inc., No. 04 Civ. 3720(LTS)(AJ), 2006 WL 2135806, at *2 (S.D.N.Y. 2006) (citations omitted).

6

**B.     New State Defendants.**

New State Defendants Judges Alberto Lorenzo and Robert K. Holdman are Justices of the Supreme Court, Westchester County, who also act as gun licensing officers for that county, in accordance with Penal Law § 265 (10). It is alleged that they are "responsible for executing and administering the laws, customs, practices, and policies at issue in this lawsuit" in contravention of Plaintiffs' "interests". FAC ¶¶ 9, 10. The only factual allegations asserted against them are their denial of Plaintiffs' applications for concealed carry licenses.

**C.     New Allegations.**

With the exception of the facts alleged relating to the new parties, the only substantive change in the First Amended Complaint is Plaintiffs' addition of language to their equal protection claim alleging that the challenged statute, Penal Law § 400.00(2)(f), unfairly classifies individuals "on the basis of irrelevant, arbitrary and speculative criteria in the exercise of a fundamental right" and therefore violates Plaintiffs' Fourteenth Amendment right to equal protection of the law. FAC ¶ 43.

## ARGUMENT

### POINT I

**PLAINTIFFS' CLAIMS ARE SUBJECT TO DISMISSAL ON PROCEDURAL GROUNDS.**

**A.     The New Plaintiffs' Claims Are Subject to Dismissal as They Fail to State a Justiciable Case or Controversy.**

In their initial motion to dismiss, State Defendants argued that the Plaintiffs' claims were not ripe because, to the extent that the Plaintiffs argued that the Supreme Court decisions in Heller and McDonald effected a change in the law rendering the denial

7

of their license applications unconstitutional, they had not applied for concealed carry licenses since the decision in McDonald, had not afforded the State the opportunity to interpret and apply the challenged statute in the context of McDonald, and thus the Plaintiffs had not been denied rights by the State which were accorded to them by McDonald. In the FAC, Plaintiffs attempt to remedy such deficiencies by adding Plaintiffs Detmer, Nance and Marcucci-Nance who received denials of their concealed carry license applications after the McDonald decision. State Defendants submit that the claims asserted by Detmer, Nance and Marcucci-Nance are nonetheless procedurally flawed.[4]

In McDonald and Heller, the Supreme Court recognized an individual right to possess a handgun for self-defense in the home and struck down handgun bans that totally forbade the same. In his majority opinion in Heller, Justice Scalia specifically acknowledged "the problem of handgun violence" and the "tools" government may use to fight the same. Heller, 128 S.Ct. at 2822. The Court recognized that states and localities would have to find the proper balance between individual rights and state interests and expressly referred to this occurring by "[s]tate and local experimentation". McDonald, 130 S.Ct. at 3046. Given this context, Plaintiffs' election to not submit their post-McDonald constitutional challenges to the State courts for determination should result in dismissal of their claims in this federal forum for failure to assert a sufficiently concrete and crystallized "case and controversy" under Article III of the constitution. See

---

[4] The claims asserted in the FAC by organizational Plaintiff the Second Amendment Foundation, Inc. ("SAF") do not differ materially from those in the original Complaint. SAF does not allege that original Plaintiffs Kachalsky and Nikolov or new plaintiffs Detmer, Nance and Marcucci-Nance are members of SAF; has not asserted facts demonstrating that the organization or any of its members have suffered a concrete and particularized constitutional injury; and has failed to show any injury to its members of sufficient immediacy and ripeness to warrant judicial intervention. Thus, SAF's claims in the FAC should be dismissed for the reasons set forth in State Defendants' initial motion to dismiss.

8

FW/PBS, Inc. v. City of Dallas, supra, 493 U.S. 215, 230 (1990); Warth v. Seldin, 422 U.S. 490, 498-99 (1975).

Pursuant to the licensing scheme established by the New York State Legislature, concealed carry, or "full carry", licenses may be granted upon a determination of "proper cause". Penal Law § 400.00(2)(f). The State licensing system provides for individualized determinations by licensing officers, who are state court judges throughout most of the state, and such determinations are subject to State court judicial review, with judicial determination and definition of the "proper cause" standard. Bach v. Pataki, 408 F.3d at 80; O'Connor v. Scarpino, 83 N.Y.2d at 920; Vale v. Eidens, 290 A.D.2d at 612-613. While State Defendants maintain that Heller and McDonald do not establish a fundamental right to "carry functional handguns in non-sensitive public places for purposes of self-defense," in this case State Defendants also submit that because the federal courts should defer to State Courts in interpreting state law, the New York courts should be permitted the opportunity to consider whether the interpretation heretofore applied by the State courts should be modified by those courts following Heller/McDonald. U.S. v. Fernandez-Antonia, 278 F.3d 150, 162 (2d Cir. 2002)("It is axiomatic, however, that when interpreting state statutes federal courts defer to state courts' interpretation of their own statutes."); see also Portalatin v. Graham, 624 F.3d 69, 84 (2d Cir. 2010).

