UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALAN KACHALSKY, CHRISTINA NIKOLOV, ERIC
DETMER, JOHNNIE NANCE, ANNA MARCUCCI-
NANCE, and SECOND AMENDMENT                    Case No.: 10 CV 05413 (CS)
FOUNDATION, INC.,
                            Plaintiffs,        ECF Case

-against-

SUSAN CACACE, JEFFREY A. COHEN, ALBERT
LORENZO, ROBERT K. HOLDMAN, and COUNTY
OF WESTCHESTER,

                            Defendants.
------------------------------------------------------------------x


REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE COUNTY OF WESTCHESTER'S
MOTION TO DISMISS THE INSTANT ACTION PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 8 and 12(b)(1) and (6)



ROBERT F. MEEHAN
Westchester County Attorney
Attorney for Defendant County of Westchester
148 Martine Avenue, 6th Floor
White Plains, New York 10601


Melissa-Jean Rotini (MR-4948)
   Assistant County Attorney
            Of Counsel

## PRELIMINARY STATEMENT

Pursuant to Rule 8 and Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure (hereinafter "Rule"), Defendant County of Westchester (the "County") respectfully submits this Reply Memorandum of Law in further support of its Motion to Dismiss the Amended Complaint ("Am. Complaint") and in reply to Plaintiffs' Opposition.

## ARGUMENT

## THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

"Plaintiffs' claim is that the licensing standards employed by the Defendants are unconstitutional, in that they vest unbridled discretion to license exercise of a fundamental right." Plaintiff's Opposition ("P.Opp.") at pg. 5. The very description of this case, in the Plaintiffs' own words, evidences the lack of a claim upon which relief can granted against the County. The "licensing standards" are those set by the State, and the alleged discretion in granting or denying licenses is vested in the State Judges. *See* PL §400.00(1).

The Plaintiffs' issue is with the State Law and, due to a drafting error in the initial Complaint that Plaintiffs do not want to admit, the Plaintiffs have named the County. *See* Am. Complaint, ¶ Am. Complaint ¶7, ¶8, ¶9, and ¶10 noting the State Defendants as County employees. *See* PL §265.00(10).

Plaintiffs' Opposition, much like the Amended Complaint, is rife with statements, arguments, and caselaw taken out of context to feign an issue or legal support.

### A.   The County Is Not A Proper Party

Should Plaintiffs be successful in their Constitutional challenge to the State Law, the County has no ability to redesign the statutory scheme for pistol licensing.

1

1. <u>The County Has No Control Over The Law At Issue</u>

The Plaintiffs do not dispute the lack of County control with respect to the State Law at issue and the First Amended Complaint makes no allegations that any County law, custom, or policy is implicated in any way. Just as the Plaintiffs herein assert that they do not carry firearms in public because they have been denied licenses and there are existing State Laws prohibiting the unlicensed carry, the County investigates the pistol permit applications presented because the State Law instructs that such an investigation be made.

2. <u>The County Cannot Direct the Issuance of Pistol Permit Licensing</u>

"The responsibility for determining whether an applicant has demonstrated proper cause is entrusted to the discretion of the licensing official." *See Bernstein v. Police Dep't of New York*, 85 A.D.2d 574, 445 N.Y.S.2d 716 (1st Dep't 1981)(internal citations omitted). In the geographical area of Westchester County, the licensing official is the "judges or justices… of a court of record…" (Penal Law §265.00(10)), not the County. The County does not make the determination required in the section of the law at issue in this case.

Indeed, the Amended Complaint evidences the misunderstanding of the County's role that prevails throughout the Plaintiffs papers. The Plaintiffs erroneously describe Co-Defendant State Judges as employees of "the defendant Westchester County" (Am. Complaint ¶7, ¶8, ¶9, and ¶10). The County has no control over the actions of the State's licensing officers and no ability to grant the relief requested by Plaintiffs, to wit: an order directing the issuance of full carry pistol permit licenses to the named Plaintiffs.

### 3. The County's Limited Role In Pistol Permit Licensing

Despite Plaintiffs' misstatements in Opposition, the County does not investigate to "determine whether or not 'proper cause' exist[s] and did not provide any "denial of 'proper cause'" to the licensing officers. Plaintiffs' Opposition ("P.Opp.") pg. 46. The County investigates the information provided by the applicant and the background check, and provides an investigative summary in the framework of the applicable law. All documentation related to the investigation, including the Applications submitted by the individual Plaintiffs were submitted to the Judges and, according to the decisions attached to the Rotini Declaration, all these items were reviewed by the Judges and the Judges made independent decisions, not relying solely upon the County's investigation summary.

Here, as in *Velez v. DiBella,* --- N.Y.S.2d ----, 2010 WL 3910479, 2010 N.Y. Slip Op. 07178 (2d Dep't, October 5, 2010), "[t]he respondent's written decision denying the application demonstrates that the Department's recommendation was not the sole basis for his determination" and, therefore, the decision-making authority was effectuated by the Judge. (*cf. Matter of Buffa v. Police Dept. of Suffolk County*, 47 A.D.2d 841, 366 N.Y.S.2d 162).

The only other argument as to why the County should remain in this case, as presented by Plaintiffs, is that Co-Defendant Judge Cohen listed the items he reviewed in connection with the application of Plaintiff Niikolov in his denial decision. Therefore, the County's investigation documents and the investigative summary indicating that, among other things, there was no "proper cause" found during the investigation makes the County liable because Co-Defendant Judge Cohen reviewed it as required under State Law in addition to the investigation materials and the application drafted by Plaintiff Nikolov. Such an argument is absurd.

3

"The burden of establishing 'proper cause' for the issuance of a full-carry permit is on the applicant." *See Bernstein, supra*, 85 A.D.2d at 574 (internal citations omitted), and where the applicant is admitting no proper cause existed, the County pointing to such lack of a statutory requirement for the issuance of a full carry does not implicate the County in the decision-making process.

