COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------X

In the Matter of the Application of

Alan N. Kachalsky,

for a pistol permit pursuant to
Penal Law Section 400.00

---------------------------------------------------------------X

FILED AND ENTERED
ON 10/8 2008
WESTCHESTER COUNTY CLERK

DECISION & ORDER

Index No.: 3/2008

CACACE, J.

This Court, in its capacity as handgun licensing officer for the County of Westchester (see Penal Law §265.00(10)) has been presented with the application of Alan N. Kachalsky, 47C Peck Avenue, Rye, New York, for an unrestricted full carry pistol permit. In accordance with the statutory mandate (see Penal Law §400.00 (4)), the Westchester County Department of Public Safety has conducted an investigation of the applicant's background.

In order for the issuance of a license to "have and carry concealed without regard to employment or place of possession by any person," the Court must find "proper cause exists for the issuance thereof." Penal Law §400.00(2)(f).

The Court, in exercising its broad discretion, finds "good cause" for denial of the subject application. Matter of Charles I. Anderson v. Joseph A. Mogavero, Jr. as County Court Judge of Ostego County, 116 AD2d 885.

In support of his request for an unrestricted permit, the applicant has stated that his belief is that the Second Amendment of the United States Constitution entitles him to an unrestricted permit without further establishing "proper cause." He goes on to cite the fact that we live in a world where "sporadic random violence might at any moment place one

in a position where one needs to defend oneself or possibly others.

He has not stated any facts which would demonstrate a need for self protection distinguishable from that of the general public. The Westchester County Department of Public Safety has forwarded a recommendation that his application be denied.

The Court does not find that the applicant has submitted a persuasive argument justifying the issuance of a "full carry" license.

The State has a substantial and legitimate interest and a grave responsibility for ensuring the safety of the general public. Licensing officers are vested with broad discretion in determining applications for an unrestricted pistol license, and are required to exercise their judgement on the basis of a total evaluation of relevant factors. See Fulco v. McGuire, 81 AD2d 509.

Based upon all the facts and circumstances of this application, it is my opinion that proper cause does not exist for the issuance of an unrestricted "full carry" pistol license to be issued to Alan N. Kachalsky. Accordingly, the application for an unrestricted, full carry pistol permit by Alan N. Kachalsky is denied.

The foregoing constitutes the decision and order of this Court.

Dated: White Plains, New York
October 8, 2008

_____
HON. SUSAN CACACE
County Court Judge