COUNTY COURT: WESTCHESTER COUNTY
STATE OF NEW YORK
----------------------------------------------------------------X

In the Matter of the Application of

**CHRISTINA M. NIKOLOV**

for a Pistol Certification Pursuant to Penal Law § 400.00

----------------------------------------------------------------X

FILED AND ENTERED ON OCT. 2, 2008

**DECISION & ORDER**

JEFFREY A. COHEN, J.:

    The applicant, Chritina M. Nikolov, seeks a New York State full carry pistol license. This court, in its capacity as handgun licensing officer for the County of Westchester, *see* Penal Law § 265.00(10), has been presented with the application, which includes, in accordance with Penal Law § 400.00(4), the results of the investigation that the Westchester County Department of Public Safety conducted concerning Ms. Nikolov's background.

    The application and investigation reveal, in pertinent part, that the applicant currently possesses a concealed weapon permit with full carry privileges in the State of Florida and that she is a transgender female and that as such according to the National Coalition of Anti-Violence Programs she is far more likely to be a victim of violent crime than a genetic female. In addition the applicant states that "[t]hese hate crimes are increasing locally as well as nationwide" and she appended a list of hundreds of crimes against people in similar circumstances from around the world. *See* attachment to Form WCPD-126H. Conspicuously absent, however, is the report of any type of threat to her own safety anywhere.

    Under these circumstances, and notwithstanding her accomplishments and

unblemished record, it cannot be said that the applicant has demonstrated that she has a special need for self-protection distinguishable from that of the general public; therefore, her application for a firearm license for a full carry permit must be denied. *See, e.g., In re Application of Ferrara v Safir*, 282 AD2d 383 (1st Dept 2001)(denial of license proper as petitioner failed to show that his position as the chief executive officer of a body-guard business for movie stars places him in extraordinary personal danger, or other special need for self-protection distinguishable from that of the general community); *In re Application of Kaplan v Bratton*, 249 AD2d 199 (1st Dept 1998)(denial of license upheld as petitioner's general allegations about her work hours and location were insufficient to show an extraordinary threat to her safety); *In the Matter of Bastiani*, 23 Misc3d 235 (Co. Ct Rockland Co. 2008)(applicant for a full carry pistol permit did not demonstrate a special need for self-protection distinguishable from that of the general community, even though on two occasions she assertedly feared for her personal safety in public places.)

The foregoing opinion shall constitute the decision and order of the court.

Enter.

Dated: OCT. 1, 2009
White Plains, NY

_____
County Court Judge
HON. JEFFREY A. COHEN

TO: Christina M. Nikolov
10 Franklin Avenue
White Plains, NY 10601

2

CHARLENE M. INDELICATO
County Attorney of the County of Westchester
County Office Building
148 Martine Avenue, Room 600
White Plains, New York  10601

PISTOL PERMIT DIVISION
County of Westchester
110 Dr. Martin Luther King, Jr. Blvd.
White Plains, New York  10601