COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------X

In the Matter of the Application of           DECISION

Johnnie Nance,

        Petitioner,

For an amendment to his New York State Pistol Permit.

-------------------------------------------------------------X

FILED AND ENTERED ON 9/10 2010 WESTCHESTER COUNTY CLERK

Robert K. Holdman, J.

       The following papers were read upon Petitioner's application in the above captioned proceeding:

       Johnnie Nance's Application                    1

       Department of Public Safety Report and Attachments     2

       The applicant, Johnnie Nance, has submitted an application to Westchester County to amend his New York State Pistol License (#104518) to delete target shooting and to add full carry. The applicant also seeks the addition of one firearm and the deletion of one firearm to his license. The petitioner currently has a restricted license to carry for sport target shooting issued in the County of Westchester on April 30, 2009. The petitioner requested an amendment for a fully carry to this license because of his desire to use his NRA Instructor Safety Certifications to promote safe gun handling at various locations.

1

The issuance of a pistol permit for self protection has recently been held by the United States Supreme Court to be a right protected by the Second Amendment of the United States Constitution:

> There seems to us no doubt, on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms. District of Columbia v. Heller, 554 U.S. ___ (2008); Slip op @ page 22.

However, in so holding the Supreme Court also recognized that the Second Amendment should not be "read...to protect the right of citizens to carry arms for any sort of confrontation." (Id). The individual right to bear arms is limited:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th Century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. [citations omitted]. For example, the majority of 19th Century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Slip. Op. Supra at 54.

Putting aside the question of whether the Second Amendment "individual" right to bear arms is in fact extended to the states as a fundamental right, an issue not addressed by the Supreme Court, it is clear that even if that be the case, a regulatory scheme would not run afoul of the Courts' holding. Id, pages 53-56 and footnote 26 (where the court set forth several examples of reasonable restrictions on the right to keep and carry a weapon). In striking down the District of Columbia statute as "a ban on handgun possession in the home" and thereby violative of the Second Amendment, the Supreme Court went on to hold:

2

> The Constitution leaves the District of Columbia a variety of tools for combating [handgun violence], including some measures regulating handguns. Id. at page 64.

Therefore, those charged with the duty to oversee handgun licensing, such as this Court, must, in the opinion of this Court, recognize and honor the right while at the same time recognizing the limits to the right to bear arms under the Second Amendment to the United States Constitution.

The burden of establishing "proper cause" for the issuance of a full-carry permit is upon the applicant to establish "a special need for self-protection distinguishable from that of the general community or of persons engaged in the same profession." Kaplan v. Brattan 249 A.D.2d 199 at 201, op. cit. Matter of Klenosky v. New York City Police Department 75 A.D.2d 793, affd'. 53 NY2d 685. However, Mr. Nance fails to demonstrate any concern for his safety and certainly did not distinguish himself from almost any other citizen. The Court received a report from the Westchester County Department of Public Safety, indicating that "the necessary proper cause for the issuance of a firearm license for the purpose of Full Carry has not been met by the applicant." The applicant has not provided the court with any information that he faces any danger of any kind that would necessitate the issuance of a full carry firearm license; or has not demonstrated a need for self-protection distinguishable from that of the general public or of other persons similarly situated. The Department recommends that the applicant's amendment to his New York State Pistol License be disapproved.

Penal Law section 400.00(2)(f) requires a showing of "proper cause" prior to the issuance of a carry-concealed permit as requested by the petitioner in this matter. However, the petitioner failed to demonstrate "proper cause." *Kachalsky v. Cacace*, 65

A.D.3d 1045 (2nd Dept. 2009); *Hecht v. Bivona*, 11 A.D.3d 614 (2nd Dept. 2004); *Milo v. Kelly*, 211 A.D.3d 488 (1st Dept. 1995).

In sum, the applicant has not shown sufficient circumstances to distinguish his need from those of countless others, nor has he demonstrated a specific need for self protection distinguishable from that of the general community or of persons engaged in the same business or profession. Accordingly, the petitioner's application to amend his New York State Pistol License (#104519) is denied but the application to add one firearm and to delete one firearm to the license is approved.

This constitutes the decision and order of this Court.

Dated:   September 9, 2010
         White Plains, New York

_____
Hon. Robert K. Holdman, JSC