IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | | |
|---|---|---|
| ALAN KACHALSKY, et al., | : | Case No. 10-CV-05413-CS |
| | : | |
| Plaintiffs, | : | SEPARATE STATEMENT OF |
| | : | UNDISPUTED MATERIAL FACTS |
| v. | : | IN SUPPORT OF PLAINTIFFS' MOTION |
| | : | FOR SUMMARY JUDGMENT |
| SUSAN CACACE, | : | [L.R. 56.1] |
| | : | |
| Defendants. | : | |
| | : | |

----------------------------------------------------X

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**COME NOW** the Plaintiffs, Alan Kachalsky, Christina Nikolov, Eric Detmer, Johnnie Nance, Anna Marcucci-Nance, and Second Amendment Foundation, Inc., by and through undersigned counsel, and submit their Separate Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment.

Dated: January 5, 2011                              Respectfully submitted,

Alan Gura*                                          Vincent Gelardi
Gura & Possessky, PLLC                              Gelardi & Randazzo
101 N. Columbus Street, Suite 405                   800 Westchester Avenue, Suite S-608
Alexandria, VA 22314                                Rye Brook, NY 10573
703.835.9085/Fax 703.997.7665                       914.251.0603/Fax 914.253.0909
Lead Counsel                                        Local Counsel
*Admitted Pro Hac Vice


                                                    By: _____
                                                         Alan Gura

                                                    Attorneys for Plaintiffs

| Fact | | Support | |
|---|---|---|---|
| 1. | Unlicensed possession of any firearm is a class A misdemeanor. | 1. | New York Penal Law § 265.01(1). |
| 2. | Unlicensed possession of a loaded firearm outside one's home or place of business constitutes "Criminal Possession of a Firearm in the Second Degree," a class C felony. | 2. | New York Penal Law § 265.03(3). |
| 3. | For most civilians who are not otherwise barred from possessing and carrying weapons, the only theoretically-available permit to carry handguns in public for self-defense is a permit "to have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof." | 3. | New York Penal Law §§ 265.20, 400.00(2)(f). |
| 4. | Plaintiffs Kachalsky, Nikolov, Detmer, Nance, and Marcucci-Nance, all reside in Westchester County. Each (a) is over 21 years old, (b) of good moral character, (c) has never been convicted of a felony or serious crime, (d) has never been mentally ill or confined to any institution, (e) has not had a license revoked or been the subject of a family court order, and (f) with exception of Plaintiff Detmer, who is qualified under subdivision 400.00.1(i), has completed a firearms safety course. | 4. | Kachalsky Decl., ¶ 1; Nikolov Decl., ¶ 1; Detmer Decl., ¶¶ 1-2; Nance Decl., ¶ 1; Marcucci-Nance Decl., ¶ 1. |
| 5. | Because Plaintiffs reside in Westchester County, their applications for gun carry licenses are passed on by state judges acting as licensing officers. | 5. | N.Y. Penal Law § 265.00(10) |
| 6. | Kachalsky's application for a handgun carry license pursuant was referred for decision to Defendant Susan Cacase, "in [her] capacity as handgun licensing officer for the County of Westchester." | 6. | Exh. A. |

| Fact | | Support | |
|---|---|---|---|
| 7. | Defendant Westchester County recommended that Kachalsky's carry permit application be denied. | 7. | Exh. A. |
| 8. | On October 8, 2008, Cacace denied Kachalsky's permit application, offering that Kachalsky "has not stated any facts which would demonstrate a need for self protection distinguishable from that of the general public. Accordingly, Cacace found Kachalsky did not satisfy the requirement of New York Penal Law § 400.00(2)(f) that "proper cause" be shown for issuance of the permit. | 8. | Exh. A. |
| 9. | Kachalsky would apply again for a carry license, but refrains from doing so because any such application would likely be a futile act, as in all likelihood, he cannot satisfy the proper cause standard, which has already been applied to him. | 9. | Kachalsky Decl., ¶ 3 |
| 10. | Plaintiff Christina Nikolov's application for a handgun carry license pursuant to New York Penal Law § 400.00 was referred to Defendant Jeffrey A. Cohen "in [his] capacity as handgun licensing officer for Westchester County." | 10. | Exh. B. |

**Fact**                                                                                                                                              **Support**

11. On October 1, 2009, Cohen denied Nikolov's permit application. Reviewing the application and Defendant County's investigation of Nikolov, Cohen offered that "conspicuously absent . . . is the report of any type of threat to her own safety anywhere. . . it cannot be said that the applicant has demonstrated that she has a special need for self-protection distinguishable from that of the general public; therefore, her application for a firearm license for a full carry permit must be denied.     11. Exh. B.

