UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ALAN KACHALSKY, CHRISTINA NIKOLOV, ERIC
DETMER, JOHNNIE NANCE, ANNA MARCUCCI-
NANCE, and SECOND AMENDMENT
FOUNDATION, INC.,
        Plaintiffs,

-against-

SUSAN CACACE, JEFFREY A. COHEN, ALBERT
LORENZO, ROBERT K. HOLDMAN, and COUNTY
OF WESTCHESTER,
        Defendants.
-------------------------------------------------------------------x

**DECLARATION OF
MELISSA-JEAN ROTINI IN
OPPOSITION TO
PLAINTIFFS' MOTION
FOR SUMMARY
JUDGMENT**

Case No.: 10 CV 05413 (CS)

ECF Case

Melissa-Jean Rotini, pursuant to 28 U.S.C. §1746, declares:

1.  I am an Assistant County Attorney in the Office of Robert F. Meehan, Westchester
County Attorney, attorney for Defendant County of Westchester (hereinafter referred
to as "County") in the above-captioned matter.

2.  I submit this Declaration in Opposition to the Plaintiffs Motion for Summary
Judgment, as more specifically set forth in the accompanying Memorandum of Law.

3.  Annexed hereto are the following Exhibits:

  Exhibit A  Declaration of Bruce B. Bellom.

  Exhibit B  A Blank Pistol Permit Application Form for an initial Pistol Permit
        License; a blank Pistol Permit License Application for an Amendment/
        Restriction Change; a blank Background Investigation Worksheet; a
        blank Full Carry Attachment; and a blank Character Reference Letter,
        together with the approval from the New York State Police.

  Exhibit C  Decision of Co-Defendant Judge Cacace with respect to the Pistol
        Permit License Application of Plaintiff Kachalsky, filed and entered
        October 8, 2008.

  Exhibit D  Decision of Co-Defendant Judge Cohen with respect to the Pistol
        Permit License Application of Plaintiff Nikolov, filed and entered
        October 2, 2008.

  Exhibit E  Decision of Co-Defendant Judge Lorenzo with respect to the Pistol
        Permit License Application of Plaintiff Detmer, dated September 27,
        2010.

Exhibit F     Decision of Co-Defendant Judge Holdman with respect to the Pistol Permit License Application of Plaintiff Nance, filed and entered September 10, 2010.

Exhibit G     Decision of Co-Defendant Judge Holdman with respect to the Pistol Permit License Application of Plaintiff Marcucci-Nance, filed and entered September 10, 2010.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: White Plains, New York
        January 26, 2011

                                 _____
                                   Melissa-Jean Rotini (MR-4948)
                                   Assistant County Attorney, of Counsel

# EXHIBIT A:
# Declaration of Bruce B. Bellom

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ALAN KACHALSKY, CHRISTINA NIKOLOV, ERIC DETMER, JOHNNIE NANCE, ANNA MARCUCCI-NANCE, and SECOND AMENDMENT FOUNDATION, INC.,

                                        Plaintiffs,

-against-

SUSAN CACACE, JEFFREY A. COHEN, ALBERT LORENZO, ROBERT K. HOLDMAN, and COUNTY OF WESTCHESTER,

                                        Defendants.

-------------------------------------------------------------------x

**DECLARATION OF BRUCE B. BELLOM IN SUPPORT OF OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT**

Case No.: 10 CV 05413 (CS)

ECF Case

## DECLARATION OF BRUCE B. BELLOM

The undersigned declares under penalty of perjury and in accordance with 28 U.S.C. §1746 as follows:

1.      I am the Sergeant and Commanding Officer of the Pistol Licensing Unit within the Westchester County Department of Public Safety ("County"). This declaration is respectfully submitted in Opposition to the Plaintiffs' Motion for Summary Judgment.

2.      I have been employed by the County for 29 years, have been a Sergeant with the County since 1991, and have been the Commanding Officer of the Pistol License Unit of the County since May 2007. As such, I am familiar with the practices and procedures of the County regarding the application for pistol permit licenses within the County, and thus make this declaration based upon personal knowledge of those practices and procedures as well as upon my review of records kept in the normal course of business by the County.

3.      To apply for a pistol permit license, or amend a current license, in the geographical area of Westchester County, an individual must submit an application, fingerprints, and will be subject to an investigation of the information submitted in accordance with the New

York State Penal Law §400.00 *et seq.*

4.      The application packets are maintained in the County Clerk's Office, which also stores the completed applications, whether approved or denied.

5.      The application form permits the applicant to select the type of pistol permit license for which s/he is applying, and allows the applicant to explain the reasons for seeking such a permit license. The application also asks for information as to prior criminal activity, mental health commitments, revocations of licenses, and orders of protection.

6.      Once the application is submitted, the Pistol Licensing Unit commences the investigation directed by the statutory mandate of Penal Law §400.00(4).

7.      A Detective affiliated with the Pistol Licensing Unit will take fingerprints of the applicant to conduct a criminal background check.  This is done with an electronic fingerprinting system at the time of the application.  The criminal background check for initial applications is performed through the New York State Department of Criminal Justice Services, the Federal Bureau of Investigation and the National Instant Criminal Background system.   The printed results of these background checks are then added to the investigation materials for the applicant's file.

8.      Once an individual has a pistol permit license, the Pistol Permit Unit will be automatically notified of any arrests. Therefore, where the applicant already has a pistol permit license and is seeking a restriction change, the criminal background check is updated by a search of the National Instant Criminal Background system.  The printed results of this background check update is then added to the investigation materials for the applicant's file.

9.      A request for a search of mental health records is forwarded to the State. The written results are retuned to the Pistol Licensing Unit and are then added to the investigation

materials for the applicant's file.

