UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Alan Kachalsky, Christina Nikolov, Eric Detmer,
Johnnie Nance, Anna Marcucci-Nance,
and Second Amendment Foundation, Inc.,

                Plaintiffs,        **Civil Action Number:**
                                                         **10-cv-5413**
-against-

                                                        **(Hon. Cathy Seibel)**

Susan Cacace, Jeffrey A. Cohen,
Albert Lorenzo, Robert K. Holdman
and County of Westchester,

                Defendants.
-----------------------------------------------------------X

## DECLARATION OF THE HONORABLE ROBERT K. HOLDMAN

The undersigned declares under penalty of perjury and in accordance with 28 U.S.C. §1746 as follows:

1.    I am a Defendant herein and submit this declaration in support of the State Defendants' Cross-Motion for Summary Judgment and in opposition to the Plaintiffs' Motion for Summary Judgment based on my personal knowledge.

2.    I currently serve as a Justice of the Supreme Court of the State of New York, Bronx County. Previously, I served as a Justice of the Supreme Court of the State of New York, Westchester County ("Westchester"). I served in this capacity since June, 2005. Pursuant to New York State Penal Law § 265.00 (10) one of my duties as a Supreme Court Justice in Westchester, was to act as a Westchester County handgun licensing officer. As such, I am familiar with the practices and procedures regarding the application for, and issuance of, pistol, or handgun, permits in Westchester. As pertains to this controversy, I rendered two (2) decisions, both dated September 9, 2010 denying

the applications of plaintiffs Johnnie Nance ("Nance"), and Anna L. Marcucci-Nance ("Marcucci-Nance") to amend, or change, their current pistol licenses which permit target shooting to "full carry" permits. Each applicant also sought to amend their permits to add one firearm and delete one firearm from their licenses, each of which was granted.

3. In my role as a handgun licensing officer, I am presented with a packet of materials, including the application and the applicant's supporting documents; the results of any and all criminal and mental health background checks performed by the Department of Public Safety for Westchester, who, pursuant to Penal Law § 400.00 (4) is charged with investigating an applicant's background and application statements; and the recommendations of the various levels of the Department of Public Safety. The materials I reviewed in connection with Nance's application are annexed to the Declaration of Anthony J. Tomari, ("Tomari Decl.") as Exhibit I. The materials I reviewed in connection with Marcucci-Nance's application are annexed to the Tomari Decl. as Exhibit J.

4. After reviewing the materials related to Mr. Nance's application, I issued a decision dated September 9, 2010, denying his application to amend his license from target shooting to a full carry, but approving the application to add one firearm and delete one firearm. A copy of my September 9, 2010 Decision pertaining to Nance is annexed to the Tomari Aff as Exhibit Q.

5. As I noted in my September 9, 2010 Decision, "those charged with the duty to oversee handgun licensing . . .must . . . recognize and honor the right while at the same time recognizing the limits to the right to bear arms under the Second Amendment".

6. My September 9, 2010 Decision further finds that "[t]he burden of establishing 'proper cause' for the issuance of a full-carry permit is upon the applicant to establish a 'special need for self-protection distinguishable from that of the general community or of persons engaged in the same profession' ".

7. Upon reviewing Mr. Nance's application materials, I found that he had "not provided the court with any information that he faces any danger of any kind that would necessitate the issuance of a full carry firearm license; or [had] demonstrated a need for self-protection distinguishable from that of the general public or of other persons similarly situated". I thus denied his application to amend his license from target shooting to "full carry".

8. The process and reasoning was exactly the same for Marcucci-Nance. As I noted in the September 9, 2010 Decision denying her application to amend her pistol permit from target shooting to "full carry", she, too, failed to provide "the court with any information that she faces any danger of any kind that would necessitate the issuance of a full carry firearm license; nor [had she] demonstrated a need for self-protection distinguishable from that of the general public or of other persons similarly situated". In fact, neither Mr. Nance nor Ms. Marcucci-Nance indicated that they wanted full-carry license for any self-defense purposes. Instead, the only reason either provided for a full-carry license was the need to carry handguns in connection with handgun training courses. A copy of my September 9, 2010 Decision pertaining to Marcucci-Nance is annexed to the Tomari Decl. as Exhibit R.

9. Therefore, as with Nance's application, and for all the same reasons, I denied Marcucci-Nance's application to amend her pistol permit from target shooting to a

3

"full carry" license. However, as with Nance, I did approve the amendment to the original license noting the deletion of one firearm and adding one firearm.

10. Rendering the two (2) decisions pertaining to plaintiff Nance and plaintiff Marcucci-Nance, both dated September 10, 2010, was my only involvement in this controversy.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 20, 2011
White Plains, New York

ROBERT K. HOLDMAN