UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Alan Kachalsky, Christina Nikolov, Eric Detmer,
Johnnie Nance, Anna Marcucci-Nance,
and Second Amendment Foundation, Inc.,

               Plaintiffs,                       Civil Action Number:
                                                            10-cv-5413
-against-

                                                            (Hon. Cathy Seibel)

Susan Cacace, Jeffrey A. Cohen,
Albert Lorenzo, Robert K. Holdman
and County of Westchester,

               Defendants.
-------------------------------------------------------------X

## DECLARATION OF ANTHONY J. TOMARI

The undersigned declares under penalty of perjury and in accordance with 28 U.S.C. §1746 as follows:

1.     I am an Assistant Attorney General in the office of New York State Attorney General Eric T. Schneiderman, and counsel of record for Defendants Susan Cacace, Jeffrey A. Cohen, Albert Lorenzo and Robert K. Holdman (State Defendants). I make this declaration in support of the State Defendants' Cross-Motion for Summary Judgment and in opposition to the Plaintiffs' Motion for Summary Judgment for the purpose of providing certain documents referenced in the State Defendants' summary judgment papers and accompanying declarations.

2.     A true and accurate copy of Plaintiffs' First Amended Complaint is annexed hereto as Exhibit A.

3.     A true and accurate copy of an application form for a pistol permit for Westchester County is annexed hereto as Exhibit B as is more fully described in the Declaration of Bruce Bellom, and referenced in that declaration.

1

4. A true and accurate copy of the "Character Reference Letter" form used in Westchester County for a license application for a "full carry" license is annexed hereto as Exhibit C as is more fully described in the Declaration of Bruce Bellom, and referenced in that declaration.

5. A true and accurate copy of the "Attachment: Full Carry" form used in Westchester County for a license application for a "full carry" license is annexed hereto as Exhibit D as is more fully described in the Declaration of Bruce Bellom, and referenced in that declaration.

6. A true and accurate copy of the "Application for Amended or Duplicate Pistol License" form used in Westchester County is annexed hereto as Exhibit E as is more fully described in the Declaration of Bruce Bellom, and referenced in that declaration.

7. A true and accurate copy of the license application investigative file for Plaintiff Alan Kachalsky is annexed hereto as Exhibit F as is more fully described in the Declaration of Bruce Bellom, and referenced in that declaration.

8. A true and accurate copy of the license application investigative file for Plaintiff Christina Nikolov is annexed hereto as Exhibit G as is more fully described in the Declaration of Bruce Bellom, and referenced in that declaration.

9. A true and accurate copy of the license application investigative file for Plaintiff Eric Detmer is annexed hereto as Exhibit H as is more fully described in the Declaration of Bruce Bellom, and referenced in that declaration.

10. A true and accurate copy of the license application investigative file for Plaintiff Johnnie Nance is annexed hereto as Exhibit I as is more fully described in the Declaration of Bruce Bellom, and referenced in that declaration.

11. A true and accurate copy of the license application investigative file for Plaintiff Anna Marcucci-Nance is annexed hereto as Exhibit J as is more fully described in the Declaration of Bruce Bellom, and referenced in that declaration

12. The October 8, 2008 Order and Decision by State Defendant Cacace on the license application for Plaintiff Kachalsky is annexed hereto as Exhibit K as is more fully described in the Declaration of the Honorable Susan Cacace, and referenced in that declaration.

13. Plaintiff Kachalsky's Article 78 Petition to the Appellate Division, Second Department is annexed hereto as Exhibit L.

14. The Answer and Affirmation in Opposition to the Article 78 Petition is annexed hereto as Exhibit M.

15. Plaintiff Kachalsky's letter dated November 27, 2009 to the Court of Appeals setting forth his comments as to why the Court of Appeals should "retain subject matter jurisdiction" of his case, is annexed hereto as Exhibit N.

16. The October 2, 2008 Decision by State Defendant Cohen on the license application for Plaintiff Nikolov is annexed hereto as Exhibit O as is more fully described in the Declaration of the Honorable Jeffrey A. Cohen, and referenced in that declaration.

17. The September 27, 2010 letter by State Defendant Lorenzo on the license application for Plaintiff Detmer is annexed hereto as Exhibit "P" as is more fully described in the Declaration of the Honorable Albert Lorenzo, and referenced in that declaration.

18. The September 9, 2010 Decision by State Defendant Holdman on the license application for Plaintiff Nance is annexed hereto as Exhibit "Q" as is more fully described in the Declaration of the Honorable Robert K. Holdman, and referenced in that declaration.

19. The September 9, 2010 Decision by State Defendant Holdman on the license application for Plaintiff Marcucci-Nance is annexed hereto as Exhibit "R" as is more fully described in the Declaration of the Honorable Robert K. Holdman, and referenced in that declaration.

20. The Sullivan Law, first enacted as an amendment to the New York Penal Law on May 25th, 1911, is the first New York state statute that regulates the carrying of handguns by requiring a license in order to carry concealed handguns in public. A true and accurate copy of Laws of New York, Chapter 195, §1897 (1911) is attached hereto as Exhibit S(1).

21. A true and accurate copy of the 1911 New York Times article "Revolver Killings Fast Increasing: Legislative Measure to be Urged For Curbing the Sale of Firearms" is attached hereto as Exhibit S(2).

22. A true and accurate copy of the 1911 New York Tribune article "Increase in Homicides: Argument in Favor of Anti-Dangerous Weapon Bill" is attached hereto as Exhibit S(3).

23. A true and accurate copy of the 1911 New York Times "Topics of the Times" is attached hereto as Exhibit S(4).

24. A true and accurate copy of the 1911 New York Tribune article "Calls Bill Life Saver: Weston says Sullivan's Will Prevent 50 Homicides Here a Year" is attached hereto as Exhibit S(5).

25. A true and accurate copy of the 1911 New York Times article "The New Pistol Law: Senator Pollock from First-Hand knowledge Explains its Purpose" is attached hereto as Exhibit S(6).

26. A true and accurate copy of the Laws of New York, Chapter 608, §1897 (1913) is attached hereto as Exhibit S(7).

27. A true and accurate copy of the Laws of New York, Chapter 297, §1897 (1921) is attached hereto as Exhibit S(8).

28. A true and accurate copy of the 1962 Report of the New York State Joint Legislative Committee on Firearms and Ammunition is attached hereto as Exhibit S(9).

29. A true and accurate copy of the 1963 Report of the New York State Joint Legislative Committee on Firearms and Ammunition is attached hereto as Exhibit S(10).

30. A true and accurate copy of the 1963 Report of the New York State Legislative Annual is attached hereto as Exhibit S(11).

31. A true and accurate copy of the Laws of New York, Chapter 136, §1903 (1963) is attached hereto as Exhibit S(12).

32. A true and accurate copy of the 1965 Report of the New York State Joint Legislative Committee on Firearms and Ammunition is attached hereto as Exhibit S(13).

33. A true and accurate copy of the 1987 New York Senate Debate on Senate Bill 3409 is attached hereto as Exhibit S(14).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 26, 2011

_____
Anthony L. Tomari