**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

Alan Kachalsky, Christina Nikolov, Eric Detmer,   :
Johnnie Nance, Anna Marcucci-Nance,   :
and  Second Amendment Foundation, Inc.,   :
                                        :
                Plaintiffs,   : **Civil Action Number: 10-cv-5413**
                                        : **(Hon. Cathy Seibel)**
         -against-   :
                                        :
Susan Cacace, Jeffrey A. Cohen,   :
Albert Lorenzo, Robert K. Holdman   :
and County of Westchester,   :
                                        :
               Defendants.   :
-----------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF STATE DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT


                                       ERIC T. SCHNEIDERMAN
                                         Attorney General of the
                                          State of New York
                                         Attorney for the State Defendants
                                         120 Broadway, 24th  Floor
                                         New York, NY 10271
                                         (212) 416-8965/8553


MONICA CONNELL
ANTHONY J. TOMARI
Assistant Attorneys General
 of Counsel

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

Preliminary Statement............................................................................................................ 1

ARGUMENT .......................................................................................................................... 2

POINT I        PENAL LAW §400.00(2)(f) IS CONSTITUTIONAL................................. 2

    A. There is No Second Amendment Right to Carry
       Concealed Weapons in Public ................................................................................ 2

    B. Section 400.00(2)(f) Does Not Ban Carrying Concealed Handguns in Public....... 4

POINT II       SECTION 400.00(2)(f) SURVIVES CONSTITUTIONAL SCRUTINY .. 5

    A. Section 400.00(2)(f) is Constitutional Under Any Heightened Scrutiny............... 5

    B. Plaintiffs' Arguments Regarding the Applicability of First Amendment
       Jurisprudence to the Second Amendment are Inherently Contradictory and
       Without Support................................................................................................... 8

       1.    The Doctrine of Prior Restraint Is Inapplicable .......................................... 8

       2.    Intermediate Scrutiny Is Applicable in Second Amendment Challenges.... 9

POINT III      PLAINTIFFS HAVE NO EQUAL PROTECTION CLAIM ................... 10

CONCLUSION...................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                        **Page**

Brown v. Bd. of Ed.,
   347 U.S. 483 (1954)............................................................................................................... 6

Davis v. State of New York,
   316 F.3d 93 (2d Cir. 2002) ................................................................................................. 4

DiSanto v. Kelly,
   22 A.D.3d 357 (1st Dep't 2005)......................................................................................... 5

District of Columbia v. Heller,
   554 U.S. 570, 128 S.Ct. 2783 (2008)........................................................................ passim

Goldstein v. Brown,
   189 A.D.2d 649 (1st Dep't 1993)....................................................................................... 5

Grutter v. Bollinger,
   539 U.S. 306 (2003)............................................................................................................ 6

Hastings Christian Fellowship v. Martinez,
   130 S.Ct. 2971 (2010)........................................................................................................ 7

Heller v. District of Columbia,
   698 F.Supp.2d 179 (D.D.C. March 26, 2010) ............................................................ 4, 6, 9

McDonald v. City of Chicago,
   __ U.S. __ , 130 S.Ct. 3020 (2010)................................................................................ 2, 3

Maryland v. Wilson,
   519 U.S. 408 (1997)............................................................................................................ 6

Muller v. Oregon,
   208 U.S. 412 (1908)............................................................................................................ 6

Novick v. Hillery,
   183 A.D.2d 1007 (3rd Dep't 1992) ................................................................................... 6

People v. Yarbrough,
   169 Cal.App.4th 303 (2008) .............................................................................................. 7

People v. Nivar,
   2011 WL 148743 (Sup.Ct. Bx Cty. January 13, 2011)...................................................... 4

Peruta v. County of San Diego,
  2010 WL 5137137 (S.D.Cal. December 10, 2010) ........................................................ 7, 10

Renton v. Playtime Theatres,
  475 U.S. 41 (1986)........................................................................................................... 6

Shapiro v. Cawley,
  46 A.D.2d 633 (1st Dep't 1974)....................................................................................... 6

