UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALAN KACHALSKY, CHRISTINA NIKOLOV, ERIC
DETMER, JOHNNIE NANCE, ANNA MARCUCCI-
NANCE, and SECOND AMENDMENT
FOUNDATION, INC.,

                    Plaintiffs,

-against-

SUSAN CACACE, JEFFREY A. COHEN, ALBERT
LORENZO, ROBERT K. HOLDMAN, and COUNTY
OF WESTCHESTER,

                    Defendants.
------------------------------------------------------------x

Case No.: 10 CV 05413 (CS)

ECF Case

MEMORANDUM OF LAW IN RESPONSE TO THE *AMICUS* BRIEF FILED BY
WESTCHESTER COUNTY FIREARMS ASSOCIATION & ADJUNCT PROFESSORS OF
ADVANCED CONSTITUTIONAL LAW, AND THE *AMICUS* BRIEF FILED BY
ACADEMICS FOR THE SECOND AMENDMENT & LI SECOND AMENDMENT
PRESERVATION FOUNDATION ASSOCIATION

                  Westchester County Attorney
                  ROBERT F. MEEHAN
                  Attorney for Defendant County of Westchester
                  148 Martine Avenue, 6th Floor
                  White Plains, New York 10601

Melissa-Jean Rotini (MR-4948)
Assistant County Attorney, Of Counsel

## PRELIMINARY STATEMENT

Defendant County of Westchester (the "County") respectfully submits this Memorandum of Law in response to the *amicus* brief filed by the Westchester County Firearms Association and the Adjunct Professors of Advanced Constitutional Law (the "Professors' Brief") and the *amicus* brief filed by the Academics for the Second Amendment and the LI Second Amendment Preservation Foundation Association (the "LI Brief").

## ARGUMENT

"The responsibility for determining whether an applicant has demonstrated proper cause is entrusted to the discretion of the licensing official." *See Bernstein v. Police Dep't of New York*, 85 A.D.2d 574, 445 N.Y.S.2d 716 (1st Dep't 1981)(internal citations omitted). In the geographical area of Westchester County, the licensing officials are the "judges or justices… of a court of record…", not the County. *See* Penal Law ("PL") §265.00(10). The County does not have the authority to issue pistol permit licenses. *See* PL §400.00(1).

The County is bound to act in accordance with the current State Law, but can agree with one theme throughout both *amicus* briefs: the County has no involvement in the issue at hand. Conspicuously absent from both *amicus* briefs is any mention of any County involvement in the alleged rights deprivations. Neither brief provide any support to the Plaintiffs' claims that the County has any control or ability to amend, alter, rescind, or otherwise provide pistol licenses or changes to the law at issue. Furthermore, it is not unreasonable that the County would comply with the State Law, as there is no clearly established Constitutional right for a full carry pistol permit license. "*Heller* did not endorse a right to carry weapons outside the home. Nor has the Court done so in its more recent decision in *McDonald*." *Mack v. The United States*, --- A.2d. --,

1

Case No.: 08-CF-603, pg. 23 (D.C. November 4, 2010); referencing *District of Columbia v. Heller*, 554 U.S. 570 (2008).

## THE PROFESSORS' BRIEF

The Professors' Brief correctly notes that the law at issue is a State Law, and makes no mention of the County having any involvement in the determinations at issue in this matter. *See* Professors' Brief, pg. 6 ("State's ability to [enact the law at issue]") and pgs. 7 and 11 ("New York's statutory scheme").

However, the Professors' Brief fails to correctly recite the underlying facts as they pertain to Plaintiffs, making blanket statements about proper cause and fitness to carry a pistol. *See* Professors' Brief, pg. 4. For example, the Professors' Brief asserts that "it appears [the Plaintiffs] even lack any prior arrests", which is misleading with respect to Plaintiff Kachalsky. *Id.*; and *see* State Defendants Appendix of Supporting Materials to its Cross-Motion for Summary Judgment Volume II of III, Exhibit 7, Plaintiff Kachalsky's Pistol Permit License Application wherein he states he was charged with Attempted Assault in the 2nd and Obstructing Government Administration, *inter alia*, but plead the charges down to a Vehicle and Traffic Infraction. It is assumptions and blanket statements such as this that highlight the danger of replacing one's judgment with the determination of a licensing officer, here a Judge, that reviewed a complete application before rendering a decision.

