IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | | |
|---|---|---|
| ALAN KACHALSKY, et al., | : | Case No. 10-CV-05413-CS |
| | : | |
| Plaintiffs, | : | NOTICE OF NEWLY DECIDED AUTHORITY |
| | : | |
| v. | : | |
| | : | |
| SUSAN CACACE, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| -------------------------------------------------------X | | |

NOTICE OF NEWLY DECIDED AUTHORITY

TO THE HONORABLE COURT AND ALL PARTIES, please take notice that on March 7, 2011, the Supreme Court decided *Skinner* v. *Switzer*, U.S. Supreme Ct. No. 09-9000, 2011 U.S. LEXIS 1905.

In *Skinner*, the petitioner filed a Section 1983 claim challenging the constitutionality of a state statute that barred him access to DNA testing of criminal trial evidence. The state respondent argued that Skinner's claim was foreclosed by the *Rooker-Feldman* doctrine, apparently because Skinner had unsuccessfully invoked the challenged statute.

The Supreme Court rejected the defense:

> Skinner does not challenge the adverse [Criminal Court of Appeals] decisions themselves; instead, he targets as unconstitutional the Texas statute they authoritatively construed. As the Court explained in *Feldman*, and reiterated in *Exxon*, a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action. Skinner's federal case falls within the latter category. There was, therefore, no lack of subject-matter jurisdiction over Skinner's federal suit.

*Skinner*, 2011 U.S. LEXIS 1905 at *21 (citations and footnotes omitted).

*Skinner* disposes of the *Rooker-Feldman* defense in this case. As the petitioner in *Skinner*, Plaintiff Kachalsky does not claim that the state courts have misapplied the challenged provision, but rather, Kachalsky challenges the constitutionality of the provision itself. As *Skinner* demonstrates, this is clearly not a case that falls within the parameters of the *Rooker-Feldman* doctrine.

| Dated: March 21, 2011 | Respectfully submitted, |
|---|---|
| Alan Gura* <br> Gura & Possessky, PLLC <br> 101 N. Columbus Street, Suite 405 <br> Alexandria, VA 22314 <br> 703.835.9085/Fax 703.997.7665 <br> Lead Counsel <br> *Admitted Pro Hac Vice | Vincent Gelardi <br> Gelardi & Randazzo <br> 800 Westchester Avenue, Suite S-608 <br> Rye Brook, NY 10573 <br> 914.251.0603/Fax 914.253.0909 <br> Local Counsel |

By: /s/ Alan Gura
 Alan Gura

Attorneys for Plaintiffs