

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

KENT T. STAUFFER
EXECUTIVE DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

JUNE DUFFY
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

April 29, 2011

**By Facsimile Transmission - (914) 390-4278**

Hon. Cathy Seibel
United States District Court Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/2011

Re: Alan Kachalsky, et al. v. Susan Cacace, et al.
10 CV 5413 (CS)

Dear Judge Seibel:

This office represents Susan Cacace Jeffrey A. Cohen, Albert Lorenzo and Robert K. Holdman, (collectively "State Defendants"), in this litigation. The State Defendants write to inform the Court of a decision issued by the New York State Appellate Division, Second Department, on April 19, 2011 in People v. Hughes, 2009-07374, 2011 WL 1498601. A copy is attached for your convenience. People v. Hughes is the most recent authority regarding how the New York State courts have interpreted the scope of the Second Amendment right recognized in District of Coulmbia v. Heller, 554 U.S. 570 (2008) and McDonald v. City of Chicago, 130 S.Ct. 3020 (2010).

Thank you for your attention to this matter. All parties will receive a copy of this letter simultaneously by electronic mail.

Very truly yours,

Anthony J. Tomari
Assistant Attorney General

120 BROADWAY, NEW YORK N.Y. 10271-0332 • PHONE (212) 416-8610 • FAX (212) 416-6075 *NOT FOR SERVICE OF PAPERS
HTTP://WWW.AG.NY.GOV

Page 2

Copy:
Melissa-Jean Rotini, Esq.
Assistant County Attorney, Of Counsel
Westchester County Attorney's Office
Attorneys for Defendant County of Westchester
Michaelian Office Building
148 Martine Avenue, 6th Floor
White Plains, New York 10601
T: 914-995-3630
F: 914-995-3132

Vincent Gelardi
Gelardi & Randazzo
Attorneys For Plaintiffs
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
T: (914)-251-9603
F: 914-253-0909

Alan Gura, Esq.
Gura & Possessky, PLLC
Attorneys for Plaintiff
101 N. Columbus Street, Suite 405
Alexandria, Virginia 22314
T: (703) 835-9085
F: (703) 997-7665

Westlaw.

Page 1

--- N.Y.S.2d ----, 2011 WL 1498601 (N.Y.A.D. 2 Dept.), 2011 N.Y. Slip Op. 03262
(Cite as: 2011 WL 1498601 (N.Y.A.D. 2 Dept.))

Supreme Court, Appellate Division, Second Department, New York.
The PEOPLE, etc., respondent,
v.
Franklin HUGHES, appellant.

April 19, 2011.

**Background:** Defendant was convicted in a nonjury trial in the County Court, Nassau County, Peck, J., of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and he appealed.

**Holding:** The Supreme Court, Appellate Division, held that statutes criminalizing possession of a weapon by a person previously convicted of a crime did not violate Second Amendment or Civil Rights Law.

Affirmed.

West Headnotes

[1] Criminal Law 110 $\Longleftarrow$ 0

110 Criminal Law
Defendant preserved for appellate review argument that second- and third-degree criminal possession of a weapon statutes violated Second Amendment to United States Constitution and Civil Rights Law, where argument was raised in defendant's post-verdict motion to set aside verdict. U.S.C.A. Const.Amend. 2; McKinney's Civil Rights Law § 4; McKinney's Penal Law §§ 265.02(1), 265.03(3); McKinney's CPL § 330.30.

[2] Criminal Law 110 $\Longleftarrow$ 0

110 Criminal Law
Statutes relating to criminal possession of weapon by person previously convicted of crime, and possession of loaded firearm outside person's home or place of business, did not effect complete ban on handguns, and thus were not overbroad in violation of Second Amendment or state civil rights law; statutes represented policy determination by Legislature that illegal weapon was more dangerous in convicted criminal's hands than in possession of novice to criminal justice system, and "crime," for purposes of statute, was misdemeanor or felony and did not encompass lesser matters such as traffic violations. U.S.C.A. Const.Amend. 2; McKinney's Civil Rights Law § 4; McKinney's Penal Law §§ 265.02(1), 265.03(3).

Michael A. Fiechter, Bellmore, N.Y., for appellant.

Kathleen M. Rice, District Attorney, Mineola, N.Y. (Yael V. Levy and Richard R. Martell of counsel), for respondent.

JOSEPH COVELLO, J.P., DANIEL D. ANGIOLILLO, THOMAS A. DICKERSON, and SHERI S. ROMAN, JJ.

*1 Appeal by the defendant from a judgment of the County Court, Nassau County (Peck, J.), rendered July 8, 2009, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

ORDERED that the judgment is affirmed.

[1] The defendant asserts that his convictions of criminal possession of a weapon in the second degree (see Penal Law § 265.03[3] ), and criminal possession of a weapon in the third degree (see Penal Law § 265.02[1] ), must be reversed because the statutes under which he was convicted violate the United States Constitution as well as Civil Rights Law § 4. Contrary to the People's contention, under the particular circumstances of this case, the defendant properly preserved his constitutional challenges for appellate review by raising them in his post-verdict motion pursuant to CPL 330.30 (cf.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- N.Y.S.2d ----, 2011 WL 1498601 (N.Y.A.D. 2 Dept.), 2011 N.Y. Slip Op. 03262
(Cite as: 2011 WL 1498601 (N.Y.A.D. 2 Dept.))