Absent a definitive state court interpretation of the "proper cause" requirement following McDonald, Plaintiffs cannot state how the challenged will be applied in New York and they thus lack standing and/or their claims are not ripe. See Thomas v. Union Carbide Agr. Products Co., supra, 473 U.S. at 568, 580-81 (1985). While the law does

9

not require that a plaintiff exhaust state remedies, as a matter of federalism and comity, and because the interpretation of a challenged state statute is ordinarily best made by state courts, the Plaintiffs here present claims which turn on interpretation of state law and should not be permitted to demand a federal court ruling without pursuing their claims in the state courts to permit state court construction of the challenged law which could potentially avoid a constitutional question.

Exhaustion and ripeness are separate, though overlapping, concepts relating to justiciability. Seafarers Intern. Union of North America v. U.S. Coast Guard, 736 F.2d 19, 26 (2d Cir. 1984). Failure to allow the state courts to consider state law questions may render a federal claim unripe, particularly where the finality of a challenged determination or action is not clear and the record before the federal Court is "barebones". Id. Permitting the State court system to rule on Plaintiffs' claims will allow the parties, and federal courts, to ascertain how the challenged "proper cause" standard will actually be defined and applied in New York rather than speculating about interpretations. In the absence of a developed State court judicial record, this Court risks entangling itself in an abstract conflict involving New York's definition of "proper cause" where the law that Plaintiffs ask this Court to adjudicate has not been defined by State court determinations, including as interpreted by the State appellate courts. Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. N.Y.S. Dept. of Env. Cons., 79 F.3d 1298, 1305 (2d Cir. 1996).

**B.      This Court Must Abstain from Hearing This Claim.**

In addition to the foregoing standing and ripeness issues, it cannot be denied that the elements for abstention are present both for the original parties and the new parties.

All of the requirements for mandatory abstention under the Younger abstention doctrine are present: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) plaintiff has an adequate opportunity for judicial review of the federal claims, in that proceeding. Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003); Diamond "D" v. McGowan, 282 F.3d at 198. New Plaintiffs Detmer, Nance and Marcucci-Nance have received licensing determinations since September 9, 2010. All can seek state court review of those determinations, and all have an adequate opportunity to raise their objections to their licensing determinations and present their constitutional claims in the State courts. Spargo, 351 F.3d at 77-78 (2d Cir. 2003), citing Middlesex County Ethics Comm'n v. Garden State Bar Assn, 457 U.S. 423 (1982). See also Kaufman v. Kaye, 466 F.3d 83, 86-88 (2d Cir. 2006). State proceedings are deemed "ongoing" for the purposes of Younger, even if Plaintiffs have not yet sought to pursue or elect to forgo their state court remedies. New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 368-69 (1989); Huffman v. Pursue, 420 U.S. 592, 609, 611 (1975). Furthermore, it is beyond doubt that the regulation of handguns is an important state interest. See Heller, 128 S.Ct. at 2822; McDonald v. City of Chicago, 128 S.Ct. at 2816. See also People v. Yarbrough, 169 Cal. App. 4th 303, 314 (2008) ("Unlike possession of a gun for protection within a residence, carrying a concealed firearm presents a recognized threat to public order, and is prohibited as a means of preventing physical harm to persons other than the offender. A person who carries a concealed firearm on his person or in a vehicle, which permits him immediate access to the firearm but impedes others from detecting its presence, poses an imminent threat to public safety"). Thus, there being an important state interest

11

at issue and state proceedings adequate to provide review of Plaintiff's federal claims, this Court must abstain pursuant to the Younger abstention doctrine.

Similarly, the Pullman and Burford abstention doctrines are as applicable to Plaintiffs' First Amended Complaint as they were to Plaintiffs' original Complaint. See State Defendants' Initial Motion at p. 31. Based upon principals of federalism and comity, this Court should abstain from exercising its jurisdiction to allow resolution of the state law question in the state forum and should permit the State courts to be heard upon the interpretation of the State statutory scheme. Railroad Comm'n v. Pullman Co., 312 U.S. 496, 501 (1941); Burford v. Sun Oil Co., 319 U.S. 315, 318 (1943).

## POINT II

### THERE IS NO CONSTITUTIONAL RIGHT TO CARRY CONCEALED HANDGUNS IN PUBLIC AND PLAINTIFFS THUS FAIL TO STATE CLAIMS FOR VIOLATION OF THEIR SECOND AMENDMENT RIGHTS.