It is within the discretion of the licensing officer, upon consideration of the information provided by an applicant, to issue a full carry permit, deny the application for a full carry permit, or issue a pistol permit with a restriction that the Court deems appropriate for the situation presented by the applicant. *See O'Connor v. Scarpino*, 83 N.Y.2d 919, 638 N.E.2d 950, 615 N.Y.S.2d 305 (1994).

Therefore, as the County did not draft the law at issue, cannot make changes to the law, does not have the authority to issue pistol permit licenses, does not employ licensing officers, has no control over the actions of the licensing officers, could not direct the relief the Plaintiffs are requesting, and acts solely at the direction of the State in connection with licensing activities, the County is not a proper party to obtain the relief requested in the Amended Complaint. Only the licensing officers, which within the geographical location of Westchester County are the judges or justices of the Court (*see* PL §265.00(10)), have the authority to grant or deny pistol permit licenses, and only the State (or the Court through a declaration of unconstitutionality) has the authority to amend, edit, alter, or otherwise change an existing State Law.

4

### B. The Amended Complaint Fails to Allege That Plaintiffs Were Deprived of Any Right Secured by the Constitution or Statutory Laws of the United States By the Defendant County

There continues to be no allegation that the Plaintiffs were deprived any right by the County. The Plaintiff's misunderstanding of the County's role continues in the Plaintiffs' Opposition where, assumedly in response to the County's argument that the Amended Complaint lacks any allegations against the County, Plaintiffs waste four (4) pages of the Court's time on caselaw that pertains to qualified immunity for individually sued actors. *See* P.Opp. pg. 43-46. Here, there are no individually named actors employed by the County. The only individually named Defendants are the State Judges.

In addition to the caselaw being irrelevant to the County, it is edited to avoid the factual realities of those cases, making the cases seem relevant. These cases cited by Plaintiffs address the availability of the qualified immunity defense for individually sued officials. Even assuming *arguendo* that the subject of the caselaw (qualified immunity for individual defendants) did apply to the County, the cases cited do not cast liability on the County. For example, *Townes v. City of New York*, 176 FR.3d 138 (2d Cir. 1999), cited by Plaintiffs on pg. 46 of their Opposition, involved a search and seizure without probable cause. The Court found that "as a matter of law, the unconstitutional seizure and search of Townes's person was not a proximate cause of his conviction because…the trial court's refusal to suppress the evidence [] is an intervening and superseding cause of Townes's conviction." In *Townes*, the police officers had no basis for the search and seizure. Here, the County is directed by statute to act.

5

Plaintiffs also rely on cases that refuse to find an intervening cause to absolve the individual defendants of liability where they acted "negligently", where the information provided to the ultimate arbiter was incomplete or an interpretation, or where the ultimate arbiter expressly stated his plan to rely solely on the recommendation of the individual defendant. *See Warner v. Orange County*, 115 F.3d 1068 (2d Cir. 2004); *Malley v. Briggs*, 475 U.S. 335 (1986) (where affidavits interpreted the meaning of the wire-tapped calls without providing the tapes); and *Back v. Hudson Union Free School Dist.*, 365 F.3d 107, 126 fn.19 (2d Cir. 2004), *respectively*.

Plaintiffs fail to allege, as they must to sustain an action under 42 U.S.C. §1983, that the County has "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right". *Zahra v. Town of Southold*, 48 F.3d 674, 683-685 (2d Cir. 1995) (internal citations omitted). Indeed, there is no County policy or custom, there is only a State Law at issue. There was no improper action on the part of the County, and if the County did not complete the statutorily required investigation, the County could then be held responsible by the State for not complying with an existing State Law. Further, as each application is different and bears a different set of facts, there is no foreseeable outcome to any pistol permit application based on the investigation.

Furthermore, it is not unreasonable that the County would comply with the State Law, as, there is no clearly established Constitutional right for a full carry pistol permit license. "…*Heller* did not endorse a right to carry weapons outside the home. Nor has the Court done so in its more recent decision in *McDonald*." *Mack v. The United States*, --- A.2d. ---, Case No.: 08-CF-603, pg. 23 (D.C. November 4, 2010). As further explained by the Court of Appeals in *Mack*:

> …*Heller* did not recognize a right to carry concealed weapons…In *Heller* the Supreme Court made clear that 'the right secured by the Second Amendment is not unlimited,' and it specifically acknowledged that laws prohibiting the carrying of concealed

6

weapons have long been upheld as appropriate limits on that right. 128 S.Ct. at 2816 ('[T]he majority of 19th century courts to consider the question held that prohibitions on carrying concealed weapons were lawful.'). *See Robertson v. Baldwin*, 165 U.S. 275, 281-82 (1897) ('[T]he right of the people to keep and bear arms ... is not infringed by laws prohibiting the carrying of concealed weapons ....' (dictum)). In short, it simply is not obvious that the Second Amendment secures a right to carry a concealed weapon. *Mack, supra,* at 23-24 (quotations and internal citations in original).

## CONCLUSION

Based upon the foregoing, the County of Westchester respectfully requests that the instant motion be granted in its entirety and that the Amended Complaint be dismissed with prejudice and for such other and further relief as to this Court may deem just and proper. Should the motion be denied, the County requests that it be allowed thirty (30) days from the date of entry of such an order to answer the Amended Complaint.

Dated: White Plains, New York
       January 26, 2011

ROBERT F. MEEHAN
Westchester County Attorney
By:

_____
Melissa-Jean Rotini (MR-4948)
Assistant County Attorney, of Counsel
148 Martine Avenue, 6th Floor
White Plains, New York 10601
914-995-3630