12. Plaintiff Eric Detmer serves in the United States Coast Guard, for one weekend each month and two full weeks each year. Since 2004, Detmer has been a qualified Boarding Team Member. Although lacking authority to arrest, Detmer carries a .40 caliber handgun while on duty with the Coast Guard, which he surrenders each time upon leaving duty. Detmer qualifies semi-annually with his handgun, regularly taking a non-firing judgmental pistol course, a firing tactical pistol course, and use-of-force training.     12. Detmer Decl., ¶ 2

13. Detmer is licensed to have a private handgun for the limited purpose of target shooting and hunting. Pursuant to New York Penal Law § 400.00, Detmer applied to amend his license for the purpose of "full carry."     13. Detmer Decl., ¶ 3.

| **Fact** | | **Support** | |
|---|---|---|---|
| 14. | On September 3, 2010, Defendant Westchester County recommended that the application be disapproved, as Detmer's need to enforce laws while off-duty was "speculative," and Detmer "has not substantiated that he faces danger during non employment hours that would necessitate the issuance of a full carry firearm license" and "has not demonstrated an exceptional need for self protection distinguishable from that of the general public." | 14. | Exh. C. |
| 15. | On September 27, 2010, Defendant Lorenzo denied Detmer's application, stating, "At this time, I see no justification for a full carry permit." | 15. | Exh. D. |
| 16. | Plaintiff Johnnie Nance is licensed to have a private handgun for the limited purpose of target shooting. Pursuant to New York Penal Law § 400.00, Nance applied to amend his license for the purpose of "full carry" for self-defense. | 16. | Nance Decl., ¶ 2 |
| 17. | Or about August 11, 2010, Defendant Westchester County recommended that Nance's application be disapproved, as "No safety related concerns have been cited by the applicant," and Nance "has not demonstrated an exceptional need for self protection distinguishable from that of the general public." | 17. | Exh. E |

**Fact**             **Support**

18. On September 9, 2010, Defendant Holdman denied Nance's application for a carry permit. Holdman cited Defendant County's recommendation for denial, and its finding that Nance had not demonstrated any exceptional need for the permit. Holdman further stated, "The applicant has not provided the court with any information that he faces any danger of any kind that would necessitate the issuance of a full carry firearm license; or has not demonstrated a need for self protection distinguishable from that of the general public or of other persons similarly situated."

    18. Exh. F.

19. Citing the denial of Kachalsky's application, Holdman found Nance did not demonstrate "proper cause" within the meaning of the governing provision. Holdman continued: "In sum, the applicant has not shown sufficient circumstances to distinguish his need from those of countless others, nor has he demonstrated a specific need for self protection distinguishable from that of the general community or of persons engaged in the same business or profession."

    19. Exh. F

20. Plaintiff Anna Marcucci-Nance is licensed to have a private handgun for the limited purpose of target shooting. Pursuant to New York Penal Law § 400.00, Marcucci-Nance applied to amend her license for the purpose of "full carry" for self-defense,

    20. Marcucci-Nance Decl., ¶ 2.

| Fact | | Support | |
|---|---|---|---|
| 21. | On August 11, 2010, Defendant Westchester County recommended that the application be disapproved, as "No safety related concerns have been cited by the applicant," and Marcucci-Nance "has not demonstrated an exceptional need for self protection distinguishable from that of the general public." | 21. | Exh. G |
| 22. | On September 9, 2010, Holdman denied Marcucci-Nance's application for a carry permit. Holdman cited Defendant County's recommendation for denial, and its finding that Marcucci-Nance had not demonstrated any exceptional need for the permit. Holdman further stated, "The applicant has not provided the court with any information that she faces any danger of any kind that would necessitate the issuance of a full carry firearm license; or has not demonstrated a need for self protection distinguishable from that of the general public or of other persons similarly situated." | 22. | Exh. H |
| 23. | Citing the denial of Kachalsky's application, Holdman found Marcucci-Nance did not demonstrate "proper cause" within the meaning of the governing provision. Holdman continued: "In sum, the applicant has not shown sufficient circumstances to distinguish her need from those of countless others, nor has she demonstrated a specific need for self protection distinguishable from that of the general community or of persons engaged in the same business or profession." | 23. | Exh. H |
| 24. | Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. | 24. | Versnel Decl., ¶ 2 |

| Fact | | Support | |
|---|---|---|---|
| 25. | SAF has over 650,000 members and supporters nationwide, including many in Westchester County, New York. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. | 25. | Versnel Decl., ¶ 2 |
| 26. | SAF expends its resources encouraging exercise of the right to bear arms, and advising and educating their members, supporters, and the general public about the policies with respect to the public carrying of handguns in New York. The issues raised by, and consequences of, Defendants' policies, are of great interest to SAF's constituency. Defendants' policies regularly cause the expenditure of resources by SAF as people turn to it for advice and information. | 26. | Versnel Decl., ¶ 3 |
| 27. | Defendants' policies bar SAF's members and supporters from obtaining permits to carry handguns. | 27. | Versnel Decl., ¶ 4 |
| 28. | Plaintiffs Alan Kachalsky, Christina Nikolov, Eric Detmer, Johnnie Nance, Anna Marcucci-Nance, and the members and supporters of plaintiff SAF, would carry functional handguns in public for self-defense, but refrain from doing so because they fear arrest, prosecution, fine, and imprisonment for lack of a license to carry a handgun. | 28. | Kachalsky Decl., ¶ 4; Nikolov Decl., ¶ 4; Detmer Decl., ¶ 6; Nance Decl., ¶ 6; Marcucci-Nance Decl., ¶ 6; Versnel Decl., ¶ 5. |