10.    A Detective of the Pistol Licensing Unit then investigates the content of each application, and compiles an investigative file for each such application.  This investigation includes, but is not limited to, a thorough review of the four (4) character sworn reference statements submitted with the application and verification of the information included in the application.  Any additional or different information obtained is then added to the investigation materials for the applicant's file.

11.    I review each application and investigation, and create a summary of the investigation for the New York State Judge acting as licensing officer pursuant to Penal Law §265.00(10).

12.    I then forward the application, investigation materials, and investigative summary to my superiors.  These materials are then reviewed and I receive an investigative summary from a lieutenant, the Chief Inspector of Administrative Services, the Commissioner or a Deputy Commissioner.

13.    The entire application, investigation materials, my investigative summary ,and the investigative summaries received from my superiors are then forwarded to the Judge for review and decision on the application. I believe that the Judges use their own independent review of the applications and investigation files to make their determinations.

14.    Once the Judge issues his decision, the file is returned to the County Clerk, who prints the pistol permit license or closes the file, depending upon the case.

15.    This procedure was completed for the applications submitted for each of the individual Plaintiffs at issue in this case.  No member of the Pistol Permit Unit has the authority to issue or deny a pistol permit license in the geographical areas of Westchester County.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: White Plains, NY
January 24, 2011

Bruce B. Bellom

# EXHIBIT B:
# Blank Pistol Permit Forms



**NEW YORK STATE POLICE**
DIVISION HEADQUARTERS
1220 WASHINGTON AVENUE
ALBANY, NEW YORK 12226-2252

JOHN P. MELVILLE
ACTING SUPERINTENDENT

October 20, 2010

Mr. George N. Longworth
Commissioner-Sheriff
Westchester County Department
 of Public Safety
1 Saw Mill Parkway
Hawthorne, NY 10532

Dear Commissioner Longworth:

  Reference is made to your correspondence received at this office wherein you request approval of forms which are used by the Westchester County Department of Public Safety as part of the pistol license application process. I have reviewed the forms in their entirety and find that they are in compliance with the requirements of New York State Penal Law section 400. That being the case, approval is granted for the use of all forms reviewed.

    Sincerely,

    John P. Melville
    Acting Superintendent

INSTRUCTIONS: Print or type in black ink only

| NYSID NUMBER | | | | PPB-3 (REV. 02/07) | | COUNTY OF ISSUE | | CODE |
|---|---|---|---|---|---|---|---|---|

**STATE OF NEW YORK**

**PISTOL/REVOLVER LICENSE APPLICATION**

LICENSE NUMBER

DATE OF ISSUE — MONTH   DAY   YEAR

EXPIRATION DATE — MONTH   DAY   YEAR

LAST NAME    FIRST NAME    MI   MONTH   DAY   YEAR   SEX / DATE OF BIRTH

RESIDENCE ADDRESS    CITY, VILLAGE, TOWN AND STATE IF OTHER THAN NEW YORK    ZIP CODE

HGT (INS)   WGT (LBS)   EYES   HAIR   RACE    SOCIAL SECURITY NUMBER    PRESENT OCCUPATION    CITIZEN OF U.S.A. ☐ YES ☐ NO

EMPLOYED BY    NATURE OF BUSINESS    BUSINESS ADDRESS

**I HEREBY APPLY FOR A PISTOL/REVOLVER LICENSE TO:** (Check one only) ☐ CARRY CONCEALED ☐ * POSSESS ON PREMISES
☐ * POSSESS/CARRY DURING EMPLOYMENT (* Premise address or place of employment must be provided)

STREET ADDRESS OR OTHER LOCATION    CITY, VILLAGE, TOWN    ZIP CODE

**A LICENSE IS REQUIRED FOR THE FOLLOWING REASON:**

**GIVE FOUR CHARACTER REFERENCES WHO BY THEIR SIGNATURE ATTEST TO YOUR GOOD MORAL CHARACTER**

| LAST, FIRST, MI | STREET ADDRESS | CITY, VILLAGE, TOWN | SIGNATURE |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**HAVE YOU EVER BEEN ARRESTED, SUMMONED, CHARGED OR INDICTED ANYWHERE FOR ANY OFFENSE, INCLUDING DWI (EXCEPT TRAFFIC INFRACTIONS)?** ☐ YES ☐ NO   IF YES, FURNISH THE FOLLOWING INFORMATION:

| DATE | POLICE AGENCY | CHARGE | DISPOSITION - COURT AND DATE |
|---|---|---|---|
| | | | |
| | | | |

| | | |
|---|---|---|
| HAVE YOU EVER BEEN TERMINATED/DISCHARGED FROM ANY EMPLOYMENT OR THE ARMED FORCES FOR CAUSE? | ☐ YES | ☐ NO |
| HAVE YOU EVER UNDERGONE TREATMENT FOR ALCOHOLISM OR DRUG USE? | ☐ YES | ☐ NO |
| HAVE YOU EVER SUFFERED ANY MENTAL ILLNESS, OR BEEN CONFINED TO ANY HOSPITAL, PUBLIC OR PRIVATE INSTITUTION, FOR MENTAL ILLNESS? | ☐ YES | ☐ NO |
| HAVE YOU EVER HAD A PISTOL LICENSE, DEALER'S LICENSE, GUNSMITH LICENSE, OR ANY APPLICATION FOR SUCH A LICENSE DISAPPROVED, OR HAD SUCH A LICENSE REVOKED OR CANCELLED? | ☐ YES | ☐ NO |
| DO YOU HAVE ANY PHYSICAL CONDITION WHICH COULD INTERFERE WITH THE SAFE AND PROPER USE OF A HANDGUN? | ☐ YES | ☐ NO |
| HAVE YOU EVER BEEN CHARGED, PETITIONED AGAINST, A RESPONDENT, OR OTHERWISE BEEN A SUBJECT OF A PROCEEDING IN FAMILY COURT? | ☐ YES | ☐ NO |