Simon & Schuster, Inc. v. N.Y.S. Criminal Victims Board,
  502 U.S. 105 (1991)........................................................................................................ 10

U.S. v. Bledsoe,
  2008 WL 3538717 (W.D. Tex. Aug. 8, 2008).................................................................. 6

U.S. v. Marzzarella,
  614 F.3d 85 (3rd Cir. 2010) .............................................................................................. 8

U.S. v. Quattrone,
  402 F.3d 304 (2d Cir. 2005) ............................................................................................. 8

U.S. v. Schultz,
  2009 WL 35225 (N.D. Ind. Jan. 5, 2009) ......................................................................... 7

U.S. v. Skoien,
  614 F.3d 638 (7th Cir. 2010) ........................................................................................... 6

U.S. v. Tooley,
  2010 WL 2380878 (S.D. W. Va. Jun. 14, 2010) ............................................................. 6

U.S. v. Walker,
  709 F.Supp.2d 460 (E.D. Va. 2010) ............................................................................. 4, 9

United States v. Chester,
  -- F.3d --, 2010 WL 5396069 (4th Cir. 2010)................................................................... 8

United States v. Miller,
  307 U.S. 174 (1939)......................................................................................................... 3

United States v. Miller,
  604 F. Supp. 2d 1162 (W.D.Tenn 2009) .......................................................................... 9

Weinstock v. Columbia Univ.,
  224 F.3d 33 (2d Cir. 2000), cert. denied, 540 U.S. 811 (2003)......................................... 4

Williams v. State,
  --- A.3d ---, 2011 WL 13746 (Md. 2011) ........................................................................ 4

Wilson v. Cook Co.,
-- N.E. 2d --, 2011 WL 488753 (Ill. App. February 9, 2011) ................................. 3, 4, 9, 10

**United States Constitution**

First Amendment .............................................................................................................. 6, 8, 9
Second Amendment............................................................................................................. passim
Fourteenth Amendment ........................................................................................................... 11

**State Statutes**

New York Penal Law § 400.00(2)(f) ................................................................................. passim

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF STATE DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

### Preliminary Statement

The Hon. Susan Cacace, the Hon. Jeffrey A. Cohen, the Hon. Albert Lorenzo, and the Hon. Robert K. Holdman ("State Defendants") submit this reply memorandum in further support of their motion for summary judgment. State Defendants have cross-moved for summary judgment on the grounds that Penal Law § 400.00(2)(f) does not violate or even implicate the Second Amendment. Even if this Court were to be the first to hold that the Second Amendment protects the right to carry concealed handguns in public, § 400.00(2)(f) would survive any level of scrutiny and likewise survives Plaintiffs' equal protection challenge.

Plaintiffs concede that the Defendants must prevail if the Second Amendment does not create a constitutional right to carry handguns in public. See Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment and in Reply to Defendants' Opposition to Plaintiffs' Summary Judgment Motion ("Pls. Opp.") at p. 12. Plaintiffs argue, however, that there is an absolute right for all "law-abiding" citizens to carry handguns in public no matter the State's compelling interests in promoting health and safety in public areas. Plaintiffs cite no case recognizing such a right.

Accordingly, the State Defendants' motion for summary judgment should be granted because there are no genuine issues of material fact in dispute, and the State Defendants are entitled to judgment as a matter of law.

## ARGUMENT

## POINT I

### PENAL LAW §400.00(2)(f) IS CONSTITUTIONAL

Plaintiffs admit that: (1) "the right to carry a gun is not unlimited"; (2) the "carrying of concealed handguns may be banned"; and (3) that the state "has a legitimate interest in regulating handguns " (Pls. Opp. pp. 1, 4; Plaintiff's Statement of Material Disputed Facts "Pls. Disp. Facts" at ¶¶ 82, 84). Plaintiffs nevertheless argue that District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783 (2008) creates a fundamental right to carry concealed handguns in public. They further argue that § 400.00(2)(f) is a functional ban on that "fundamental right", and is therefore, unconstitutional. (Pls. Opp. p. 1; Pls. Disp. Facts ¶ 11). But nothing in Heller, McDonald v. City of Chicago, __ U.S. __ , 130 S.Ct. 3020 (2010), or any of the cases that have followed, recognizes a right to carry concealed handguns in public, and § 400.00(2)(f) is clearly not a handgun ban. Accordingly, this Court should reject Plaintiffs' Second Amendment challenge.