The Professors' Brief further states that the reasons Plaintiffs were denied licenses, each of which is different and factually based, evidence that the State Law at issue "effectively den[ies] virtually all applicants their constitutional right to self-defense." *See* Professors' Brief, pg. 4. This statement is meritless. Indeed, the Westchester County Firearms Owners

2

Association, one of the parties to the brief, which self-reports having "15,000 members and affiliate gun owner members, mainly Westchester County residents" no doubt has members that are permitted pistol holders, evidencing that the State Law at issue is not so restrictive so as to act as a bar to pistol ownership within the County. *See* Professors' Brief, pg. 1.

Finally, the Professors' Brief seeks relief not requested in the Complaint, requesting that the Court determine that the general desire to possess a concealed pistol at all times constitutes proper cause. *See* Professors' Brief, pg. 9. As this relief is not requested in the Complaint, it would be improper for the Court to consider.

## THE LI BRIEF

As with the Professors' Brief, the LI Brief correctly omits any reference to involvement of the County in the issues at hand. It does, however, make multiple and repeated reference to the process, historical and current, in New York City—a process which, by State Law, is different than the one used in Westchester County. *See generally* PL §400.00. This distinction is relevant and important because "[l]icensing officer means in the city of New York the police commissioner of that city." *See* PL §265.00(10). However, in the geographical location of Westchester County, "a judge or justice of a court of record having his office in the county of issuance" is the licensing officers, and the County can not issue a pistol permit license. *See* PL §265.00(10) and §400.00(1), respectively.

3

## THE *AMICI* BRIEFS DO NOT DISPUTE THAT THE COUNTY'S MOTION TO DISMISS SHOULD BE GRANTED

As the County has repeatedly pointed out, and with which the *amici* briefs agree, the law at issue is a State Law. The County, as a political subdivision of the State, must act in accordance with State Law. This requirement can only be overcome where there exists a clear violation of rights, of which there is none in this matter as the case law merely establishes a Constitutional right to self-defense in the home. *See Heller* and *McDonald, supra.* The decision in *Heller*, as made applicable to the several states by the decision in *McDonald*, was limited in that it held unconstitutional "the absolute prohibition of handguns held and used for self-defense in the home" *Heller, supra* at 2822.

Further, the licenses Plaintiffs seek to have issued can only be issued by a licensing officer, and the State employs the licensing officers. *See* PL §265.00(10); PL §400.00(1); and *Bernstein v. Police Dep't of New York*, 85 A.D.2d 574, 445 N.Y.S.2d 716 (1st Dep't 1981) ("The responsibility for determining whether an applicant has demonstrated proper cause is entrusted to the discretion of the licensing official." (internal citations omitted)). The County clearly has no involvement in this matter.

The *amici* briefs discussed herein add nothing substantive to the matter, and support the position that the County is not involved in the alleged constitutional violation. Each and every allegation plead, or possible based upon the facts set forth in the Amended Complaint, is against the State of New York, and there is no allegation that Plaintiffs were deprived of any right by the County.

## CONCLUSION

Based upon the foregoing, the County of Westchester respectfully requests that its Motion to Dismiss be granted in its entirety and that the Amended Complaint be dismissed with prejudice and for such other and further relief as to this Court may deem just and proper. Should the motion be denied, the County requests that it be allowed thirty (30) days from the date of entry of such an order to answer the Amended Complaint.

Dated: White Plains, New York  
       March 10, 2011

ROBERT F. MEEHAN  
Westchester County Attorney  
By:

_____  
Melissa-Jean Rotini (MR-4948)  
Assistant County Attorney, of Counsel  
148 Martine Avenue, 6th Floor  
White Plains, New York 10601  
914-995-3630

5