*People v. Gibian*, 76 A.D.3d 583, 587, 907 N.Y.S.2d 226; *see generally People v. Padro*, 75 N.Y.2d 820, 552 N.Y.S.2d 555, 551 N.E.2d 1233).

The defendant correctly observes that, in *District of Columbia v. Heller* (554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637), the Supreme Court of the United States (hereinafter the Supreme Court) held that the Second Amendment to the United States Constitution confers a constitutionally protected individual right to keep and bear arms for self-defense in the home. Moreover, the Supreme Court has held that this Second Amendment right is "fully applicable to the States" ( *McDonald v. City of Chicago*, ---- U.S. ----, ----, 130 S.Ct. 3020, 3026, 177 L.Ed.2d 894). However, the rights conferred under the Second Amendment are not unlimited (*see District of Columbia v. Heller*, 554 U.S. at 626). For example, the Supreme Court stated in *Heller* that nothing in that opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms" (*id.* at 626–627).

[2] Here, the challenged statutes are Penal Law §§ 265.02(1) and 265.03(3). Penal Law § 265.02(1) provides that "[a] person is guilty of criminal possession of a weapon in the third degree when ... [s]uch person commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three or five of § 265.01, and has been previously convicted of any crime" ( Penal Law § 265.02[1] ). Penal Law § 265.03(3) provides that "[a] person is guilty of criminal possession of a weapon in the second degree when ... such person possesses any loaded firearm. Such possession shall not, except as provided in subdivision one or seven of section 265.02 of this article, constitute a violation of this subdivision if such possession takes place in such person's home or place of business" (Penal Law § 265.03[3] ). Thus, these sections, as relevant here, criminalize the possession of a firearm (*see* Penal Law § 265.02[1] ) or a loaded firearm (*see* Penal Law § 265.03[3] ), even in the home, where the defendant has previously been convicted of "any crime." Critically, this is not an absolute ban on the possession of firearms. We agree with the Appellate Division, Third Department, that, "[u]nlike the statute at issue in *Heller*, Penal Law article 265 does not effect a complete ban on handguns and is, therefore, not a 'severe restriction' improperly infringing upon defendant's Second Amendment rights" ( *People v. Perkins*, 62 A.D.3d 1160, 1161, 880 N.Y.S.2d 209). Instead, as relevant to the discussion here, the statutes represent a policy determination by the Legislature that "an illegal weapon is more dangerous in the hands of a convicted criminal than in the possession of a novice to the criminal justice system" ( *People v. Montilla*, 10 N.Y.3d 663, 666, 862 N.Y.S.2d 11, 891 N.E.2d 1175). We also note that the Penal Law defines a "crime" as "a misdemeanor or a felony" (Penal Law § 10.00[6] ) and, thus, lesser matters such as violations and traffic infractions do not fall within the ambit of the challenged statutes. Contrary to the defendant's contention, we conclude that this statutory scheme is not unconstitutionally overbroad merely because it restricts the Second Amendment and Civil Rights Law § 4 rights of those who have been convicted of "any crime." Rather, this statutory scheme is consistent with the Supreme Court's determination in *Heller* that, although individuals may have the constitutional right to bear arms in the home for self-defense, this right is not unlimited and may properly be subject to certain prohibitions (*see District of Columbia v. Heller*, 554 U.S. at 626). Accordingly, the challenged statutes do not violate the Second Amendment or Civil Rights Law § 4, and they are not unconstitutionally overbroad.

*2 The defendant's contentions raised in Points II, V, and VI in his brief are without merit. His contentions raised in Point III of his brief are unpreserved for appellate review.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- N.Y.S.2d ----, 2011 WL 1498601 (N.Y.A.D. 2 Dept.), 2011 N.Y. Slip Op. 03262
**(Cite as: 2011 WL 1498601 (N.Y.A.D. 2 Dept.))**

N.Y.A.D. 2 Dept.,2011.
People v. Hughes
--- N.Y.S.2d ----, 2011 WL 1498601 (N.Y.A.D. 2 Dept.), 2011 N.Y. Slip Op. 03262

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
ERIC T. SCHNEIDERMAN

# FACSIMILE TRANSMISSION
6

**DATE:** April 29, 2011     **NUMBER OF PAGES:** 6 (INCLUDING THIS PAGE)

**TO:** Hon. Judge Seibel     **FAX NO:** (914) 390-4278

**FROM:** Anthony Tomari, Assistant Attorney General

**ATTN:**

| IF THERE IS A PROBLEM WITH THIS TRANSMISSION, PLEASE CONTACT |
|---|
| NAME: Anthony J. Tomari, Assistant Attorney General |
| PHONE NO.(212) 416-8553    FAX NO. (212-) 416-6075  E-Mail: Anthony.Tomari@ag.ny.gov |

**CONFIDENTIAL**

The information contained in this facsimile is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this is strictly prohibited.

*IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE. THANK YOU.*
120 BROADWAY, NEW YORK, NY 10271-0332

OAG 007 (12/98)