Plaintiffs' Second Amendment claims in the FAC are substantively identical to those in the initial Complaint, although the paragraph numbers in the FAC vary from those in the original complaint. Plaintiffs assert that Heller and McDonald recognize a fundamental Second Amendment individual right "to carry functional handguns in non-sensitive public place for purposes of self-defense," Complaint ¶ 10, FAC ¶15, and that "states may not completely ban the carrying of handguns in non-sensitive places, deprive individuals of the right to carry handguns in an arbitrary and capricious manner, or impose regulations on the right to carry handguns that are inconsistent with the Second Amendment," Complaint ¶13, FAC ¶18. As regards New York's "proper cause" provision, Plaintiffs contend that "individuals cannot be required to demonstrate any unique, heightened need for self-defense apart from the general public in order to

12

exercise the right to keep and bear arms," Complaint ¶ 28, FAC ¶40, and that both facially, and as applied to Plaintiffs individually, the requirement of Penal Law §400.00(2)(f) that an applicant demonstrate "proper cause" for issuance of a full carry permit violates the Second Amendment.[5] Complaint ¶ 29, FAC ¶41. The Second Amendment claims in the FAC should be dismissed for the reasons set forth in Point V of State Defendants' Initial Motion.

## POINT III

### PLAINTIFFS HAVE FAILED TO STATE AN EQUAL PROTECTION CAUSE OF ACTION

In Count II of the First Amended Complaint Plaintiffs attempt to restate the "class of one" Fourteenth Amendment equal protection claim asserted in the original Complaint by adding language that the challenged statute classifies individuals unfairly "on the basis of irrelevant, arbitrary and speculative criteria in the exercise of a fundamental right." This general language does not remedy the defects of the Equal Protection claim.

As is discussed in the State Defendants Initial Motion, Point VI, the Second Circuit has recently emphasized that plaintiffs alleging § 1983 "class of one" equal

---

[5] Plaintiffs' proposed expansion of the right recognized in Heller has been rejected by many other courts. For example, on November 4, 2010 the District of Columbia Court of Appeals decided Mack v. United States, --- A.3d ----, 2010 WL 4340932 (D.C. App. November 4, 2010) stating:

> Heller did not recognize a right to carry concealed weapons. . . . . In Heller the Supreme Court made clear that 'the right secured by the Second Amendment is not unlimited,' and it specifically acknowledged that laws prohibiting the carrying of concealed weapons have long been upheld as appropriate limits on that right. 128 S.Ct. at 2816 ("[T]he majority of 19th century courts to consider the question held that prohibitions on carrying concealed weapons were lawful."). See Robertson v. Baldwin, 165 U.S. 275, 281-82 (1897) ("[T]he right of the people to keep and bear arms ... is not infringed by laws prohibiting the carrying of concealed weapons ......'").

See also, State v. Knight, --- P. 3d ---,2010 WL 3928853, at *14 (Kan. App. Oct. 8, 2010) stating: "Heller [must] be read narrowly, only applying to 'absolute prohibitions of handguns held and used for self-defense in the home'" that "[t]he Supreme Court's decision turned solely on the issue of handgun possession *in the home*" and that "the Court was drawing a narrow line regarding the violations related solely to use of a handgun in the home for self-defense purposes.")

13

protection claims must plead a high degree of similarity between themselves other persons to whom they compare themselves such that no rational person could regard the circumstances of the plaintiffs to differ from those of a comparator to a degree that would justify differential treatment. Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 -60 (2d Cir. 2010). Count II of the original Complaint failed fail to plead any facts warranting a conclusion that Plaintiffs were treated differently than other similarly situated persons, and the conclusory language added in Count II of the First Amended Complaint does not cure, or even address, this deficiency. See MacPherson v. Town of Southampton, --- F. Supp. ---, 2010 WL 3603128, at *13 (E.D.N.Y. Sept 7, 2010) (Applying Ruston in dismissing § 1983 class-of-one claims for failure to allege facts showing that plaintiffs were treated differently than other similarly situated individuals). For this reason, Plaintiffs' equal protection claims should be dismissed.

Furthermore, Plaintiffs' assertion that the denial of a concealed carry permit implicates a fundamental right granted by the Second Amendment as protected by the Equal Protection Clause of the Fourteenth Amendment is not well founded. As has been discussed at length in the State Defendants' Initial Motion, there is no fundamental constitutional right to carry concealed handguns in public. Initial Motion, Points V and VI, and Point II above. The equal protection claim asserted in Count II of the First Amended Complaint should be dismissed for this additional reason.

## CONCLUSION

For the reasons stated herein and in the State Defendants' motion to dismiss dated November 9, 2010, the First Amended Complaint should be dismissed in its entirety as against the State Defendants.

Dated: New York, New York
December 6, 2010

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the
State of New York
Attorney for the State Defendants
By:

ANTHONY J. TOMARI (AT-0186)
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8553

MONICA CONNELL (MC-9841)
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-8965

15