IF ANSWER TO ANY QUESTION IS YES, EXPLAIN HERE:

**PHOTOGRAPH OF APPLICANT TAKEN WITHIN 30 DAYS**

**FULL FACE ONLY**

**ANY OMISSION OF FACT OR ANY FALSE STATEMENT WILL BE SUFFICIENT CAUSE TO DENY THIS APPLICATION AND CONSTITUTES A CRIME PUNISHABLE BY FINE, IMPRISONMENT, OR BOTH.**

**I AM AWARE THAT THE FOLLOWING CONDITIONS AFFECT ANY LICENSE WHICH MAY BE ISSUED TO ME:**

1. NO LICENSE ISSUED AS A RESULT OF THIS APPLICATION IS VALID IN THE CITY OF NEW YORK.
2. ANY LICENSE ISSUED AS A RESULT OF THIS APPLICATION WILL BE VALID ONLY FOR A PISTOL OR REVOLVER SPECIFICALLY DESCRIBED IN THE LICENSE PROPERLY ISSUED BY THE LICENSING OFFICER.
3. IF I PERMANENTLY CHANGE MY ADDRESS, NOTICE OF SUCH CHANGE AND MY NEW ADDRESS MUST BE FORWARDED TO THE SUPERINTENDENT OF THE STATE POLICE AND IN NASSAU COUNTY AND SUFFOLK COUNTY, TO THE LICENSING OFFICER OF THAT COUNTY WITHIN 10 DAYS OF SUCH CHANGE.
4. ANY LICENSE ISSUED AS A RESULT OF THIS APPLICATION IS SUBJECT TO REVOCATION AT ANY TIME BY THE LICENSING OFFICER OR ANY JUDGE OR JUSTICE OF A COURT OF RECORD.

JURAT:

SIGNED AND SWORN TO BEFORE ME

THIS_____ DAY OF _____, 20 _____

AT _____, NEW YORK

SIGNATURE OF APPLICANT

SIGNATURE OF OFFICER ADMINISTERING OATH

THIS FORM APPROVED BY SUPERINTENDENT OF STATE POLICE AS REQUIRED BY PENAL LAW SECTION 400.00, SUBD.3.

TITLE OF OFFICER

**APPLICATION NOT VALID UNLESS SWORN**

| RIGHT THUMB | 2.   RIGHT FOREFINGER | 3.   RIGHT MIDDLE FINGER | 4.   RIGHT RING FINGER | 5.   RIGHT LITTLE FINGER |
|---|---|---|---|---|
| LEFT THUMB | 7.   LEFT FOREFINGER | 8.   LEFT MIDDLE FINGER | 9.   LEFT RING FINGER | 10.   LEFT LITTLE FINGER |

## PLAIN IMPRESSIONS TAKEN SIMULTANEOUSLY

LEFT FOUR FINGERS

THUMBS TAKEN TOGETHER

RIGHT FOUR FINGERS

IMPRESSIONS TAKEN BY:   NAME                    RANK            SHIELD         DATE

APPLICANT'S SIGNATURE AND ADDRESS:

## INVESTIGATION REPORT  -  ALL INFORMATION PROVIDED BY THIS APPLICANT HAS BEEN VERIFIED:

NAME                              RANK              ORGANIZATION

SIGNATURE OF INVESTIGATING OFFICER

THIS APPLICATION IS   APPROVED - DISAPPROVED  (STRIKE OUT ONE)   THE FOLLOWING RESTRICTION(S) IS (ARE) APPLICABLE TO THIS LICENSE:

TITLE AND SIGNATURE OF LICENSING OFFICER

## IF LICENSING OFFICER AUTHORIZES THE POSSESSION OF A PISTOL OR REVOLVER AT THE TIME OF ISSUE OF ORIGINAL LICENSE, FURNISH THE FOLLOWING INFORMATION:

| MANUFACTURER | PISTOL OR REVOLVER | CALIBER | SERIAL NUMBER | MODEL | PROPERTY OF: |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

DUPLICATE OF THIS APPLICATION MUST BE FILED WITH THE SUPERINTENDENT OF STATE POLICE WITHIN 10 DAYS OF ISSUANCE AS REQUIRED BY PENAL LAW SECTION 400.00 SUBD.5.

| D/O/B_____ | **WESTCHESTER COUNTY** | Westchester County Clerk |
|---|---|---|
| | **TIMOTHY C. IDONI** | Pistol Division |
| NYSID#_____ | **County Clerk** | 110 Dr. Martin Luther King Jr. Blvd. |
| | | White Plains, New York 10601 |

## APPLICATION FOR  AMENDED OR DUPLICATE PISTOL LICENSE

[              ]

**ORIGINAL LICENSE #**

INSTRUCTIONS: Complete form and submit in DUPLICATE to the Westchester County Clerk's Office and include $3.00 for Amendment or $5.00 for duplicate.

| NAME: | STREET: | CITY/VILLAGE/TOWN: |
|---|---|---|

| AGE: | HEIGHT: | WEIGHT: | NOTE: Check box if purchase order is needed  [ ] |
|---|---|---|---|