**A.** **There is No Second Amendment Right to Carry**
**Concealed Weapons in Public.**

Plaintiffs cite no post-Heller case recognizing the "right" they assert and ignore the substantial body of contrary post-Heller cases cited by the State Defendants. Instead, Plaintiffs rely on language in Heller to argue that the term "bear arms" means that they have a fundamental right to carry concealed handguns for self-defense outside the home. (Pls. Opp. p. 3). Plaintiffs' argument is fundamentally flawed. The portion of Heller upon which they rely merely analyzed whether the term "bear arms" limited the Second Amendment right to a collective right to possess firearms in connection with militias (as opposed to an individual right) and concluded that it did not. 128 S.Ct. at 2790-95

- 2 -

("These provisions demonstrate again that "bear arms" was not limited to the carrying of arms in a militia"); id. at 2799 ("There seems to us no doubt, on the basis of both text and history that the Second Amendment conferred an individual right to keep and bear arms"). The passage had nothing to do with public possession of a weapon.

Nothing in Heller creates a fundamental right to carry handguns outside the home. To the contrary, the actual holding is far more narrow and was limited to recognizing a right of self-defense in the home: "In sum, we hold that the District's ban on handgun possession in the *home* violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the *home* operable for the purpose of immediate self-defense". Id. at 2821-22 (emphasis added); see also id. at 2817-18 (emphasis added) ("banning from the *home* 'the most preferred firearm in the nation to 'keep' and use for protection of one's *home* and family' would fail constitutional muster).[1]

Nor do Plaintiffs take any notice of subsequent case law underscoring the limited right identified in Heller and the presumptive lawfulness of longstanding regulations. (Memorandum in Support of State Defendants' Cross-Motion for Summary Judgment and In Opposition to Plaintiffs' Motion for Summary Judgment ("State Def. Mem.") pp. 12-19). The core Second Amendment right recognized in Heller permits citizens to possess handguns in their home for self-defense, unless they are otherwise disqualified from doing so. See Wilson v. Cook Co., -- N.E. 2d --, 2011 WL 488753 *5 (Ill. App. February

---

[1] The Plaintiffs cite only two other cases on this point, neither of which supports their argument. They cite in passing to McDonald. However, the Supreme Court there expressly limited its holding to incorporating the "right recognized in Heller" which it defined as "the right to possess a handgun in the home for the purpose of self-defense" and did not broaden the scope of the right or "cast doubt" on "longstanding regulatory measures." Id. at 3047, 3050. Plaintiffs also misplace reliance upon United States v. Miller, 307 U.S. 174 (1939) which rejected a constitutional challenge to the National Firearms Act, holding that absent evidence showing that a sawed-off shotgun banned by the Act was necessary for the preservation of a well-regulated militia, a Second Amendment challenge to an indictment for transport of the shotgun would fail. Miller does not establish a Second Amendment right to carry handguns in public.

9, 2011). That right is not implicated here.

**B.** **Section 400.00(2)(f) Does Not Ban Carrying Concealed Handguns in Public.**

Even if carrying handguns outside the home were a fundamental right, Plaintiffs concede that the state can regulate or even ban the possession of concealed weapons in public. (Pls. Opp. p. 4) Yet Plaintiffs maintain that § 400.00(2)(f) is an impermissible ban. (Pls. Opp. p. 1; Pls. Disp. Facts ¶ 11). They are wrong.