### CIRCLE APPROPRIATE TRANSACTION (S)

RESIDENCE CHANGE    DISPOSED    ACQUIRED    NAME CHANGE    RESTRICTION CHANGE    TRANSFER

DUPLICATE    SURRENDERED    SUSPENDED    REVOKED    DECEASED    OTHER_____

### I. TO AMEND LICENSE COMPLETE 1 THROUGH 7 WHERE APPROPRIATE

1. NAME _____ PHONE #'s: HOME _____ WORK _____

2. NEW ADDRESS _____

3. THE FOLLOWING WEAPON (S) HAVE BEEN ACQUIRED FROM: NAME _____

   ADDRESS _____

   LICENSE #/DEALER LICENSE #/SHIELD # _____ . IF MORE THAN ONE SELLER, CHECK THIS

   BOX [ ] AND FILL OUT BOX 7 ON THE BACK OF THIS FORM.

| MAKE | REV/AUTO | MODEL | CALIBER | SERIAL # |
|---|---|---|---|---|

4. THE FOLLOWING WEAPON (S) HAVE BEEN DISPOSED TO: NAME _____

   ADDRESS _____

   LICENSE #/DEALER LICENSE #/SHIELD # _____ . IF MORE THAN ONE BUYER, CHECK THIS

   BOX [ ] AND FILL OUT BOX 7 ON THE BACK OF THIS FORM.

| MAKE | REV/AUTO | MODEL | CALIBER | SERIAL # |
|---|---|---|---|---|

5. THE FOLLOWING WEAPON (S) HAVE BEEN: (CIRCLE ONE)    LOST    STOLEN    DESTROYED

   LAW ENFORCEMENT AGENCY REPORTED TO: _____

| MAKE | REV/AUTO | MODEL | CALIBER | SERIAL # |
|---|---|---|---|---|

6. AMEND LICENSE TO: (CIRCLE ONE)    ADD    DELETE    A RESTRICTION

   IF AMENDMENT IS EMPLOYMENT RELATED, STATE THE FOLLOWING: (FOR A BUSINESS, EMPLOYMENT, OR FULL CARRY)
   I AM REQUESTING THAT THE RESTRICTION ON MY LICENSE BE CHANGED TO: _____

| NAME: | STREET: | CITY/VILLAGE/TOWN: |
|---|---|---|

7. NAMES AND ADDRESS' OF BUYERS AND/OR SELLERS (IDENTIFY IF BUYER OR SELLER)

| NAME | ADDRESS | WEAPON SERIAL # |
|------|---------|-----------------|
|      |         |                 |
|      |         |                 |

(A separate list of buyers/sellers must be submitted in triplicate on plain white paper, if there are more than 4 buyers/sellers.)

## II. TO REQUEST A DUPLICATE LICENSE, COMPLETE AFFIDAVIT

STATE OF NEW YORK            }
COUNTY OF WESTCHESTER   }   S.S.
CITY/VILLAGE OF                   }

Full Name _____

Present Occupation _____

Name and Address of Employer _____

_____

Serial number of lost license _____ Date of Issuance _____

Brief statement of circumstances under which permit was lost:

_____

_____

_____

Statement of weapon (s) now in applicant's possession, which are to be registered on license:

| MAKE | REV/AUTO | MODEL | CALIBER | SERIAL # |
|------|----------|-------|---------|----------|
|      |          |       |         |          |

(A separate list of guns must be submitted in triplicate on plain white paper, if applicant possesses more than 3 guns.)

Sworn to before me this _____ day of _____ , 19 _____    _____
                                                                                          Applicant's Signature

_____
Notary Public

## III. TO BE COMPLETED BY ALL APPLICANTS

Have you been arrested for any crime, been a patient at any mental institution, or had an order of protection issued against you since the last license was issued?    (CIRCLE ONE)   YES .   NO .
If yes, give details below:

_____

_____

_____

Date and Place of Birth _____

Foreign Born Citizens Only - Naturalization Certificate Number _____

Date of Issuance _____ Court _____

I SWEAR THAT ALL THE ABOVE FACTS ARE TRUE TO THE BEST OF MY KNOWLEDGE _____
                                                                                          APPLICANT'S SIGNATURE

FOR OFFICE USE ONLY

| AMENDED LICENSE APPROVED ☐  NOT APPROVED ☐ | DATE | COUNTY JUDGE |
|---------------------------------------------|------|--------------|
| DUPLICATE LICENSE APPROVED ☐  NOT APPROVED ☐ |      |              |
| EXPIRATION DATE _____             |      |              |

Revised: 1/12/2005



# WESTCHESTER COUNTY POLICE
## PISTOL LICENSE UNIT

### BACKGROUND INVESTIGATION
### WORKSHEET

| OFFICE USE ONLY |
| --- |
| CASE#:_____ |
| DET:_____ |

**Answer all questions fully and in accordance with the guidelines set forth in the Westchester County Pistol Safety & Information Handbook.  This form and attachments must be notarized.**

## APPLICANT INFORMATION:

Last Name:_____ First Name:_____ M.I._____

Address:_____
　　　　　　　　　　　STREET　　　　　　　　　　CITY　　　　　　　　STATE　　　　　　　　ZIP
　　　　　Note: You <u>must</u> notify the County Clerk <u>within ten (10) days</u> if your residence address changes, with information necessary to change pistol license records (Penal Law 400.00-9).