Penal Law § 400.00(2)(f) is not a ban. It clearly provides for the issuance of licenses to carry concealed handguns, and Plaintiffs' contrary assertions are baseless.[2] (Pls. Opp. pp. 1; Pls. Disp. Facts ¶ 11). Indeed, the uncontroverted evidence shows that the State issues a substantial number of handgun licenses every year, and, in fact, three Plaintiffs in this action already have limited concealed carry licenses. (State Defendants' Local Rule 56.1 Statement at ¶¶ 23, 40, 46, 54).

In sum, because § 400.00(2)(f) neither implicates a "core" Second Amendment right nor effects a ban on handguns, the constitutional inquiry should end here. See Heller v. District of Columbia, 698 F.Supp.2d 179, 187-88 (D.D.C. 2010)("Heller II"); U.S. v. Walker, 709 F.Supp.2d 460 (E.D. Va. 2010); Williams v. State, --- A.3d ---, 2011 WL 13746, at *8 (Md. 2011); Wilson v. Cook Co., supra, 2011 WL 488753 *7. See also People v. Nivar, 2011 WL 148743 at *3 (Sup.Ct. Bx Cty. January 13, 2011) ("Accordingly, on their face, Penal Law §§ 265.01 (1) and 400.00 are constitutional and do not run afoul of Heller").

---

[2] Unsupported, conclusory allegations are not sufficient to defeat summary judgment, a party must adduce sufficient, admissible evidence to support their claims. See, e.g., Weinstock v. Columbia Univ., 224 F.3d 33, 40-42 (2d Cir. 2000), cert. denied, 540 U.S. 811 (2003); Davis v. State of New York, 316 F.3d 93, 100 (2d Cir. 2002).

- 4 -

## POINT II

### SECTION 400.00(2)(f) SURVIVES CONSTITUTIONAL SCRUTINY.

A.      **Section 400.00(2)(f) is Constitutional Under Any Heightened Scrutiny.**

Plaintiffs recognize the State's compelling public safety interest in regulating firearms. They must to maintain any semblance of credibility. Trying to overcome this fact, Plaintiffs press the fiction that § 400(2)(f) is a ban (an "abolition" rather than permissible "regulation") and insist that it fails both strict and intermediate scrutiny because "a complete ban on the carrying of handguns is unconstitutional." (Pls. Opp. p. 1). Their argument collapses for several reasons.

To start, § 400.00(2)(f) does not place "absolute" and unbridled authority in the hands of officials who, Plaintiffs allege, "oppose the carrying of handguns".[3] (Pls. Opp. pp. 1, 12; Pls. Disp. Facts ¶ 11). The law balances the State's compelling interest in preventing handgun violence while "preserv[ing] the legitimate interests of individual liberty" by permitting the issuance of licenses where a need for self-defense is established. (State Def. 56.1 Statement ¶ 69 (1962 Report of the New York State Joint Legislative Committee on Firearms and Ammunition, Tomari Decl. Exhibit S (9)). Furthermore, New York State licensing officials do not have absolute discretion. Courts routinely review and will reverse erroneous gun licensing decisions. See, e.g., DiSanto v. Kelly, 22 A.D.3d 357 (1st Dep't 2005) (Technical violation of notification procedure did not provide basis for denying handgun carry license); Goldstein v. Brown, 189 A.D.2d 649 (1st Dep't 1993)(Denial of license despite proof of threats was arbitrary and

---

[3]   Plaintiffs' argument that the licensing scheme at issue here is unlawful because it vests excess discretion in licensing officials is directly contradictory to their assertion that the "proper cause" requirement has been clearly defined and "strictly" applied. See First Amended Complaint ¶ 25; Plaintiffs' Statement of Undisputed Facts, ¶¶ 8, 11.

capricious); Shapiro v. Cawley, 46 A.D.2d 633 (1st Dep't 1974); Novick v. Hillery, 183 A.D.2d 1007 (3rd Dep't 1992).