Birth Date:_____ Sex:_____ Social Security#:_____

Height:_____ Weight:_____ Eye Color:_____ Hair Color:_____

Place of Birth:_____ E-Mail Address:_____

Telephone (Home):_____ (Cell):_____

Driver License #:_____ State:_____

## Marital Status:

☐ Single　　　　　☐ Married　　　　☐ Separated　　　　☐ Divorced　　　　☐ Widowed

## Citizenship:

☐ Citizen by Birth
☐ Naturalized Citizen　　　　　Naturalization Number:_____
☐ Resident Alien　　　　　　　Alien Registration Number:_____

## Previous Address(s):

Address #1:_____
　　　　　　　　STREET　　　　　　　　CITY　　　　STATE　　　FROM　　　　TO

Address #2:_____
　　　　　　　　STREET　　　　　　　　CITY　　　　STATE　　　FROM　　　　TO

## Other Names You Have Been Known By:

Last Name:_____ First Name:_____ M.I._____

Last Name:_____ First Name:_____ M.I._____

**EMPLOYER INFORMATION:**

Employer Name:_____ Occupation:_____

Dates of Employment (From):_____ To:_____

Your Supervisor's Name:_____ Title:_____

Address:_____
STREET                            CITY                              STATE                        ZIP

Telephone (Work):_____ Email (Work):_____

_____

**List The Name & Address of Your Nearest Relative(s) Not Residing with You:**

**Relative #1:**

Last Name:_____ First Name:_____ M.I._____

Address:_____
STREET                            CITY                              STATE                        ZIP

Telephone (Home):_____ Telephone (Alt):_____

**Relative #2:**

Last Name:_____ First Name:_____ M.I._____

Address:_____
STREET                            CITY                              STATE                        ZIP

Telephone (Home):_____ Telephone (Alt):_____

_____

**List The Name & Address of a Responsible Person Who Will Safeguard Firearm(s) In The Event
of Your Death or Disability:**

Last Name:_____ First Name:_____ M.I._____

DOB:_____ Relation to you:_____

Address:_____
STREET                            CITY                              STATE                        ZIP

Telephone (Home):_____ (Work):_____

Telephone (Cell):_____ E-Mail Address:_____

## ANSWER THE FOLLOWING QUESTIONS: YES OR NO

|     |                                                                                                                                                                                                                                                                                                                    | YES | NO |
|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----|----|
| 1.  | Are you engaged in any alternate business enterprise, employment, profession or occupation, other than that which is listed elsewhere on this form?                                                                                                                                                                   | ☐   | ☐  |
| 2.  | Have you ever served in the armed forces of the United States or of any country?                                                                                                                                                                                                                                     | ☐   | ☐  |
| 3.  | Have you ever been <u>discharged from</u> or <u>fired from</u> any employment, or have you ever been the subject of any employment or military related disciplinary action?                                                                                                                                           | ☐   | ☐  |
| 4.  | Have you ever <u>sought or undergone</u> treatment for <u>alcohol or drug use</u>?                                                                                                                                                                                                                                    | ☐   | ☐  |
| 5.  | Do you regularly use medications that may cause drowsiness, impairment or which are classified as a narcotic or as a tranquilizer?                                                                                                                                                                                    | ☐   | ☐  |
| 6.  | Have you ever suffered from, sought treatment for, or been treated for any form of <u>mental illness or depression</u>, or <u>any related disease or condition</u>?                                                                                                                                                   | ☐   | ☐  |
| 7.  | Do you suffer from any physical defect that might interfere with the safe handling of a firearm?                                                                                                                                                                                                                      | ☐   | ☐  |
| 8.  | Have you ever <u>applied for or held</u> a firearm license in New York State or in any other state of the United States or a foreign country?                                                                                                                                                                        | ☐   | ☐  |
| 9.  | Have you ever been <u>arrested for or charged with any crime</u> in any state of the United States or in any foreign country, including cases that were dismissed, sealed, or reduced to a petty offense or to youthful offender status? (if yes, attach a copy of the court disposition and on a separate sheet of paper provide a full explanation of the matter). | ☐   | ☐  |
| 10. | Has an <u>Order of Protection</u> ever been issued by a court against you or on your behalf? (if yes, attach a copy of the order, and on a separate sheet of paper list the court name, date of issuance, complainant's name/ address/ telephone number/ relationship to you & reason for the order).                  | ☐   | ☐  |
| 11. | Have you taken the required firearm safety course, or do you have prior experience with firearm(s)?                                                                                                                                                                                                                   | ☐   | ☐  |

**IF ANY ANSWER IS "YES", FULLY EXPLAIN ON A SEPARATE SHEET OF PAPER. THE PAPER MUST BE DATED, SIGNED AND NOTARIZED:**

_____           _____
APPLICANT NAME (PRINT)                       APPLICANT NAME (SIGNATURE)


STATE OF NEW YORK                )
COUNTY OF WESTCHESTER            )

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____ YEAR_____


_____
SIGNATURE OF NOTARY PUBLIC



# WESTCHESTER COUNTY POLICE
## PISTOL LICENSE UNIT

## ATTACHMENT: FULL CARRY

| OFFICE USE ONLY |
|---|
| CASE#:_____ |
| DET:_____ |

**Answer all questions fully and in accordance with the guidelines set forth in the Pistol Safety & Information Handbook.  This form and attachments must be notarized.**

**APPLICANT INFORMATION:**

Last Name:_____ First Name:_____ M.I._____

Address:_____
STREET                              CITY                         STATE                        ZIP

**Please describe your need for an Unrestricted/ Full Carry firearm license:**

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____                    _____
APPLICANT NAME (PRINT)                            APPLICANT NAME (SIGNATURE)


STATE OF NEW YORK                    )
COUNTY OF WESTCHESTER                 )


SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____ YEAR_____


_____
SIGNATURE OF NOTARY PUBLIC



# WESTCHESTER COUNTY POLICE
## PISTOL LICENSE UNIT

### CHARACTER REFERENCE LETTER

| OFFICE USE ONLY |
| --- |
| CASE# _____ |
| DET:_____ |

**Answer all questions fully and have this form notarized.  If necessary, attach a separate sheet of paper and have it notarized.**

**PISTOL LICENSE APPLICANT INFORMATION:**

Last Name:_____ First Name:_____ M.I._____

Address:_____
STREET                            CITY                     STATE              ZIP

**THIS SECTION TO BE COMPLETED BY THE PERSON PROVIDING THE CHARACTER REFERENCE:**

**PLEASE NOTE:**  All persons completing a character reference on behalf of an applicant <u>may not be related to the applicant</u> by consanguinity (blood or ancestry) or by marriage (in-law) and must have known the applicant for a sufficient period of time to be able to establish the applicant's character and reputation in the community.