Additionally, Plaintiffs fail to rebut the State's showing that § 400.00(2)(f) is adequately tailored to advance a compelling State interest. (State Def. Mem. pp. 19-32). Plaintiffs dismiss the relevance of social science, statistical and other evidence in constitutional cases, arguing that only "the words of the Constitution, as understood by those who framed and ratified it" should be considered. (Pls. Opp. p. 7). Plaintiffs are misguided.

The Supreme Court has recognized the importance of social science and empirical evidence in analyzing the constitutionality of restrictions on protected rights. See, e.g., Grutter v. Bollinger, 539 U.S. 306, 308, 332-335 (2003) (Relying upon social science and empirical authority in rejecting equal protection challenge); Maryland v. Wilson, 519 U.S. 408, 413 (1997)(Relying upon statistics in Fourth Amendment case); Renton v. Playtime Theatres, 475 U.S. 41, 46, 51 (1986)(First Amendment case analyzing secondary effects of adult theaters on surrounding community); Brown v. Bd. of Ed., 347 U.S. 483, 494-495 (1954) (citing reports, surveys and articles on the psychological effects of enforced segregation in holding that "[s]eparate educational facilities are inherently unequal."); Muller v. Oregon, 208 U.S. 412 (1908) (citing the famous Brandeis brief to uphold state restrictions on the working hours of women as justified by the special state interest in protecting women's health). Empirical evidence has played no less important a role in the Second Amendment context. See, e.g., U.S. v. Skoien, 614 F.3d 638, 643-44 (7th Cir. 2010) (en banc); U.S. v. Tooley, 2010 WL 2380878, *13-14 (S.D. W. Va. Jun. 14, 2010); Heller II, 698 F. Supp. 2d 179; U.S. v. Bledsoe, 2008 WL 3538717, *4 (W.D.

Tex. Aug. 8, 2008).

For example, the Second Amendment does not include exceptions for possession by felons or by the mentally ill, yet courts have considered a range of extrinsic evidence to uphold such measures. See, e.g., U.S. v. Schultz, 2009 WL 35225, *5 (N.D. Ind. Jan. 5, 2009). Such evidence is relevant here to show the State's interests and how § 400.00 (2)(f) furthers those interests.[4] The handgun is particularly subject to misuse and is linked to criminal violence. The increased presence of firearms in public spaces presents heightened and substantial risks to others and presents particular threats to law enforcement personnel. Plaintiffs' failure to dispute the State's evidence is fatal to their assertion that the statute is unconstitutional. (State Def. Rule 56.1 Statement ¶¶ 78-91; State Defs. Mem. pp. 26-31); Peruta v. County of San Diego, 2010 WL 5137137 at *8 (S.D.Cal. December 10, 2010)[5]; People v. Yarbrough, 169 Cal.App.4th 303, 314 (2008).

Under Plaintiffs' argument, they have an unfettered right to carry handguns in public no matter the countervailing public safety concern or state interest. See, e.g., Pls. MSJ Mem. p. 18 ("The desire for self-defense, regardless of Defendants' opinions on the subject, is all the 'proper cause' required of Plaintiffs by the Second Amendment to carry a firearm."). Plaintiffs' vision of an absolute right is wholly incompatible with Heller's express acknowledgement of the presumptive legality of longstanding gun regulations,

---

[4] Furthermore, State Defendants need not demonstrate that their methodology is the only way to accomplish the goal or that it is the most effective. It is enough that the State has chosen a method it reasonably believes will help achieve its goal. It need not be "the most reasonable or only reasonable limitation". See Hastings Christian Fellowship v. Martinez, 130 S.Ct. 2971, 2992 (2010) (Upholding law school requirement that groups seeking official recognition, must be open to "all comers"); Peruta v. County of San Diego, 2010 WL 5137137 at *8 ("Under intermediate scrutiny, Defendants policy need not be perfect, only reasonably related to a 'significant', 'substantial' or 'important' government interest"). In this regard, plaintiff's reliance on statutes of other states that, through their democratic legislative process have decided to regulate concealed handguns in a manner different than here, is of no consequence.
[5] Contrary to Plaintiffs' suggestion, Pls. Opp, p 14, Peruta's upholding of California's "good cause" requirement was not premised on the availability of open-carry there, but was the result of that court's analysis of the scope of Heller.