**REFEREE INFORMATION:**

Last Name:_____ First Name:_____ M.I._____

Address:_____
STREET                            CITY                     STATE              ZIP

Date of Birth:_____ Social Security Number (last four digits):_____

Telephone (home):_____ Telephone (Work):_____

Occupation:_____ Employer Name:_____

Employer Address:_____
STREET                            CITY                     STATE              ZIP

**In what manner do you know the applicant, and for how long have you known him/ her?**

_____

_____

_____

_____

**What is the applicant's general temperament.  Have you ever known the applicant to engage in aggressive, threatening, violent or bizarre behavior?  If yes, please explain:**

_____

_____


**Have you ever known the applicant to use alcohol excessively or to the point of impairment?  If yes, please explain:**

_____

_____


**Have you ever known the applicant to use drugs illegally or to the point of impairment, or to socialize with persons who do so?  If yes, please explain:**

_____

_____


**Do you know of any contacts that the applicant may have had with the criminal justice system, or of any unfavorable incident(s) in the life of the applicant?  If yes, please explain:**

_____

_____

_____


**What is your overall opinion of the applicant? (Please explain):**

_____

_____


_____          _____
REFEREE NAME (PRINT)                                      REFEREE NAME (SIGNATURE)


STATE OF NEW YORK                              )
COUNTY OF WESTCHESTER               )

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____ YEAR_____


                                        _____
                                        SIGNATURE OF NOTARY PUBLIC

# EXHIBIT C:
# Decision of Judge Cacace (Kachalsky)

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------X

In the Matter of the Application of

Alan N. Kachalsky,

for a pistol permit pursuant to
Penal Law Section 400.00

---------------------------------------------------------------X

```
                                    FILED
                                 AND ENTERED

                              ON  10/8   2008

                               WESTCHESTER
                               COUNTY CLERK
```

DECISION & ORDER

Index No.: 3/2008

CACACE, J.

This Court, in its capacity as handgun licensing officer for the County of Westchester (see Penal Law §265.00(10)) has been presented with the application of Alan N. Kachalsky, 47C Peck Avenue, Rye, New York, for an unrestricted full carry pistol permit. In accordance with the statutory mandate (see Penal Law §400.00 (4)), the Westchester County Department of Public Safety has conducted an investigation of the applicant's background.

In order for the issuance of a license to "have and carry concealed without regard to employment or place of possession by any person," the Court must find "proper cause exists for the issuance thereof." Penal Law §400.00(2)(f).

The Court, in exercising its broad discretion, finds "good cause" for denial of the subject application. Matter of Charles I. Anderson v. Joseph A. Mogavero, Jr. as County Court Judge of Ostego County, 116 AD2d 885.

In support of his request for an unrestricted permit, the applicant has stated that his belief is that the Second Amendment of the United States Constitution entitles him to an unrestricted permit without further establishing "proper cause." He goes on to cite the fact that we live in a world where "sporadic random violence might at any moment place one

in a position where one needs to defend oneself or possibly others.

He has not stated any facts which would demonstrate a need for self protection distinguishable from that of the general public.  The Westchester County Department of Public Safety has forwarded a recommendation that his application be denied.

The Court does not find that the applicant has submitted a persuasive argument justifying the issuance of a "full carry" license.

The State has a substantial and legitimate interest and a grave responsibility for ensuring the safety of the general public.  Licensing officers are vested with broad discretion in determining applications for an unrestricted pistol license, and are required to exercise their judgement on the basis of a total evaluation of relevant factors.   See Fulco v. McGuire, 81 AD2d 509.

Based upon all the facts and circumstances of this application, it is my opinion that proper cause does not exist for the issuance of an unrestricted "full carry" pistol license to be issued to Alan N. Kachalsky.  Accordingly, the application for an unrestricted, full carry pistol permit by Alan N. Kachalsky is denied.

The foregoing constitutes the decision and order of this Court.

Dated: White Plains, New York
      October 8 , 2008

HON. SUSAN CACACE
County Court Judge

2

# EXHIBIT D:
# Decision of Judge Cohen (Nikolov)

COUNTY COURT: WESTCHESTER COUNTY
STATE OF NEW YORK

-------------------------------------------------------------------X

In the Matter of the Application of

**CHRISTINA M. NIKOLOV**

for a Pistol Certification Pursuant to Penal Law § 400.00

-------------------------------------------------------------------X

```
┌─────────────────┐
│     FILED       │
│      AND        │
│    ENTERED      │
│  ON Oct. 2, 2008│
└─────────────────┘
```

**DECISION & ORDER**

JEFFREY A. COHEN, J.:

The applicant, Chritina M. Nikolov, seeks a New York State full carry pistol license. This court, in its capacity as handgun licensing officer for the County of Westchester, *see* Penal Law § 265.00(10), has been presented with the application, which includes, in accordance with Penal Law § 400.00(4), the results of the investigation that the Westchester County Department of Public Safety conducted concerning Ms. Nikolov's background.

The application and investigation reveal, in pertinent part, that the applicant currently possesses a concealed weapon permit with full carry privileges in the State of Florida and that she is a transgender female and that as such according to the National Coalition of Anti-Violence Programs she is far more likely to be a victim of violent crime than a genetic female. In addition the applicant states that "[t]hese hate crimes are increasing locally as well as nationwide" and she appended a list of hundreds of crimes against people in similar circumstances from around the world. *See* attachment to Form WCPD-126H. Conspicuously absent, however, is the report of any type of threat to her own safety anywhere.