- 7 -

even regulations affecting the possession of guns in the home. 128 S.Ct. at 2816-17.

**B.      Plaintiffs' Arguments Regarding the Applicability of First Amendment Jurisprudence to the Second Amendment are Inherently Contradictory and Without Support.**

        In contradictory fashion, Plaintiffs argue that First Amendment jurisprudence is applicable to the Second Amendment, including the doctrine of prior restraint. But when First Amendment principals do not suit their purposes, they are quick to reject them. Plaintiffs cannot have it both ways.

        1.      The Doctrine of Prior Restraint Is Inapplicable.

        In asserting that the prior restraint doctrine is applicable to invalidate § 400.00(2)(f), Plaintiffs have mischaracterized the holdings of the cases they cite. Plaintiffs assert that "Defendants exercise unlawfully excessive licensing discretion" over a "fundamental right" which fails "basic prior restraint principles". (Pls. Opp. p. 9). But the cases that they cite only suggest that First Amendment jurisprudence may offer "guidance" or "inform" the development of an applicable standard of review in Second Amendment cases.[6] See, e.g., United States v. Chester, 628 F.3d 673, 682 (4th Cir. 2010) (Looking to "the First Amendment as a guide in developing a *standard of review* for the Second Amendment.")(emphasis added); U.S. v. Marzzarella, 614 F.3d 85, 97 (3rd Cir. 2010)("While we recognize the First Amendment is a useful tool in interpreting the Second Amendment, we are also cognizant that the precise standards of scrutiny and how

---

[6] Plaintiffs cite no authority to support their assertion that the handgun regulation at issue in this case may be assessed under the law of prior restraints. Instead they advance the unique argument that "[t]here is no reason why prior restraint principles would not apply in a Second Amendment case." It bears repeating that "prior restraint" refers to speech suppressed based upon its content. U.S. v. Quattrone, 402 F.3d 304, 309-10 (2d Cir. 2005). Plaintiffs wholly fail to establish how a content based restriction can apply to concealed firearms and their tortuous misreading of the cases they cite can be seen in their attempt to minimize the impact of Judge Davis's concurrence in Chester by referring to it as a dissent (Pls. Opp. p.10), while ignoring his express criticism of the application of First Amendment doctrine to Second Amendment cases. Chester, 628 F.3d at 686-690 (Davis, J., concurring).

they apply may differ under the Second Amendment."). In fact, strict application of the prior restraint doctrine here is inconsistent with the Supreme Court's recognition that certain classes of people can be barred from exercising their Second Amendment right, even in their homes, that certain weapons can legally be banned, and that the right is subject to various longstanding regulations and limitations. Heller, 128 S.Ct. 2816-17.[7] (State Def. Mem. p. 36-39). To date, no court has applied the law of prior restraint to Second Amendment challenges. See Wilson v. Cook County, supra, 2011 WL 488753 *12. (Rejecting First Amendment over-breadth doctrine in context of Second Amendment claim); State Def. Mem. pp. 36-39.

2.    Intermediate Scrutiny Is Applicable in Second Amendment Challenges.

At once Plaintiffs argue that "the First Amendment framework should be imported into the Second Amendment analysis", Pls. Opp. p. 9, but then argue that intermediate scrutiny - a settled standard in First Amendment cases - is really only another form of rational basis review, and is "toothless".[8] The vast majority of courts that have considered the Second Amendment after Heller have applied intermediate scrutiny. (State Def. Mem. pp. 21-22). The recent decision in Wilson v. Cook Co., supra, 2011 WL 488753 *6, reviews the law in this regard, finds that intermediate scrutiny is the test

___

[7] Indeed, the Heller Court expressly endorsed what plaintiffs now would label a prior restraint by qualifying its order to grant a license to an individual "not disqualified from the exercise of Second Amendment rights." Heller, 128 S.Ct. 2822 ("Assuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must permit him to register his handgun"). Clearly the Supreme Court did not believe the prior restraint doctrine to be appropriate in this context. Plaintiffs fail to explain this gaping hole in their First Amendment analogy. Nor do plaintiffs attempt to rebut defendants' argument that nearly all firearms regulations that have been upheld by courts would be presumptively invalid under their prior restraint approach in violation of Heller. (State Def. Mem. p. 39).