Under these circumstances, and notwithstanding her accomplishments and

unblemished record, it cannot be said that the applicant has demonstrated that she has a special need for self-protection distinguishable from that of the general public; therefore, her application for a firearm license for a full carry permit must be denied.  *See, e.g., In re Application of Ferrara v Safir*, 282 AD2d 383 (1st Dept 2001)(denial of license proper as petitioner failed to show that his position as the chief executive officer of a body-guard business for movie stars places him in extraordinary personal danger, or other special need for self-protection distinguishable from that of the general community); *In re Application of Kaplan v Bratton*,  249 AD2d 199 (1st Dept 1998)(denial of license upheld as petitioner's general allegations about her work hours and location were insufficient to show an extraordinary threat to her safety); *In the Matter of Bastiani*, 23 Misc3d 235 (Co. Ct Rockland Co. 2008)(applicant for a full carry pistol permit did not demonstrate a special need for self-protection distinguishable from that of the general community, even though on two occasions she assertedly feared for her personal safety in public places.)

The foregoing opinion shall constitute the decision and order of the court.

Enter.

Dated: OCT. 1, 2009
White Plains, NY

_____
County Court Judge
HON. JEFFREY A. COHEN

TO:   Christina M. Nikolov
      10 Franklin Avenue
      White Plains, NY 10601

# EXHIBIT E:
# Decision of Judge Lorenzo (Detmer)

**SUPREME COURT OF THE STATE OF NEW YORK**

RICHARD J. DARONCO
WESTCHESTER COUNTY COURTHOUSE
111 DR. MARTIN LUTHER KING, JR, BOULEVARD
WHITE PLAINS, NEW YORK 10601
(914) 824-5403
FAX: (914) 995-8651



CHAMBERS OF
ALBERT LORENZO
JUSTICE

September 27, 2010

Mr. Eric R. Detmer
321 Fenimore Road
Mamaroneck, New York  10543

Dear Mr. Detmer:

      Please be advised that I am in receipt of your application to amend your pistol permit from target shooting to full carry.  At this time, I see no justification for a full carry permit.  Accordingly, I have disapproved your application.

Very truly yours,

Albert Lorenzo
Acting Supreme Court Justice

AL:lg

# EXHIBIT F:
# Decision of Judge Holdman (Nance)

05-266

FILED
AND
ENTERED

ON 4|10 20 10
WESTCHESTER
COUNTY CLERK

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X

In the Matter of the Application of                    DECISION

Johnnie Nance,

                    Petitioner,

For an amendment to his New York State Pistol Permit.

-------------------------------------------------------------------X

Robert K. Holdman, J.


        The following papers were read upon Petitioner's application in the above

captioned proceeding:


        Johnnie Nance's Application                          1

        Department of Public Safety Report and Attachments        2


        The applicant, Johnnie Nance, has submitted an application to Westchester

County to amend his New York State Pistol License (#104518) to delete target shooting

and to add full carry.   The applicant also seeks the addition of one firearm and the

deletion of one firearm to his license.  The petitioner currently has a restricted license to

carry for sport target shooting issued in the County of Westchester on April 30, 2009.

The petitioner requested an amendment for a fully carry to this license because of his

desire to use his NRA Instructor Safety Certifications to promote safe gun handling at

various locations.

1

The issuance of a pistol permit for self protection has recently been held by the United States Supreme Court to be a right protected by the Second Amendment of the United States Constitution:

> There seems to us no doubt, on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms. District of Columbia v. Heller, 554 U.S. ____(2008); Slip op @ page 22.

However, in so holding the Supreme Court also recognized that the Second Amendment should not be "read...to protect the right of citizens to carry arms for any sort of confrontation." (Id). The individual right to bear arms is limited:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19[th] Century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. [citations omitted]. For example, the majority of 19th Century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Slip. Op. Supra at 54.

Putting aside the question of whether the Second Amendment "individual" right to bear arms is in fact extended to the states as a fundamental right, an issue not addressed by the Supreme Court, it is clear that even if that be the case, a regulatory scheme would not run afoul of the Courts' holding. Id, pages 53-56 and footnote 26 (where the court set forth several examples of reasonable restrictions on the right to keep and carry a weapon).   In striking down the District of Columbia statute as "a ban on handgun possession in the home" and thereby violative of the Second Amendment, the Supreme Court went on to hold:

2

> The Constitution leaves the District of Columbia a variety of
> tools for combating [handgun violence], including some
> measures regulating handguns. Id. at page 64.

Therefore, those charged with the duty to oversee handgun licensing, such as this Court, must, in the opinion of this Court, recognize and honor the right while at the same time recognizing the limits to the right to bear arms under the Second Amendment to the United States Constitution.

The burden of establishing "proper cause" for the issuance of a full-carry permit is upon the applicant to establish "a special need for self-protection distinguishable from that of the general community or of persons engaged in the same profession." Kaplan v. Brattan 249 A.D.2d 199 at 201, op. cit. Matter of Klenosky v. New York City Police Department 75 A.D.2d 793, affd'. 53 NY2d 685. However, Mr. Nance fails to demonstrate any concern for his safety and certainly did not distinguish himself from almost any other citizen. The Court received a report from the Westchester County Department of Public Safety, indicating that "the necessary proper cause for the issuance of a firearm license for the purpose of Full Carry has not been met by the applicant." The applicant has not provided the court with any information that he faces any danger of any kind that would necessitate the issuance of a full carry firearm license; or has not demonstrated a need for self-protection distinguishable from that of the general public or of other persons similarly situated. The Department recommends that the applicant's amendment to his New York State Pistol License be disapproved.