[8] Plaintiffs are simply wrong when they state that intermediate scrutiny has only been applied "where the Second Amendment's core was not implicated." Pls. Opp. p. 11; see Heller II, 698 F.Supp.2d at 188; U.S. v. Walker, 709 F.Supp.2d 460 (E.D. Va. 2010)(Intermediate scrutiny applied to defendant's possession of hunting gun in the home); United States v. Miller, 604 F. Supp. 2d 1162 (W.D.Tenn 2009)(intermediate scrutiny applied to uphold penal statute relating to possession in the home by a felon).

- 9 -

best suited to Second Amendment analysis, and has been overwhelmingly applied in such cases. Plaintiffs cite no authority for their proposition that intermediate scrutiny amounts to a balancing test that <u>Heller</u> specifically forbade, (Pls. Opp. pp. 10-12), and it should thus be rejected by this Court.

## POINT III

### PLAINTIFFS HAVE NO EQUAL PROTECTION CLAIM

In asserting their dubious equal protection claim, Plaintiffs argue that the "'proper cause' and 'moral character' requirements of § 400.00(2)(f) arbitrarily classify individuals in the exercise of a fundamental right by disadvantaging the class of people who cannot show . . . a heightened 'need' for the exercise of their right".[9] Pls. Opp. pp. 10-11.

The purpose of the equal protection clause is to prevent "government decision-makers from treating differently person who are in all relevant respects alike". <u>Wilson v. Cook County</u>, supra, 2011 WL 488753 *13 (dismissing equal protection challenge to gun ordinance); <u>Peruta</u> supra, 2010 WL 5137137 at *9. Plaintiffs are unable to show how they are part of a suspect classification. Furthermore, to the extent their argument is premised upon the deprivation of a fundamental constitutional right, it is merely redundant of their primary argument, that the Second Amendment extends beyond the home, and fails for the same reasons as that argument. (State Def. Mem. pp. 39-40); <u>Peruta</u>, 2010 WL 5137137 at *8.[10]

---

[9] Plaintiffs mention the "good moral character" provision for the first time in their summary judgment briefing. There is no mention of it in Plaintiffs' Complaint, First Amended Complaint or in any of the license denial decisions. Plaintiffs allege that they were denied unrestricted licenses because of a failure to meet the "proper cause" standard. <u>See, e.g.</u>, Am. Compl. ¶¶ 25, 26, 30, 37. With no factual basis in which to consider the "good moral character" requirement, Plaintiffs' lack standing to challenge the provision, which is entirely irrelevant to this action.

[10] Plaintiffs' reference to <u>Simon & Schuster, Inc. v. N.Y.S. Criminal Victims Board</u>, 502 U.S. 105, 120 (1991), Pls. Opp. p. 12 does not further their arguments. That case was a First Amendment challenge involving content-based restrictions. There is no analogy between such a content-based speech restriction

## CONCLUSION

For the reasons set forth herein as well as those in the State Defendants' initial

summary judgment submissions, State Defendants' motion for summary judgment should

be granted, and the Court should declare that New York Penal Law 400.00(2)(f) does not

violate the Second or Fourteenth Amendments.

Dated: New York, New York
      February 23, 2011

Respectfully submitted,

ERIC T. SCHNEIDERMAN
Attorney General of the
State of New York
Attorney for the State Defendants
By:

MONICA CONNELL
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-8965

ANTHONY J. TOMARI
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-8553

and a uniformly applied requirement to receive a full-carry handgun permit.