Penal Law section 400.00(2)(f) requires a showing of "proper cause" prior to the issuance of a carry-concealed permit as requested by the petitioner in this matter. However, the petitioner failed to demonstrate "proper cause." Kachalsky v. Cacace, 65

A.D.3d 1045 (2nd Dept. 2009); *Hecht v. Bivona*, 11 A.D.3d 614 (2nd Dept. 2004); *Milo v. Kelly*, 211 A.D.3d 488 (1st Dept. 1995).

In sum, the applicant has not shown sufficient circumstances to distinguish his need from those of countless others, nor has he demonstrated a specific need for self protection distinguishable from that of the general community or of persons engaged in the same business or profession. Accordingly, the petitioner's application to amend his New York State Pistol License (#104519) is denied but the application to add one firearm and to delete one firearm to the license is approved.

This constitutes the decision and order of this Court.

Dated:    September 9, 2010
          White Plains, New York

-----------------------------------------------
Hon. Robert K. Holdman, JSC

4

# EXHIBIT G:
# Decision of Judge Holdman
# (Marcucci-Nance)

05-267

FILED
AND
ENTERED·
ON 9/10 2010
WESTCHESTER
COUNTY CLERK

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------X
In the Matter of the Application of                              DECISION

Anna L. Marcucci-Nance,

                    Petitioner,

For an amendment to her New York State Pistol Permit.

-------------------------------------------------------------X

Robert K. Holdman, J.


        The following papers were read upon Petitioner's application in the above

captioned proceeding:


        Anna Marcucci-Nance's Application                        1

        Department of Public Safety Report and Attachments       2


        The applicant, Anna Marcucci-Nance, has submitted an application to

Westchester County to amend her New York State Pistol License (#104519) to delete

target shooting and to add full carry.   The applicant also seeks the addition of one

firearm and the deletion of one firearm to her license.   The petitioner currently has a

restricted license to carry for sport target shooting issued in the County of Westchester

on April 30, 2009.   The petitioner requested an amendment for a fully carry to this

license because of her desire to use her NRA Instructor Safety Certifications to promote

safe gun handling at various locations.


1

The issuance of a pistol permit for self protection has recently been held by the United States Supreme Court to be a right protected by the Second Amendment of the United States Constitution:

> There seems to us no doubt, on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms. District of Columbia v. Heller,  554 U.S. ____(2008); Slip op @ page 22.

However, in so holding the Supreme Court also recognized that the Second Amendment should not be "read...to protect the right of citizens to carry arms for any sort of confrontation." (Id).  The individual right to bear arms is limited:

> Like most rights, the right secured by the Second Amendment is not unlimited.  From Blackstone through the 19th Century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. [citations omitted].  For example, the majority of 19th Century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Slip. Op. Supra at 54.

Putting aside the question of whether the Second Amendment "individual" right to bear arms is in fact extended to the states as a fundamental right, an issue not addressed by the Supreme Court, it is clear that even if that be the case, a regulatory scheme would not run afoul of the Courts' holding. Id, pages 53-56 and footnote 26 (where the court set forth several examples of reasonable restrictions on the right to keep and carry a weapon).   In striking down the District of Columbia statute as "a ban on handgun possession in the home" and thereby  violative of the Second Amendment, the Supreme Court went on to hold:

2

> The Constitution leaves the District of Columbia a variety of tools for combating [handgun violence], including some measures regulating handguns. Id. at page 64.

Therefore, those charged with the duty to oversee handgun licensing, such as this Court, must, in the opinion of this Court, recognize and honor the right while at the same time recognizing the limits to the right to bear arms under the Second Amendment to the United States Constitution.

The burden of establishing "proper cause" for the issuance of a full-carry permit is upon the applicant to establish "a special need for self-protection distinguishable from that of the general community or of persons engaged in the same profession." Kaplan v. Brattan 249 A.D.2d 199 at 201, op. cit. Matter of Klenosky v. New York City Police Department 75 A.D.2d 793, affd'. 53 NY2d 685.  However, Ms. Marcucci-Nance fails to demonstrate any concern for her safety and certainly did not distinguish herself from almost any other citizen.  The Court received a report from the Westchester County Department of Public Safety, indicating that "the necessary proper cause for the issuance of a firearm license for the purpose of Full Carry has not been met by the applicant."  The applicant has not provided the court with any information that she faces any danger of any kind that would necessitate the issuance of a full carry firearm license; or has not demonstrated a need for self-protection distinguishable from that of the general public or of other persons similarly situated.  The Department recommends that the applicant's amendment to his New York State Pistol License be disapproved.

Penal Law section 400.00(2)(f) requires a showing of "proper cause" prior to the issuance of a carry-concealed permit as requested by the petitioner in this matter. However, the petitioner failed to demonstrate "proper cause." Kachalsky v. Cacace, 65

3

A.D.3d 1045 (2nd Dept. 2009); *Hecht v. Bivona*, 11 A.D.3d 614 (2nd Dept. 2004); *Milo v. Kelly*, 211 A.D.3d 488 (1st Dept. 1995).

In sum, the applicant has not shown sufficient circumstances to distinguish her need from those of countless others, nor has she demonstrated a specific need for self protection distinguishable from that of the general community or of persons engaged in the same business or profession.  Accordingly, the petitioner's application to amend her New York State Pistol License (#104519) is denied but the application to add one firearm and to delete one firearm to the license is approved.

This constitutes the decision and order of this Court.


Dated:      September 9, 2010
            White Plains, New York

                                        _____
                                        Hon. Robert K. Holdman, JSC